IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DOLORES LOZANO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 6:16-CV-403-RP |
| | § | |
| BAYLOR UNIVERSITY, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court in the above-entitled action are Plaintiff's Motion for Reconsideration, (Dkt. 25); Defendant's Motion to Dismiss First Amended Complaint, (Dkt. 29); Plaintiff's Motion to Stay, (Dkt. 42); and Plaintiff's Motion for Leave to File a Second Amended Complaint, (Dkt. 46). Having reviewed the filings, the case file, and applicable law, the Court enters the following order.

**I. BACKGROUND**

Plaintiff Dolores Lozano ("Plaintiff") filed suit against Defendants Baylor University ("Baylor") and the Baylor University Board of Regents ("the Board of Regents") (collectively, "Defendants") on October 11, 2016. (Compl., Dkt. 1). Plaintiff's initial complaint alleged violations of Title IX of the Education Amendments Act of 1972 ("Title IX"), 20 U.S.C. § 1681, *et seq.*, as well as the Texas common law doctrines of negligence and gross negligence. (*Id.* ¶ 7, 9). Those claims stemmed from multiple alleged assaults of Plaintiff by Devin Chafin, then a student-athlete and member of Baylor's football team. (*Id.* ¶¶ 13–63).

Baylor filed a motion to dismiss, (Dkt. 5), and Plaintiff filed a motion for leave to amend her complaint to include a claim under the Texas common law doctrine of negligent hiring, retention, training, and supervision. (Prop. Am. Compl., Dkt. 16). After considering both motions, the Court granted Baylor's motion to dismiss with respect to Plaintiff's Title IX, negligence, and gross

1

negligence claims. (Order, Dkt. 20, at 15). With respect to those claims, the Court also denied Plaintiff leave to amend. (*Id.*). As to Plaintiff's claims for negligent hiring, retention, and supervision, however, the Court granted Plaintiff's motion for leave to amend. (*Id.*). That order is the subject of Plaintiff's motion for reconsideration. (Dkt. 25).

The Court will consider each pending motion—including Plaintiff's Motion for Reconsideration, (Dkt. 25); Plaintiff's Motion for Leave to File a Second Amended Complaint, (Dkt. 46); and Defendant's Motion to Dismiss First Amended Complaint, (Dkt. 29)—in turn.

## II. MOTION FOR RECONSIDERATION

Motions for reconsideration may be considered under either Federal Rule of Civil Procedure 54(b) or Federal Rule of Civil Procedure 59(e), depending on the circumstances. *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). The Fifth Circuit recently explained that "Rule 59(e) governs motions to alter or amend a final judgment," while "Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action." *Id.* (internal quotation marks and citations omitted). Because Plaintiff seeks reconsideration of an order granting a motion to dismiss and denying leave to amend, the Court will consider her motion under Rule 59(e).

A motion under Rule 59(e) must "'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Relief is also appropriate where there has been an intervening change in controlling law. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Motions under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id.* (citations omitted). While a district court has "considerable discretion" to grant or deny a motion under Rule 59(e), reconsideration is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*,

367 F.3d 473, 479 (5th Cir. 2004); *see also In re Goff*, 579 F. App'x 240, 245 (5th Cir. 2014) ("A motion for reconsideration should only be granted in extraordinary circumstances.") (citations omitted).

Having reviewed Plaintiff's motion for reconsideration and the responsive filings thereto, the Court is satisfied that Plaintiff has not established her entitlement to reconsideration under Rule 59(e).[1] Her Motion for Reconsideration, (Dkt. 25), is therefore **DENIED**.

### III. MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

*A. Legal Standard*

Federal Rule of Civil Procedure 15 allows parties to seek leave of the court to amend their pleadings after the time period for amendment as a matter of course has passed. Fed. R. Civ. P. 15(a)(2). The decision regarding whether to grant leave "lies within the discretion of the court, but there is a bias in favor of granting leave." *RTIC Drinkware, LLC v. YETI Coolers,* LLC, 2016 WL 5957276, at *1 (W.D. Tex. Oct. 13, 2016) (citing *Dussuoy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Indeed, the Fifth Circuit has cautioned that "'discretion' may be a misleading term, for [R]ule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires.'" *Dussuoy*, 660 F.2d at 597 (quoting Fed. R. Civ. P. 15(a)(2)).

In deciding whether to grant leave to file an amended pleading, a district court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In assessing futility of amendment, the Court should consider whether the proposed amendment could survive a motion to dismiss. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) ("[W]e join our sister circuits that

---

[1] The Court would reach the same conclusion were it to consider Plaintiff's motion pursuant to Rule 54(b), under which "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin*, 864 F.3d at 336 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)).

have interpreted [futility] to mean that the amended complaint would fail to state a claim upon which relief could be granted.") (citations omitted).

*B. Discussion*

Baylor argues that Plaintiff's motion for leave to file a second amended complaint should be denied because (1) "her hiring of new counsel does not warrant a 'do-over,'" (Resp. Mot. Leave, Dkt. 47, at 1); (2) "Plaintiff has already been given a fair opportunity to correct her pleading," (*id.*); "Plaintiff is bound by the strategic decisions of her first lawyer," (*id.* at 2); "Plaintiff's proposed pleading does not present any facts that were not available to her when she filed her prior complaints," (*id.* at 3); and "[t]he proposed amendments would be futile," (*id.*).

With respect to Baylor's first three arguments, the Court deems it sufficient to note that Baylor cites virtually no case law discussing a nexus between those arguments and the factors courts should consider when deciding whether to grant leave to file an amended pleading.[2] Having undertaken that analysis regardless, the Court concludes both that (1) there is no evidence of undue delay,[3] bad faith, or dilatory motive on the part of Plaintiff; and that (2) Baylor—which would merely be subjected to re-briefing certain issues in light of new facts and legal arguments—is not in danger of suffering undue prejudice.

Moreover, the Court has considered Baylor's futility arguments as to each of Plaintiff's claims. After reviewing the full text of Plaintiff's proposed amendment, the Court concludes that Baylor has not demonstrated that the proposed amended complaint fails altogether to state a claim on which relief may be granted. As such, and given the court's interest in judicial economy, the

---

[2] Baylor's main support for its argument appears to be *Halprin v. Fed. Deposit Ins. Corp.*, No. 5:13-CV-1042, 2016 WL 5724606 (W.D. Tex. Sept. 30, 2016), in which the undersigned denied the plaintiffs leave to file a proposed seventh amended complaint. (Resp. Mot. Amend, Dkt. 47, at 3). In the instant case, by contrast, Plaintiff seeks leave to file a second amended complaint.

[3] Baylor, relying on the fact that Plaintiff's proposed amended complaint includes details about events within her personal knowledge at the time she filed her original complaint, argues that her motion should be denied because she engaged in "undue and unexplained delay." (Resp. Mot. Amend, Dkt. 47, at 4). As Plaintiff filed the instant motion less than three months after Baylor filed its motion to dismiss, the Court disagrees.

4

Court finds that the best exercise of its discretion would be to allow the proposed amendment. *See, e.g.*, *Stripling,* 234 F.3d at 873 (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)) ("The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief."); *Dussuoy*, 660 F.2d at 598 (5th Cir. 1981) ("[I]t is appropriate for the court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation.").

## IV. CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

- Plaintiff's Motion for Reconsideration, (Dkt. 25), is **DENIED**;
- Plaintiff's Motion for Leave to File a Second Amended Complaint, (Dkt. 46), is **GRANTED**; and
- Defendant's Motion to Dismiss First Amended Complaint, (Dkt. 29), is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Proceedings Based on the Substitution of New Counsel, (Dkt. 42), is **DENIED**.

**SIGNED** on July 24, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE