IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DOLORES LOZANO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 6:16-CV-403-RP |
| | § | |
| BAYLOR UNIVERSITY, | § | |
| ART BRILES, *in his individual capacity*, and | § | |
| IAN McCAW, *in his individual capacity*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendant Baylor University's ("Baylor") Motion for Leave to Designate Responsible Third Party, (Dkt. 194), and responsive briefing from the parties, (Dkts. 195, 199). Having considered the parties' arguments, the record, and the relevant law, the Court will deny Baylor's motion.

In a three-page motion, Baylor asks this Court to designate Devin Chafin ("Chafin") as a responsible third party with respect to Plaintiff Dolores Lozano's ("Lozano") state law claims. Under Texas law, a responsible third party is "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." Tex. Civ. Prac. & Rem. Code 33.011(6). Baylor argues that because Chafin caused harm for which Lozano seeks monetary relief, it is appropriate for the jury to consider whether Chafin caused harm or contributed to causing the harm for which Lozano seeks damages. (Mot., Dkt. 194, at 3).

Lozano opposes Baylor's request for three reasons: (1) Lozano's potential claims against Chafin expired in 2016, when Lozano filed this suit, and the Court should not allow a third party to

1

be designated long after the statute of limitations expired as to the third party, (2) even if Baylor could designate a responsible third party after the expiration of the statute of limitations, Baylor would have to do so timely which it did not, and (3) the Court should deny Baylor's request because Baylor "forfeited its ability to seek apportionment under Section 33.004 when it concealed its tortious acts and prevented Lozano from bringing this action earlier when would have still had a viable claim against Chafin." (Resp., Dkt. 195, at 3–5).

While the Court agrees that Baylor seeks to designate Chafin as a responsible third party long after the expiration of the statute of limitations, the Court does not find that to be the deciding factor in this case since Lozano filed her lawsuit after the statute of limitations had expired. Instead, the Court will focus on whether Baylor's disclosure was timely given that Lozano filed her lawsuit after the expiration of the statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 33.004(d) ("A defendant may not designate a person as a responsible third party with respect to a claimant's cause of action after the applicable limitations period on the cause of action has expired with respect to the responsible third party if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure.").

What constitutes a timely disclosure "is to be determined by courts on a case by case basis." *Whitfield v. Spitzer*, No. 2:21-CV-1, 2021 WL 1407978, at *2 (S.D. Tex. Mar. 25, 2021), *report and recommendation adopted*, No. 2:21-CV-00001, 2021 WL 1405877 (S.D. Tex. Apr. 13, 2021). And, although neither the Texas Supreme Court nor the Texas Civil Practice and Remedies Code define timely or explain how a defendant can timely disclose if it was sued after the expiration of the statute of limitations, "this Court must presume that the Texas Legislature intended a 'just and reasonable result.' Otherwise, the 'timeliness' requirement has no meaning." *Withers v. Schneider Nat'l Carriers,*

*Inc.*, 13 F. Supp. 3d 686, 690 (E.D. Tex. 2014) (citing *City of Dallas v. Abbott*, 304 S.W.3d 380, 384 (Tex. 2010)).

Based on the circumstances of this case, Baylor's motion should be denied because (1) Baylor could have designated Chafin long before September 2021 and (2) Lozano would be unfairly prejudiced by the late designation. Baylor concedes in its reply that it pleaded in its 2019 answer that Chafin's conduct was the "sole proximate cause" of Lozano's injury, (Reply, Dkt. 199, at 4), which on the one hand potentially alerted Lozano that Chafin may be a responsible third party but, on the other hand, shows that Baylor then sat on that information for another two years—and close to the discovery deadline—before designating Chafin. That delay unfairly prejudices Lozano when Baylor could have made it sooner. *See Gutierrez v. Tractor Supply Co.*, No. CV H-15-778, 2018 WL 3055752, at *3 (S.D. Tex. June 20, 2018) (determining the plaintiff was not surprised or unfairly prejudiced by the late designation which the defendant could not have reasonably made before).

Moreover, Lozano's delay in filing this lawsuit against Baylor was not of her doing. In her complaint, Lozano alleged that "Baylor engaged in a practice of failing to address and actively concealing from the public, specific instances of violence and sexual violence committed by its football players." (Second Am. Compl., Dkt. 50, at 11). This Court has previously concluded that, based on Lozano's allegations, "Lozano had no reason to further investigate her heightened risk claim and discover the nature of the alleged injury until the release of Baylor's Findings of Fact and the subsequent media coverage in 2016." (Order, Dkt. 105, at 45). Baylor cannot use Lozano's reasonable and unavoidable delay in filing her lawsuit after the expiration of the statute of limitations against Lozano in this instance—and claim it now is entitled to a years-long window to designate Chafin—when it was Baylor's actions that hindered her ability to discover her claims and file her lawsuit. Baylor's late designation is therefore neither timely nor "just and reasonable." (Reply, Dkt.

199, at 5); *Withers*, 13 F. Supp. 3d at 690 (E.D. Tex. 2014) ("'[T]his Court must presume that the Texas Legislature intended a 'just and reasonable result.'").

For these reasons, Baylor's Motion for Leave to Designate Responsible Third Party, (Dkt. 194), is **DENIED**.

**SIGNED** on September 29, 2022.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE