UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DOLORES LOZANO; § | |
| Plaintiff, § | |
| § | |
| v. § | Case No.: 6:16-cv-00403 |
| § | Hon. Robert Pitman |
| BAYLOR UNIVERSITY; ART BRILES, in § | |
| his individual capacity; and IAN MCCAW, in § | |
| his individual capacity. § | |
| § | |
| Defendants. § | |

### PLAINTIFF DOLORES LOZANO'S RESPONSE IN OPPOSITION TO DEFENDANT BAYLOR UNIVERSITY'S SUPPLEMENTAL BRIEF IN SUPPORT OF BAYLOR'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF THE COURT:

Plaintiff Dolores Lozano files this Response to Defendant Baylor University's Supplemental Brief in Support of Baylor's Motion for Summary Judgment and shows the Court as follows:

### INTRODUCTION

Baylor's reliance on the Fifth Circuit's November 14, 2022 opinion in *Roe v. Cypress-Fairbanks Indep. Sch. Dist.*, 53 F.4th 334 (5th Cir. 2022) is disingenuous and misplaced. Baylor argues that "Lozano asserts the same theories rejected in Cypress-Fairbanks" and maintains that the Fifth Circuit imposed requirements for a pre-assault claim that "differ from this Court's rulings which adopted a 'heightened' risk standard...." (Dkt. 234-1 at 1). Baylor mischaracterizes both Lozano's claims and the Fifth Circuit's opinion in yet another attempt to avoid this Court's prior rulings.

1

As this Court has repeatedly recognized, plaintiffs may bring claims for "heightened risk" based ***both*** on an official policy of discrimination ***and*** "pre-assault" deliberate indifference. See *Hernandez v. Baylor Univ.*, 274 F.Supp.3d 602, 614, n.4 (W.D. Tex. 2017). *Doe 12 v. Baylor Univ.*, 336 F.Supp.3d 763, 783, n.10 (W.D. Tex. 2018). After discussing the differences between the two types of claims, this Court concluded that, like the other Baylor plaintiffs, Lozano's claims "fit squarely within ***the official-policy rubric*** previously identified by the Supreme Court." (Dkt. 105 at 13)(emphasis added). More specifically, the Court found Lozano "plausibly alleged that Baylor's selective enforcement of reports of domestic abuse and sexual assault created a heightened risk of assault, which subjected her to a sexually discriminatory education environment under Title IX." *Id.*

In its August 5, 2021 Order in the related *Doe vs. Baylor University litigation*, this Court indicated its "desire[] to make it as clear as possible what [the Doe] Plaintiffs and Lozano must prove at trial." (Dkt. 988, Case No. 6:16-cv-00173-RP-AWA). Considering briefing by the Doe Plaintiffs, Lozano and Baylor, this Court found the Ninth Circuit's reasoning and holding in *Karasek v. Regents of the University of California*, 956 F.3d 1093 (9th Cir. 2020) persuasive. Dkt. 988 at 22. This Court declared that it "will rely on the *Karasek* framework for pre-assault claims brought against Baylor in Title IX cases on its docket." Dkt. 988 at 24.

## I. The Fifth Circuit Did Not Address Official Policy Heightened Risk Claims Under Title IX in *Roe v. Cypress-Fairbanks ISD.*

The phrases "official policy claim" and "heightened risk", two critical terms that define the scope of the court's review and its applicability to this case, are conspicuously absent from the opinion that Baylor dubs the "[n]ew Fifth Circuit decision on pre-assault theory." The Fifth Circuit did not address this avenue of recovery because Roe expressly omitted her official policy claim from her appeal:

> The recognition of this private right of action has given rise to two general avenues for Title IX claims – one for claims based on an official policy of discrimination and another for claims based on an institution's actual notice of and deliberate indifference

2

> to sexual harassment or assault…. **Roe pursued both avenues in the district court.** *On appeal, she narrows it to one: CFISD acted with deliberate indifference to her report of dating violence and sexual assault.*

Brief for Plaintiff-Appellant Jane Roe, *Roe v. Cypress Fairbanks Independent School District*, 2021 WL 1149812, *19-20. (emphasis added).

> **Roe raised a Title IX official policy-based pre-assault "heightened risk" claim below.** *She does not raise that argument here and does not challenge the district court's analysis or opinion on that issue. Roe focuses this appeal only on the issue of deliberate indifference.*

Brief for Plaintiff-Appellant Jane Roe, *Roe v. Cypress-Fairbanks Indep. Sch. Dist.*, 2021 WL 1149812, *17, n.2. (emphasis added). The school district acknowledged this narrowed scope in its brief: **"This appeal boils down to a single issue: did Roe raise a genuine issue of material fact that the District responded to known acts of sexual harassment with deliberate indifference."** Brief of Appellee Cypress-Fairbanks Independent School District, *Roe v. Cypress-Fairbanks Indep. Sch. Dist.* 2021 WL 2073209 *1 (emphasis added). And the Fifth Circuit explained the posture of the case and framed the issue succinctly:

> Roe alleged that the District (1) had Title IX policies and practices that created a "heightened risk" that she would be assaulted; (2) was deliberately indifferent to the warning signs of her assault and (3) was deliberately indifferent in response to her abusive relationship, sexual assault, and subsequent related harassment. The district court granted the District's motion for summary judgment on the Title IX claim. Roe appeals that order. **She argues here that the District was *deliberately indifferent* both to (i) her risk of sexual assault and (ii) in response to her abusive relationship, sexual assault, and subsequent related harassment.**

53 F.4th at 340. (emphasis added).

The Fifth Circuit mentions neither the Ninth Circuit's decision in *Karasek v. Regents of the University of California*, 956 F.3d 1093 (9th Cir. 2020) nor the district court's reliance on it. Neither party argued for or against the application of the *Karasek* factors in its briefs. Likewise, the Fifth Circuit did not cite the Tenth Circuit's decision in *Simpson v. University of Colorado Boulder*, 500 F.3d 1170 (10th Cir.

3

2007) or its own 2020 decision in *Poloceno v. Dallas Indep. Sch. Dist.*, 826 Fed. App'x 359 (5th Cir. 2020). The official policy heightened risk theory was simply not at issue.

The school district maintained "*the facts of this case are not the least bit analogous to those in which courts have applied a "heightened risk" theory of liability.*" 2021 WL 2073209 *2. Notably, while the facts of the cases are indeed distinctly different, the plaintiffs in these cases, Lozano and Roe, do share something in common – the same counsel. More notably, so do the defendants. Cypress-Fairbanks Independent School District and Baylor are both represented by the same law firm. Effective advocacy requires creativity – especially in an area where the law is evolving. Here, however, Baylor attempts to mislead this Court by stretching the Fifth Circuit's decision in Roe *knowing* that an official policy claim was not at issue in this appeal of a summary judgment. Baylor argues that the Fifth Circuit "rejected" a heightened risk theory *knowing* that Roe did not advance such a theory on appeal. Baylor suggests the Fifth Circuit foreclosed adoption of the *Karasek* elements *knowing* that the court affirmed summary judgment on Roe's pre-assault deliberate indifference claim without even mentioning, much less disturbing, the district court's official policy heightened risk analysis. The Fifth Circuit merely concluded: "Roe is unable to create a genuine issue of material fact about whether the District is liable for *pre-assault deliberate indifference*." *Roe v. Cypress-Fairbanks ISD*, 53 F.4th at 342. The Fifth Circuit ultimately decided: "Because the jury may believe Roe and find in her favor, the district court's grant of summary judgment is REVERSED as to whether the Court was deliberately indifferent in response to the totality of the harassment at issue here. **The district court's decision is AFFRIMED as to whether the District was deliberately indifferent to the risk of her sexual assault.**" *Id.* at 348 (emphasis added). Whether an educational institution was "deliberately indifferent to the risk of [the plaintiff's] sexual assault" is a distinctly different inquiry from whether an educational institution maintained a policy of deliberate indifference that created a

4

heightened risk of sexual assault. The Fifth Circuit considered only the former – not the latter. Only the latter is at issue here.

> II. **Courts both within and without the Fifth Circuit continue to recognize official policy claims and consistently apply *Karasek's* heightened risk analysis.**

In the months since briefing was complete on Baylor's Motion for Summary Judgment, the heightened risk theory has continued to evolve. In an unpublished opinion, the Ninth Circuit recently clarified the distinction between pre-assault policy claims and "individual claims," explaining that while both "include an element that involves 'deliberate indifference' … the required showings are somewhat different." *Barlow v. Washington*, No. 21-25297 , 2022 WL 2256318 (9th Cir. 2022).

> For an individual claim, the focus is on whether the university responded with deliberate indifference to an instance of harassment of which the university had actual knowledge. *See Karasek*, 956 F.3d at 1105. For a pre-assault claim, however, the focus is on whether the university maintained an official or de facto policy of deliberate indifference to reports of sexual misconduct or an obvious risk of sexual misconduct. *Id.* at 1112-13. Because a pre-assault claim requires a showing that the university intentionally violated Title IX by its own policy, there is no requirement that the university have actual knowledge of a specific instance of sexual misconduct. *Id.* at 1112.

*Barlow*, 2022 WL 2256318 at *1.

District courts in the Fifth Circuit as well as the district courts in the Second, Seventh and Eighth Circuits continue to consistently analyze and apply the Ninth Circuit's framework to official policy claims under Title IX. See *Doe v. Texas A&M University*, No. H-21-3728, 2022 WL 250294 (Oct. 6, 2022)("Cases within the Fifth Circuit that have recognized Title IX pre-assault claims are based on allegations that defendants failed to address sexually hostile environments after receiving reports of sexual assault."); *Doe v. University of Missouri*, No. 19-cv-04229, 2022 WL 4043458 (W.D. Mo. Aug. 30, 2022)(applying the Ninth Circuit framework to assess plaintiffs' claims that university's policy of remaining neutral heightened the risk they would be subject to sex discrimination.); *P.S. by and through Stephenson v. Brownsboro Indep. Sch. Dist.*, No. 6:21-cv-437-JDK, 2022 WL 3697965 (E.D. Tex. Aug. 25,

2022)("Instead of requiring proof of actual knowledge and deliberate indifference by the district, a heightened risk claim requires proving that an official policy or custom of the educational institution created a heightened risk of sexual assault."); *JD1 v. Canisius College*, No. 1:21-cv-521, 2022 WL 2308902 (W.D. N.Y. June 27, 2022)(citing *Karasek* and rejecting dismissal of plaintiffs' heightened risk claims where they alleged the college received and failed to act on anonymous reports of sexual misconduct by male track team members). *Vander Pas v. Board of Regents of University of Wisconsin System*, No. 21-CV-1148-JPS, 2022 WL 1597423 (E.D. Wis. May 19, 2022)(recognizing "an 'official policy' claim as a distinct, cognizable theory of liability under Title IX" and adopting the *Karasek* factors.)

No Circuit – including the Fifth Circuit -- has rejected the Ninth Circuit's official policy heightened risk analysis in the context of peer sexual harassment or assault. In fact, the Sixth Circuit, the only circuit to squarely consider the issue, embraced *Karasek*: "We adopt this test for a student alleging that a school's deliberate indifference *before* she was harassed caused the harassment." *Doe on behalf of Doe#2 v. Metropolitan Gov't of Nashville and Davidson Cnty, Tennessee*, 35 F.4th 459 (6th Cir. 2022). The Sixth Circuit explained that a "before" claim premised on "a **policy** of deliberate indifference to known past acts of sexual misconduct" is a "drastically different theory of Title IX liability" than one in which a plaintiff complains of an inadequate response to a specific instance of harassment. *Id.* at 466.(emphasis added).

### III.     Fact Issues Preclude Summary Judgment on Lozano's Heightened Risk Claim.

In its Motion for Summary Judgment, Baylor barely acknowledged this Court's adoption of the Ninth Circuit analysis and made no effort to apply the *Karasek* framework to Lozano's pre-assault official policy heightened risk claim. In contrast, Lozano followed this Court's direction and offered ample evidence to establish a fact issue as to each of the four elements. (Dkt. 218 at 14-18). Now, in its Supplemental Brief in Support of its Motion for Summary Judgment, Baylor again tries to recast Lozano's claim and persuade this Court to retreat from its prior ruling. Contrary to Baylor's assertions,

Lozano does not "assert[] the same theories rejected in Cypress-Fairbanks" nor has the Fifth Circuit imposed requirements for heightened risk claims different that those announced by this Court.

## Conclusion and Prayer

For these reasons, and the reasons set forth in Plaintiff's Response to Baylor University's Motion for Summary Judgment, Plaintiff Dolores Lozano respectfully requests the Court deny Baylor's Motion for Summary Judgment in its entirety.

Dated:  January 6, 2023	Respectfully submitted,

/s/ Sheila P. Haddock
Sheila P. Haddock
Attorney-in-charge
(SBN # 00790810)
Sheila@zalkin.com
Irwin M. Zalkin (*pro hac vice*)
irwin@zalkin.com
THE ZALKIN LAW FIRM, P.C.
10590 W. Ocean Air Dr., #125
San Diego CA  92130
Telephone: (858) 259-3011
Facsimile: (858) 259-3015

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on January 6, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this matter.

                THE ZALKIN LAW FIRM, P.C.

                Sheila P. Haddock
                Attorney-in-charge
                (SBN # 00790810)
                Sheila@zalkin.com
                THE ZALKIN LAW FIRM, P.C.
                10590 W. Ocean Air Dr., #125
                San Diego CA  92130
                Telephone: (858) 259-3011
                Facsimile: (858) 259-3015

Dated: January 6, 2023