**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **DOLORES LOZANO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO: 6:16-CV-403-RP** |
| **BAYLOR UNIVERSITY; ART BRILES,** | § | |
| **in his individual capacity; IAN MCCAW,** | § | |
| **in his individual capacity, and CITY OF** | § | |
| **WACO,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT IAN McCAW'S NOTICE TO COURT
OF FILING OF PRE-TRIAL MATERIALS**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Ian McCaw, a Defendant in the above-styled and numbered cause ("McCaw" or "Defendant"), and provides this Notice to the Court of his filing of the following pre-trial materials, in compliance with Local Rule CV-16(f):

Exhibit 1:    McCaw's Proposed Voir Dire Questions

Exhibit 2:    McCaw's Statement of Defenses

Exhibit 3:    Statement of Stipulated Facts

Exhibit 4:    McCaw's Exhibit List

Exhibit 5:    McCaw's Witness List

Exhibit 6:    McCaw Designation of Deposition Testimony

Exhibit 7:    McCaw's Requested Jury Instructions and Questions

Exhibit 8:    McCaw's Motion in Limine and Proposed Order

Exhibit 9:    McCaw's Estimate of Trial Length

Respectfully submitted,

*/s/ Thomas P. Brandt*
**THOMAS P.  BRANDT**
State Bar No.02883500
tbrandt@fhmbk.com
**STEPHEN D. HENNINGER**
State Bar No.00784256
shenninger@fhmbk.com
**FANNING HARPER MARTINSON**
**BRANDT & KUTCHIN, P.C.**
One Glen Lakes
8140 Walnut Hill Lane, Suite 200
Dallas, Texas 75231
(214) 369-1300 (office)
(214) 987-9649 (telecopier)
**ATTORNEYS FOR DEFENDANT**
**IAN McCAW**

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2023, I electronically filed the foregoing document with the Clerk of the Court through the ECF system and an email notice of the electronic filing was sent to all attorneys of record.

*/s/ Thomas P. Brandt*
**THOMAS P.  BRANDT**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **DOLORES LOZANO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO: 6:16-CV-403-RP** |
| **BAYLOR UNIVERSITY; ART BRILES,** | § | |
| **in his individual capacity; IAN MCCAW,** | § | |
| **in his individual capacity, and CITY OF** | § | |
| **WACO,** | § | |
| | § | |
| **Defendants.** | § | |

### DEFENDANT IAN McCAW'S PROPOSED VOIR DIRE QUESTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant Ian McCaw ("Defendant" or "McCaw") and submits his proposed Voir Dire questions:

**A.     Potential Bias/Prejudice**

    1.     Has anyone on the jury panel heard, read, or seen anything about Ian McCaw?

        a.     If so, what did you hear, read, or see?

        b.     Would what you heard, read, or saw cause you to be biased or unfair when listening to the evidence in this case or would it not allow you to render a fair and impartial verdict?

    2.     Has anyone on the jury panel heard, read, or seen anything about Art Briles?

        a.     If so, what did you hear, read, or see?

        b.     Would what you heard, read, or saw cause you to be biased or unfair when listening to the evidence in this case or would it not allow you to render a fair and impartial verdict?

EXHIBIT 1

3. Has anyone on the jury panel heard, read, or seen anything about the Baylor "sexual assault scandal"?

  a. If so, what did you hear, read, or see?

  b. Would what you heard, read, or saw cause you to be biased or unfair when listening to the evidence in this case or would it not allow you to render a fair and impartial verdict?

4. Has anyone on the juror panel had experience with domestic violence, or know someone who has?

  a. If so, explain?

  b. Would anything about that cause you to be biased or unfair when listening to the evidence in this case or would it not allow you to render a fair and impartial verdict?

5. Do any of you, or any of your family members, have training or experience in the practice of law?

  a. If yes, who?

  b. Please describe the training or experience.

  c. Would this experience cause you to be biased or unfair when listening to the evidence in this case or would it not allow you to render a fair and impartial verdict?

**B. Baylor University is a Defendant in this case.**

1. Baylor University is a Defendant in this case. Have any of you ever had dealings with Baylor University, or any of its employees or representatives?

  a. What were the experiences and were they positive or negative?

  b. Would this experience(s) cause you to be biased or unfair when listening to the evidence in this case or would it not allow you to render a fair and impartial verdict?

**C. Involved in Lawsuits**

1. Has anyone on the panel been a party to a lawsuit either as a Plaintiff or as a Defendant?

      a.      If so, were you a plaintiff or a defendant?

      b.      What was the lawsuit about?

      c.      Would this experience cause you to be biased or unfair when listening to the evidence in this case or would it not allow you to render a fair and impartial verdict?

2.      Has anyone on the panel filed a claim or lawsuit against a person or company seeking damages for any type of injury?

      a.      Can you describe the type of claim or lawsuit and the injuries that you sustained?

      b.      What was the result of the claim or lawsuit?

      c.      Would this experience cause you to be biased or unfair when listening to the evidence in this case or would it not allow you to render a fair and impartial verdict?

3.      Has anyone on the panel ever been sued in a lawsuit where the Plaintiff was seeking damages?

      a.      Can you describe the type of lawsuit?

      b.      What was the result of the lawsuit?

      c.      Would this experience cause you to be biased or unfair when listening to the evidence in this case or would it not allow you to render a fair and impartial verdict?

4.      Do any of you think that if a person is suing, that they were most likely wronged?

5.      Do any of you think that if a party is being sued, that they most likely did something wrong?

**D.**      **General**

1.      Based on the information that you have learned about this case so far, is there anything that would cause you to be biased or unfair to either party or prevent you from rendering a fair and impartial verdict?

      a.      If so, please explain.

2.  Finally, is there anything that you believe that the Court and the attorneys should know about your background, experiences, or thoughts and feelings about this case that has not been asked about, but that you feel would hinder your ability to render a fair and impartial verdict?

   a.  If so, please explain.

Respectfully submitted,

/s/ Stephen D. Henninger
**THOMAS P.  BRANDT**
State Bar No.02883500
tbrandt@fhmbk.com
**STEPHEN D. HENNINGER**
State Bar No.00784256
shenninger@fhmbk.com
**FANNING HARPER MARTINSON**
**BRANDT & KUTCHIN, P.C.**
One Glen Lakes
8140 Walnut Hill Lane, Suite 200
Dallas, Texas 75231
(214) 369-1300 (office)
(214) 987-9649 (telecopier)
**ATTORNEYS FOR DEFENDANT**
**IAN McCAW**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been delivered to all parties of record, in compliance with Rule 5 of the Federal Rules of Civil Procedure, on September 15, 2023.

/s/ Stephen D. Henninger
**STEPHEN D. HENNINGER**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **DOLORES LOZANO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO: 6:16-CV-403-RP** |
| **BAYLOR UNIVERSITY; ART BRILES,** | § | |
| **in his individual capacity; IAN MCCAW,** | § | |
| **in his individual capacity, and CITY OF** | § | |
| **WACO,** | § | |
| | § | |
| **Defendants.** | § | |

### DEFENDANT IAN McCAW'S STATEMENT OF DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Ian McCaw, a Defendant in the above-styled and numbered cause ("McCaw" or "Defendant"), and provides his statement of defenses to be used by the Court in conducting voir dure, in compliance with Local Rule CV-16(f):

*In this lawsuit, Plaintiff Dolores Lozano seeks to hold Ian McCaw personally liable to her for monetary damages because her boyfriend, Devin Chafin, allegedly physically assaulted her. Ian McCaw is not alleged to have had any involvement in those assaults or any of the events surrounding them. Indeed, Ian McCaw had no knowledge of Plaintiff and Devin Chafin's relationship, or any problems they were having, until after the events on which this suit is based. Nothing Ian McCaw did or did not do, in any way, caused Devin Chafin to physically assault Dolores Lozano, and Ms. Lozano has no evidence to the contrary. The only person who is at fault for Devin Chafin assaulting Plaintiff, and the only person who should be held responsible for those assaults, is Devin Chafin. Dolores Lozano has, however, chosen not to sue Devin*

EXHIBIT 2

*Chafin, or otherwise hold him responsible for the acts of violence she claims he committed. Instead, Plaintiff seeks to hold Ian McCaw and the other Defendants responsible for Devin Chafin's intentional, criminal acts of violence.  You will not be given any valid reason to do so.*

Respectfully submitted,

/s/ Thomas P. Brandt
**THOMAS P.  BRANDT**
State Bar No.02883500
tbrandt@fhmbk.com
**STEPHEN D. HENNINGER**
State Bar No.00784256
shenninger@fhmbk.com
**FANNING HARPER MARTINSON**
**BRANDT & KUTCHIN, P.C.**
One Glen Lakes
8140 Walnut Hill Lane, Suite 200
Dallas, Texas 75231
(214) 369-1300 (office)
(214) 987-9649 (telecopier)
**ATTORNEYS FOR DEFENDANT**
**IAN McCAW**

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2023, I electronically filed the foregoing document with the Clerk of the Court through the ECF system and an email notice of the electronic filing was sent to all attorneys of record.

/s/ Thomas P. Brandt
**THOMAS P.  BRANDT**

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| DOLORES LOZANO; | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | Case No.: 6:16-cv-00403 |
| | § | |
| v. | § | |
| | § | Hon. Robert Pitman |
| BAYLOR UNIVERSITY; ART BRILES, in | § | |
| his individual capacity; and IAN MCCAW, | § | |
| in his individual capacity. | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## <u>JOINT STATEMENT OF STIPULATED FACTS</u>

1. Plaintiff Dolores Lozano was born on November 10, 1991.

2. Dolores Lozano enrolled at Baylor University in August 2010 and graduated in May 2014 with a Bachelor of Science degree in Communication Sciences and Disorders.

3. Devin Chafin was born on May 5, 1994.

4. Devin Chafin was in the 2012 recruiting class of the football team.

5. Devin Chafin enrolled at Baylor University during the summer of 2012.

6. Art Briles was the head football coach at Baylor University from December 2007 through May 2016.

EXHIBIT 3

7.  Ian McCaw was the Athletic Director at Baylor University from September 2003 through May 2016.

8.  Because Baylor University is a recipient of federal funds in the form of student financial aid and research grants, it is subject to Title IX of the Education Amendments of 1972.

9.  Kendall Briles, Jeff Lebby and Colin Shillinglaw were hired while Art Briles was head coach.

10. Dolores Lozano worked as a manager for the Acrobatics and Tumbling team during the 2013-14 academic year.

11. In the spring semester of 2014, Spring Break at Baylor University was held from Monday, March 10 to Friday, March 14.  Classes resumed on Monday, March 17, 2014.

12. Baylor University's annual campus celebration known as Dia del Oso (Day of the Bear) was held on Thursday, April 10, 2014.

13. Baylor University was closed on Good Friday, April 18, 2014, and on Monday, April 21, 2014.

14. The last day of classes for the Spring 2014 semester at Baylor University was May 2, 2014. Final examinations were held May 7, 2014 through May 13, 2014. Commencement exercises were held May 16 and May 17, 2014.

15. Baylor's undergraduate student enrollment at its main campus in Waco, Texas was 12,438 students in 2010; 12,575 students in 2011; 12,918 students in 2012; 13,292 students in 2013; and 13,859 students in 2014.

16. Lozano has been employed by Harris County, Texas as a Justice of the Peace, Precinct 2, Place 2, since January 2023.

17. Baylor University does not own Scruffy Murphy's bar, which is located at 1226 Speight Avenue in Waco, Texas.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **DOLORES LOZANO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO: 6:16-CV-403-RP** |
| **BAYLOR UNIVERSITY; ART BRILES,** | § | |
| **in his individual capacity; IAN MCCAW,** | § | |
| **in his individual capacity, and CITY OF** | § | |
| **WACO,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT IAN McCAW'S EXHIBIT LIST**

NOW COMES Defendant Ian McCaw ("Defendant" or "McCaw") and files his Exhibit

List.

**A.     EXHIBITS DEFENDANT EXPECTS TO OFFER**

| DX No. | Description | Offered | Admitted |
|---|---|---|---|
| 1 | Plaintiff's Second Amended Complaint | | |
| 2 | E-mails between Plaintiff and David Murdock of November 19 and 20, 2012 (BU_Lozano_0076234-0076237) | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | | |

**B.     EXHIBITS DEFENDANT MAY OFFER IF THE NEED ARISES**

| DX No. | Description | Offered | Admitted |
|---|---|---|---|
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11. | | | |
| 12. | | | |

**EXHIBIT 4**

**C.**     **CROSS-DESIGNATION OF EXHIBITS**

Defendant cross-designates all exhibits and potential exhibits identified by Plaintiff Dolores Lozano, Defendant Baylor University, and Defendant Art Briles, and reserves the right to utilize any such exhibits at the trial of this cause.

Respectfully submitted,

*/s/ Stephen D. Henninger*
**THOMAS P.  BRANDT**
State Bar No.02883500
tbrandt@fhmbk.com
**STEPHEN D. HENNINGER**
State Bar No.00784256
shenninger@fhmbk.com
**FANNING HARPER MARTINSON**
**BRANDT & KUTCHIN, P.C.**
One Glen Lakes
8140 Walnut Hill Lane, Suite 200
Dallas, Texas 75231
(214) 369-1300 (office)
(214) 987-9649 (telecopier)
**ATTORNEYS FOR DEFENDANT**
**IAN McCAW**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2023, I electronically filed the foregoing document with the Clerk of the Court through the ECF system and an email notice of the electronic filing was sent to all attorneys of record.

*/s/ Stephen D. Henninger*
**STEPHEN D. HENNINGER**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **DOLORES LOZANO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | s |
| | § | **CIVIL ACTION NO: 6:16-CV-403-RP** |
| **BAYLOR UNIVERSITY; ART BRILES,** | § | |
| **in his individual capacity; IAN MCCAW,** | § | |
| **in his individual capacity, and CITY OF** | § | |
| **WACO,** | § | |
| | § | |
| **Defendants.** | § | |

<u>**DEFENDANT IAN MCCAW'S WITNESS LIST**</u>

NOW COMES Defendant Ian McCaw ("Defendant" or "McCaw"), and files his Witness List.

**I.**

<u>**WITNESSES EXPECTED TO BE CALLED**</u>

**Dolores Lozano**
10590 W. Ocean Air Drive, Suite 125
San Diego, California 92130
(858) 259-3011
(Attorney's address and phone)

**Ian McCaw**
8140 Walnut Hill Lane, Suite 200
Dallas, Texas 75231
(214) 369-1300
(Attorney's address and phone)

**Art Briles**
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056
(713) 759-1990
(Attorney's address and phone)

EXHIBIT 5

**Devin Chafin** (by deposition)
Address unknown
(940) 613-3731

**Nancy Post, Baylor Associate Athletic Director**
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
(713) 554-6741
(Baylor attorney's address and phone)


## II.
## WITNESSES WHO MAY BE CALLED

**Todd Patulski**
1971 University Blvd.
Lynchburg, Virginia 24515
(434) 582-2000

**Wes Yeary** (by deposition)
Address and phone number unknown

**Lillian Lozano** (by deposition)
10590 W. Ocean Air Drive, Suite 125
San Diego, California 92130
(858) 259-3011
(Plaintiff's attorney's address and phone)

**Laprise Harris Williams**
Address and phone number unknown

**Bethany J. McCraw, Baylor Associate Dean for Student Conduct Administration**
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
(713) 554-6741
(Baylor attorney's address and phone)

**David Murdock, Baylor Judicial Affairs Coordinator**
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
(713) 554-6741
(Baylor attorney's address and phone)

**Kathy Reich, Baylor Office Manager, Judicial Affairs**
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
(713) 554-6741
(Baylor attorney's address and phone)

**Jimmie Farmer, Baylor Records Technician, Judicial Affairs**
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
(713) 554-6741
(Baylor attorney's address and phone)

**Martha Lou Scott, Ed. D., Baylor Associate Vice President for Student Life**
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
(713) 554-6741
(Baylor attorney's address and phone)

**Mike Rogers, Baylor NCAA Faculty Athletic Representative**
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
(713) 554-6741
(Baylor attorney's address and phone)

**Jeremy Counseller, Baylor University Faculty Athletics Representative and Law Professor**
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
(713) 554-6741
(Baylor attorney's address and phone)

**Chris Holmes, Baylor Office of General Counsel**
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
(713) 554-6741
(Baylor attorney's address and phone)

**Doug Welch, Baylor Director of Compliance**
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
(713) 554-6741
(Baylor attorney's address and phone)

**Kevin P. Jackson, Ph.D., Baylor Vice President for Student Life**
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
(713) 554-6741
(Baylor attorney's address and phone)

**David Garland, Interim President of Baylor University**
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
(713) 554-6741
(Baylor attorney's address and phone)

**Reagan Ramsower, Baylor Senior Vice President and Chief Operating Officer**
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
(713) 554-6741
(Baylor attorney's address and phone)

**Chris Istre, Baylor University Business Office**
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
(713) 554-6741
(Baylor attorney's address and phone)

**Jim March, Director of Baylor Counseling Center**
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
(713) 554-6741
(Baylor attorney's address and phone)

**Cheryl Wooten, Baylor Counseling Center**
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
(713) 554-6741
(Baylor attorney's address and phone)

**Don Arterburn, Baylor Counseling Center**
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
(713) 554-6741
(Baylor attorney's address and phone)

**Ron Murff** (by deposition)
**Richard Willis**
**Buddy Jones**
**Dary Stone**
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
(713) 554-6741
(Baylor attorney's address and phone)

**David Harper**
**Cary Gray** (by deposition)
**Mark Hurd**
**Jay Allison**
**Jeff Reeter**
**Clifton Robinson**
**Dennis Wiles**
**Bob Beauchamp**
**Phil Stewart**
**Mark McCollum**
**Milton Hixson**
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
(713) 554-6741
(Baylor attorney's address and phone)

**Brent R. Howell**
Address and phone number unknown

**Jim Doak**
Address and phone number unknown

**Colin Shillinglaw** (by deposition)
Address unknown
(254) 733-5234

**Patty Crawford**
Address and phone number unknown

**Jeff Lebby** (by deposition)
Address and phone number unknown

Respectfully submitted,

*/s/ Stephen D. Henninger*
**THOMAS P. BRANDT**
State Bar No.02883500
tbrandt@fhmbk.com
**STEPHEN D. HENNINGER**
State Bar No.00784256
shenninger@fhmbk.com
**FANNING HARPER MARTINSON
BRANDT & KUTCHIN, P.C.**
One Glen Lakes
8140 Walnut Hill Lane, Suite 200
Dallas, Texas 75231
(214) 369-1300 (office)
(214) 987-9649 (telecopier)
**ATTORNEYS FOR DEFENDANT
IAN McCAW**

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2023, I electronically filed the foregoing document with the Clerk of the Court through the ECF system and an email notice of the electronic filing was sent to all attorneys of record.

*/s/Stephen D. Henninger*
**STEPHEN D. HENNINGER**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **DOLORES LOZANO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO: 6:16-CV-403-RP** |
| **BAYLOR UNIVERSITY; ART BRILES,** | § | |
| **in his individual capacity; IAN MCCAW,** | § | |
| **in his individual capacity, and CITY OF** | § | |
| **WACO,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT IAN MCCAW'S DESIGNATION OF DEPOSITION TESTIMONY**

NOW COMES Defendant Ian McCaw ("Defendant" or "McCaw"), and files his Designation of Deposition Testimony that may be offered in this case.

**Devin Chafin**

1) p. 9,line 25 to p. 10, line 9

2) p. 16, lines 3-25

3) p. 17, line 23 to p. 18, line 8

4) p. 20, lines 14-23

5) p. 58, line 18 to p. 69, line 2

6) p. 70, line 16 to p. 72, line 2

7) p. 78, lines 9-24

8) p. 82, lines 3-24

9) p. 85, line 8 to p. 86, line 6

10) p. 104, line 6 to p. 105, line 7

**EXHIBIT 6**

11) p. 105, line 24 to p. 107, line 25

12) p. 119, line 23 to p. 124, line 3

13) p. 125, line 12 to p. 128, line 21

**Wes Yeary**

1) p. 8, lines 2-5

2) p. 13, line 8 to p. 16, line 13

3) p. 17, line 19 to p. 18, line 8

4) p. 18, line 23 to p. 19, line 8

5) p. 23, line 2 to p. 24, line 9

6) p. 25, lines 1-13

7) p. 25, line 8 to p. 29, line 23

8) p. 27, lines 1-8

9) p. 28, lines 14-18

10) p. 28, line 22 to p. 30, line 13

11) p. 30, line 21, to p. 31, line 3

12) p. 38, lines 3-8

13) p. 38, line 21 to p. 39, line 15

14) p. 40, lines 21-23

15) p. 42, line 9 to p, 43, line 22

16) p. 45, line 10 to p. 47,line 6

17) p. 47, lines 18-21

18) p. 48, line 21 to p. 49, line 4

19) p. 50, lines 2-20

20) p. 51, lines 3-15

21) p. 52, line 15 to p. 53, line 15

22) p. 74, line 13 to p. 75, line 19

23) p. 78, line 24 to p, 79, line 11

24) p. 88, lines 2-9

25) p. 90, line 5 to p. 92, line 4

**Colin Shillinglaw**

1)  p. 8, lines 5-18

2)  p. 28, lines 13-23

3)  p. 31, line 7 to p. 32, line 24

4)  p. 110, lines 21-25

5)  p. 117, line 8 to p. 118,line 3

6)  p. 130, line 25 to p. 131, line 9

**Lillian Lozano**

1)  p. 8, lines 5-14

2)  p. 112, line 17 to p. 113, line 23

3)  p. 117, line 8 to p. 118, line 20

4)  p. 118, line 24 to p. 119, line 6

**Jeff  Lebby**

1)  p. 5, lines 12-14

2)  p. 12, lines 12-19

3)  p. 13, lines 15-18

4)  p. 13, line 25 to p. 16, line 1

5)  p. 16, line 14 to p. 17, line 18

6)  p. 22, line 6 to p. 23, line 14

7)  p. 24, line 19 to p. 25, line 3

8)  p. 32, line 24 to p. 33, line 6

9)  p. 38, lines 23-25

10) p. 45, line 20 to p. 46, line 13

11) p. 47, line 25 to p. 48, line 25

12) p. 53, lines 13-18

13) p. 58,lines 7-23

14) p. 72, lines 18-22

**Ron Murff**

1)  p. 7, lines 6-7

2)  p. 19, lines 12-13

3)  p. 28, lines 11-15

4)  p. 35, lines 21-24

5)  p. 38, line 20 to p. 39, line 3

6)  p. 39, line 23 to p. 40, line 9

7)  p. 208, line 14 to p. 212, line 23

8)  p. 213, line 9 to p. 216, line 1

9)  p. 216, line 8 to p. 218, line 19

10) p. 218, line 22 to p. 219, line 24

11) p. 224, line 21 to p. 225, line 5

**Cary Gray**

1)  p. 6, lines 7-9

2)  p. 8,  15-18

3)  p. 13, lines 18-22

4)  p. 270, line 17 to p. 273, line 4

5)  p. 273, line 23 to p. 274, line 14

6)  p. 275, lines 5-18

7)  p. 276, line 19 to p. 277, line 8

8)  p. 278, lines 8-10

9)  p. 287, line 13 to p. 288, line 16

Respectfully submitted,

*/s/ Stephen D. Henninger*
**THOMAS P.  BRANDT**
State Bar No.02883500
tbrandt@fhmbk.com
**STEPHEN D. HENNINGER**
State Bar No.00784256
shenninger@fhmbk.com
**FANNING HARPER MARTINSON**
**BRANDT & KUTCHIN, P.C.**
One Glen Lakes
8140 Walnut Hill Lane, Suite 200
Dallas, Texas 75231
(214) 369-1300 (office)
(214) 987-9649 (telecopier)
**ATTORNEYS FOR DEFENDANT**
**IAN McCAW**


## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2023, I electronically filed the foregoing document with the Clerk of the Court through the ECF system and an email notice of the electronic filing was sent to all attorneys of record.

*/s/Stephen D. Henninger*
**STEPHEN D. HENNINGER**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **DOLORES LOZANO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO: 6:16-CV-403-RP** |
| **BAYLOR UNIVERSITY; ART BRILES,** | § | |
| in his individual capacity; IAN | § | |
| MCCAW, in his individual capacity, and | § | |
| CITY OF WACO, | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT IAN McCAW'S REQUESTED JURY INSTRUCTIONS AND QUESTIONS

Defendant Ian McCaw ("Defendant" or "McCaw") submits his proposed jury instructions and questions, and requests that the following instructions and questions be made part of the Court's charge to the jury.

Respectfully submitted,

*/s/ Thomas P. Brandt*
**THOMAS P.  BRANDT**
State Bar No.02883500
tbrandt@fhmbk.com
**STEPHEN D. HENNINGER**
State Bar No.00784256
shenninger@fhmbk.com
**FANNING HARPER MARTINSON**
**BRANDT & KUTCHIN, P.C.**
One Glen Lakes
8140 Walnut Hill Lane, Suite 200
Dallas, Texas 75231
(214) 369-1300 (office)
(214) 987-9649 (telecopier)
**ATTORNEYS FOR DEFENDANT**
**IAN McCAW**

EXHIBIT 7

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on September 15, 2023, I electronically filed the foregoing document with the Clerk of the Court through the ECF system and an email notice of the electronic filing was sent to all attorneys of record.


                                     */s/ Thomas P. Brandt*_____

                                     **THOMAS P.  BRANDT**

**Requested Instruction Number 1**

MEMBERS OF THE JURY:

Now that you have heard all of the evidence, it becomes my duty to give you the instructions of the Court concerning the law applicable to this case.

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admit- ted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the

judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

Source: Fifth Circuit Pattern Jury Instructions, Civil, No. 3.1 (2020).

## Requested Instruction Number 2

Plaintiff Dolores Lozano has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that the Plaintiff Dolores Lozano has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

Source: Fifth Circuit Pattern Jury Instructions, Civil, No. 3.2 (2020).

## Requested Instruction Number 3

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial

evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Source: Fifth Circuit Pattern Jury Instructions, Civil, No. 2. (2020)

**Requested Instruction Number 4**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

Source: Fifth Circuit Pattern Jury Instructions, Civil, No. 3.4 (2020).

**Requested Instruction Number 5**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

Source: Fifth Circuit Pattern Jury Instructions, Civil, No. 3.6 (2020).

**Requested Instruction Number 6**

Plaintiff Dolores Lozano claims that Defendant Ian McCaw was negligent. To recover damages for the alleged negligence of Defendant Ian McCaw, Plaintiff Dolores Lozano must prove by a preponderance of the evidence that: (1) Defendant Ian McCaw owed Plaintiff Dolores Lozano a duty of care; (2) Defendant Ian McCaw breached that duty; and (3) Defendant Ian McCaw's breach of duty was the  proximate cause of an injury to Plaintiff Dolores Lozano.

Source: Fifth Circuit Pattern Jury Instructions, Civil, Nos. 10.1 and 10.5 (2020) (modified); *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009); *Urbach v. United States*, 869 F.2d 829, 831 (5th Cir. 1989).

**Requested Instruction Number 7**

You are instructed that, in the absence of a special relationship, a person has no legal duty to protect another from the criminal acts of a third person, or to control the third person's conduct. You are further instructed that there  is  no  special relationship between a university  and its  students, and thus no duty to control third-parties or protect students from the conduct of third parties.

Source: *Boyd v. Texas Christian Univ.*, 8 S.W.3d 758, 760 (Tex. App. – Fort Worth 1999, no pet.); *Gatten v. McCarley*, 391 S.W.3d 689, 674 (Tex. App. – Dallas 2013, no pet.); *Thapar v. Zezulka*, 994 S.W.2d 635 (Tex. 1999); *Hux v. Southern Methodist Univ.*, 819 F.3d 776. 781 (5th Cir. 2016); *Tanja H. v. Regents of the Univ. of Calif.*, 228 Cal.App.3d 434 (1991) (collecting cases); *Guest v. Hansen*, 603 F.3d 15, 17 (2d Cir. 2010); *Freeman v. Busch*, 349 F.3d 582, 587-588 (8th Cir. 2003); *Rabel v. Illinois Wesleyan Univ.*, 514 N.E.2d 552, 560-561 (Ill. App. Ct. 4th Dist. 1987).

## Requested Instruction Number 8

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under  the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

Source: Texas Pattern Jury Charges, General Negligence, Intentional Personal Torts & Workers' Compensation, 2.1.

## Requested Instruction Number 9

"Proximate cause" means a cause, unbroken by any new and independent cause, that was a substantial factor in bringing about an injury, and without which cause such injury would not have occurred.  In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the injury, or some similar injury, might reasonably result therefrom. There may be more than one proximate cause of an injury, but if an act or omission of any person not a party to the suit was the "sole proximate cause" of an injury, then no act or omission of any party to the suit could have been a proximate cause.

A "new and independent cause" of an injury is the act or omission of a separate and independent agent, not reasonably foreseeable, that destroys the causal connection, if any, between the act or omission inquired about and the injury in question.

> Source: Texas Pattern Jury Charges, General Negligence, Intentional Personal Torts & Workers' Compensation, 3.1 and 3.2.

## Requested Instruction Number 10

You are further instructed that the criminal conduct of a third-party is a superseding cause relieving the Defendants from liability, unless the criminal conduct was a foreseeable result of the Defendants' alleged negligence.

> Source: *Trammel Crow Central Tex. Ltd v. Gutierrez,* 267 S.W.2d 9, 12 (Tex. 2008); *Urbach v. United States*, 869 F.2d 829, 833 (5th Cir. 1989); *Garza v. United States*, 809 F.2d 1170, 1174 (5th Cir. 1987).

## Requested Instruction Number 11

You are further instructed that Defendant Ian McCaw was acting within the course and scope of his employment with Baylor University at the time of the events on which this suit is based. As such, Baylor University is liable to Plaintiff for Defendant Ian McCaw's negligent conduct, if any.

> Source: *Leadon v. Kimbrough Bros. Lumber Co*., 484 S.W.2d 567 (Tex. 1972); *Robertson Tank Lines v. Van Cleave*, 468 S.W.2d 354 (Tex. 1971).

**Requested Instruction No. 12**

You will need to determine whether Lozano filed this lawsuit within the time allowed by law. This period of time is known as the statute of limitations. A party asserting negligence claims must file their suit within two years after the day the claim "accrues." Lozano filed this lawsuit on October 11, 2016.

A negligence claim accrues when a wrongful act causes an injury, regardless of when the injured party learns of the injury and regardless of whether all of the resulting damage from the injury has occurred. The claim accrues even if the injured person did not know the specific nature of each wrongful act by a defendant that may have caused the injury.

Source: *Timberlake v. A.H. Robins Co.*, 727 F.2d 1363, 1365–66 (5th Cir. 1984) (accrual of the state law claims is decided under state law, while accrual of the federal claim is decided in accordance with federal law); *Milton v. Stryker Corp.*, 551 F. App'x 125, 127 (5th Cir. 2014); *Doe v. St. Stephen's Episcopal Sch.*, 382 F. App'x 386, 389 (5th Cir. 2010) ("To bring a suit, it is not necessary for the victim to connect the abuse to any subsequent psychological injuries or understand the full extent of his injuries."); *Texas Soil Recycling, Inc. v. Intercargo Ins. Co.*, 273 F.3d 644, 650 (5th Cir. 2001) (citing *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 749 (Tex. 1999)); *see, e.g., Mayzone v. Missionary Oblates of Mary Immaculate of Tex.*, 2014 WL 3747249, at *4 (Tex. App.—San Antonio July 30, 2014, pet. den.) (in a case in which a church allegedly knew about and ignored a priest's history of sex abuse, plaintiff's knowledge of his own sexual abuse was the relevant knowledge for accrual purposes against the priest and the church).

**Requested Instruction No. 13**

The Defendants contend that, prior to October 11, 2014, Lozano knew, or through the exercise of reasonable diligence should have known, of the existence of her injury and the connection between Baylor's actions and her injury.

Lozano contends that Defendants fraudulently concealed the existence of her claims from her until May 26, 2016, and that her claims were filed within two years of that date.

When a party has fraudulently concealed the facts forming the basis of the plaintiff's claim, accrual is tolled until the party learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to discovery of the concealed cause of action.

Source: *Borderlon v. Peck*, 662 S.W.2d 907, 908 (5th Cir. 1983); *Marcus & Millichap Real Estate Investment Services of Nevada Inc. v. Triex Texas Holdings LLC*, 659 S.W.3d 456, 463 (Tex. 2023); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 750 (Tex. 1999).

Fraudulent concealment requires proof that the party knew the plaintiff was wronged, the party used deception to conceal the wrong, and the plaintiff reasonably relied on the deception. Failure to act in the face of knowledge of abuse does not constitute deception or fraudulent concealment.

Source: *ExxonMobil Corp. v. Lazy R Ranch LLP*, 511 S.W.3d 538, 554 (Tex. 2017) (plaintiff must show "defendant actually knew the plaintiff was in fact wronged and concealed that fact to deceive the plaintiff"); *Tipton v. Brock*, 431 S.W.3d 673, 681 (Tex. App. – El Paso 2014, pet. den.) (fraudulent concealment requires: "(1) the existence of the underlying tort; (2) the defendant's knowledge of the tort; (3) the defendant's use of deception to conceal the tort; and (4) the plaintiff's reasonable reliance on the deception."); *King-White*, 803 F.3d at 764 (holding that "failure to act in the face of knowledge of abuse" was insufficient to establish fraudulent concealment; plaintiff must show active concealment); *Marcus & Millichap Real Estate Investment Services*, 659 S.W.3d at 463 (evidence did not support conclusion that defendants "actively misled" plaintiff).

## Requested Instruction No. 14

The Defendants bear the burden of proving by a preponderance of the evidence that Lozano did not bring suit within the applicable two-year time period. Lozano bears the burden of proving that the Defendants engaged in fraudulent concealment and that, despite her exercise of due diligence, she was unable to discover the factual basis for her claims. The

statute of limitations and fraudulent concealment must be proven as to each Defendant separately. In other words, Lozano's claims could be barred against one defendant but not another.

Source: *Draughon v. Johnson*, 631 S.W.3d 81, 90 (Tex. 2021) (plaintiff bears the burden of proving a tolling defense).

**Requested Jury Question No. 1**

Have the Defendants proven by a preponderance of the evidence that Dolores Lozano knew or should have known of her injury prior to October 11, 2014?

Answer "Yes" or "No": _____

If you answered "Yes," then answer Jury Question No. 2.  If you answered "No," then answer Jury Question No. 3.

**Requested Jury Question No. 2**

Has Dolores Lozano proven by a preponderance of the evidence that the Defendants fraudulently concealed facts forming the basis of her claims and that, despite her exercise of due diligence, she failed to discover the factual basis for her claims prior to October 14, 2014?

Answer "Yes" or "No": _____

If you answered "Yes," then proceed to Jury Question No. 3.  If you answered "No," then do not answer any further questions.

**Requested Jury Question No. 3**

Did the negligence, if any, of those named below proximately cause the injury in question?

Answer "Yes" or "No" for each of the following:

1. Baylor University          _____
2. Dolores Lozano          _____

Source: Texas Pattern Jury Charges, General Negligence, Intentional Personal Torts & Workers' Compensation, 4.1.

**Requested Jury Question No. 4**

In you answered "Yes" to Question No. 3 for more than one of those named below, then answer the following question. Otherwise, do not answer the following question.

Assign percentages of responsibility only to those you found caused or contributed to cause the injury. The percentages you find must total 100 percent.  The percentages must be expressed in whole numbers. The percentage of responsibility attributed to anyone is not necessarily measured by the number of acts of omissions found. The percentage attributable to anyone need not be the same percentage attributed to that person in answering another question.

For each person you found caused or contributed to the injury, find the percentage of responsibility attributable to each:

1. Baylor University          _____ %
2. Dolores Lozano          _____ %

                    TOTAL:      100%

Source: Texas Pattern Jury Charges, General Negligence, Intentional Personal Torts & Workers' Compensation, 4.3.

**Requested Instruction Number 15**

If Plaintiff Dolores Lozano has proved her negligence claims against Defendants by a preponderance of the evidence, you must determine the damages to which Plaintiff is entitled. You should not interpret the fact that I am giving instructions about Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, win this case. It is your task first to decide whether Defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendants are liable and that Plaintiff is entitled to recover money from Defendants.

Source: Fifth Circuit Pattern Jury Instructions, Civil, No. 15.1 (2020).

**Requested Instruction Number 16**

If you find that Defendants are liable to Plaintiff Dolores Lozano, then you must determine an amount that is fair compensation for all of Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff whole—that is, to compensate Plaintiff for the damage that she has suffered. Compensatory damages are not limited to expenses that Plaintiff may have incurred because of her injury. If Plaintiff wins, she is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that she has suffered because of Defendants' wrongful conduct, if any.

You may award compensatory damages only for injuries that Plaintiff proves were proximately caused by Defendants' allegedly wrongful conduct. The damages that you

award must be fair compensation for all of Plaintiff's damages, no more and no less.

Damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendants. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff has actually suffered or that Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

To recover compensatory damages for mental and emotional distress, Plaintiff Dolores Lozano must prove that she has suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiff must support her claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

A.  Mental anguish sustained in the past.

Source: Fifth Circuit Pattern Jury Instructions, Civil, Nos. 10.13 and 15.2 (2020).

**Requested Instruction Number 17**

Answer Question No. 5 if you answered "Yes" for Baylor University to Question No. 3, and answered:

1. "No" for Dolores Lozano to Question No. 3; or
2. 50 percent or less for Dolores Lozano to Question No. 4.

Otherwise, do not answer Question No. 5.

Source: Texas Pattern Jury Charges, General Negligence, Intentional Personal Torts & Workers' Compensation, 28.1.

**Requested Jury Question No. 5**

What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate Plaintiff Dolores Lozano for her compensatory damages that were a direct and proximate result of the wrongful conduct you have found that Defendants engaged in, if any?

Answer in dollars and cents, if any.

A.      Mental anguish sustained in the past:

Answer: $ _____

**Requested Instruction Number 18**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

Source: Fifth Circuit Pattern Jury Instructions, Civil, No. 3.7 (2020).

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **DOLORES LOZANO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO: 6:16-CV-403-RP** |
| **BAYLOR UNIVERSITY; ART BRILES,** | § | |
| **in his individual capacity; IAN MCCAW,** | § | |
| **in his individual capacity, and CITY OF** | § | |
| **WACO,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT IAN McCAW'S MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Ian McCaw, a Defendant in the above-styled and numbered cause, and, after this case has been assigned for trial, and prior to the voir dire examination of the jury panel in connection with such trial, files this Motion in Limine. Defendant respectfully moves the Court to instruct Plaintiff not to mention within the hearing of any member of the jury panel, either in voir dire examination, upon reading of the pleadings, upon statement of the case, by interrogation of the witnesses, in argument, by objections in the presence of the jury, or otherwise, any of the following matters, either directly or indirectly, nor to refer to, interrogate concerning, or otherwise apprise the jury of any of the following matters until each such matter has been called to the Court's attention out of the presence and hearing of the jury, and a ruling had by the Court as to the competency of each such matter outside the presence and hearing of any members of the jury or jury panel. It is further moved that Plaintiff be instructed to apprise each of Plaintiff's witnesses of the contents of this motion so that it not be inadvertently violated

EXHIBIT 8

by a witness.  The matters subject to this motion in limine are as follows:

## I.

## 1.

Any mention of any argument or any evidence whatsoever, be it in any form (e.g., testimonial evidence, documentary evidence, or any other form of evidence), which is intended to present or which does present any argument in support of or evidentiary support for any alleged claim that Plaintiff may consider herself to have brought against Ian McCaw since Plaintiff has never, in all the years this litigation has been pending, alleged in a complaint, filed with this Court, any specific, factual allegations against Ian McCaw which, if proven, would entitle Plaintiff to have a judge or jury find that she is entitled to any recovery against him, under any theory of liability, a judgment for money damages or any other relief under the law.  See, U.S. Constitution, Article III, section 2 (jurisdiction is limited to cases or controversies); see also, U.S. Constitution, Amendment V (No person shall be … deprived of property without due process of law); U.S. Constitution, Amendment XIV, section 1 ("nor shall any State deprive any person of life, liberty, or property without due process of law);  see also Fed. R. Civ. P. No. 1 (The rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); Fed. R. Civ. Proc. No. 3 (A civil action is commenced by filing a complaint with the court.); Fed. R. Civ. Proc. No. 8(a) (A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim need no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."); see also Fed. R. Civ. Proc. No.

11(b)(3) ("By presenting to the court a pleading, … an attorney … certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: … (1) it is not being presented for any improper purpose, such as to harass, … or needlessly increase the cost of litigation; … (3) the factual contentions have evidentiary support, or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery…");  see also Fed. R. Civ. Proc. No. 12(b)(1) (a court must dismiss a case for which it lacks jurisdiction.  A claim should be dismissed for lack of subject-matter jurisdiction "when the court does not have statutory or constitutional power to adjudicate the case."  *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.,* 668 F.3d 281, 286 (5th Cir.2012).  The party asserting jurisdiction bears the burden of proof to establish jurisdiction.); see also, Fed. R. Civ. Proc. 15(b)(2) (Defendant Ian McCaw hereby affirmative states that he is not, does not, and will not expressly or by implication consent to trial of any issues against him as no such issues have been raised against him by Plaintiff's Complaint and because he has not been properly given notice of any such issues Plaintiff may be intending to raise against him as such a proceeding against him violates his rights to substantive and procedural due process of law); see also Fed. R. Civ. Proc. No. 26 (Even if Plaintiff had listed any factual allegations against Defendant Ian McCaw (she has not), Plaintiff has not properly disclosed any factual allegation Ian McCaw as required by this rule.); see also Fed. R. Civ. Proc. No. 37 (c)(1) (listing remedies available for Plaintiff's failure to disclose and to supplement).

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims."  *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate*

*Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  Accordingly, "before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990).

To establish standing under Article III, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).  "The injury must affect the plaintiff in a personal and individual way." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992).

Dolores Lozano lacks individual standing under Article III because she has not identified an injury that is fairly traceable to any of McCaw's challenged conduct. In fact, Lozano has failed to identify any challenged conduct by McCaw. Lozano's live complaint only contains vague allegations that do not put McCaw on notice for an injury that is fairly traceable to his actions.  Consequently, Dolores Lozano lacks standing to pursue individual claims against McCaw. The Court lacks jurisdiction and must dismiss with prejudice the state law negligence claims of Lozano against McCaw and must certainly not allow any arguments to be made at trial of any evidence to be presented at trial which is intended to or does directly or by implication call for any verdict to be rendered by the jury in favor of Dolores Lozano against Ian McCaw on any claim she may have intended to plead or may have arguably pled against Ian McCaw.

## 2.

Any mention or reference to other lawsuits, litigation, or claims against Baylor University, Ian McCaw, or Art Briles, as such evidence is not relevant and the prejudicial effect

would far outweigh any probative value. *See* Fed. R. Evid. 401, 402, and 403.

**3.**

Any allegation or argument that Defendant or its counsel delayed this litigation for any reason, or took any action for the purpose of increasing the costs of litigation, or delaying trial, or committed any abuse of discovery. Such allegations are untrue, irrelevant, inflammatory, and prejudicial. *See* Fed.R.Evid 401, 402, and 403

**4.**

Any statement or reference to any offers of settlement which have been made or not made, or any reference to the fact that this lawsuit could not be or was not settled, compromised, or resolved with the Defendant. *See* Fed.R.Evid 408.

**5.**

Any mention or reference to the failure to call a witness available equally to either party.

**6.**

Any reference or mention of or statement regarding the probable testimony of a witness who is absent, unavailable, or not called to testify in this cause of action.

**7.**

Any testimony, documents, and/or any other evidence that Plaintiff did not timely produce in her required disclosures and/or in response to discovery requests directed at such information.

**8.**

Any expert testimony of any kind or character from a witness who has not been properly designated as an expert in accordance with the Court's Scheduling Order and the Federal Rules

of Civil Procedure. *See* Fed.R,.Evid. 701, and 702; Fed.R.Civ.P. 26(a)(2); *Thudium v. Allied Prods. Corp.*, 36 F.3d 767, 769-70 (8th Cir. 1994).

**9.**

Any request or offer in the presence of the jury or jury panel to stipulate or agree to any fact or evidence, or any comment or reference to Defendant's refusal to do so.

**10.**

Any mention, reference to, or evidence of the relative financial positions of the parties, or any comment, reference, or question comparing the resources of the Defendants to the Plaintiff or as to any other party, or to ask any question about or comment or refer to the assets, liabilities, ownership, or property or wealth of the Defendants. Such comments and/or evidence are irrelevant to any issue in this case and serve only to improperly inflame and/or prejudice the jury. *See* Fed.R.Evid. 401, 402, and 403.

**11.**

Any reference to, or discussion of, the  NCAA Baylor University Public Infractions Decision of August 11, 2021. The Decision contains hearsay, and hearsay within hearsay. *See* Fed.R.Evid. 801, 802, 805, 901, and 902.  Further, the probative value of any relevant evidence within it, if any, is outweighed by a danger of unfair prejudice, confusion of the issues, or misleading of the fact-finder. *See* Fed.R.Evid. 403.

Further, the NCAA Committee on Infractions (COI) acknowledged in the report that the NCAA lacks jurisdiction and authority over Title IX issues; therefore, the COI's statements are irrelevant. *See* Dkt. 212-5, p. 3 ("the COI does not have a role to play alongside these entities in investigating and sanctioning institutional responses to sexual and interpersonal violence."). The COI's opinions on whether Baylor complied with Title IX are inadmissible legal

conclusions. *See Coastal Carolina Univ.*, 2021 WL 1651057, *2.

The content of the NCAA report also shows that it was not made close in time to the events discussed in the report, is not based on direct knowledge of the authors of the report, and contains subjective interpretation which is generally excluded from the business records exception. *See, e.g., Abascal v. Fleckenstein*, 820 F.3d 561, 565 (2nd Cir. 2016) (holding on similar grounds that nonprofit group's report on prison conditions was inadmissible). The document also embeds hearsay from students and former employees. FED. R. EVID. 801, 802; *see, e.g.*, Dkt. 212-5, pp. 8-20. Out-of-court statements made by former Baylor employees during the NCAA investigation are inadmissible under Rule 801(d). *See, e.g., In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prod. Liability Lit.*, 888 F.3d 753, 786–87 (5th Cir. 2018) (finding error when plaintiffs' counsel read into the record a resignation letter from defendant's employee; "Rule 801(d)(2)(D) does not apply to a resignation letter, where the employee is no longer 'inhibited by [his] relationship with the principal.'"); *Charles v. Consol. Fabrications Constr., Inc.*, 686 F. App'x 300, 303 (5th Cir. 2017) (out-of-court statement made by former employee was inadmissible hearsay). The report also addresses drug testing issues relating to athletes, which is irrelevant to this case

Further, because it was issued seven years after Lozano's alleged assaults, the NCAA report is not evidence of prior notice of any deficiencies in its policies or programs relating to Title IX, dating violence, athlete misconduct, or any other issue.  FED. R. EVID. 401 (irrelevant).

**12.**

Any reference to, or discussion of, any law enforcement Incident Reports for any events other than the alleged incidents of violence made the basis of this suit. All such reports  contain hearsay, and hearsay within hearsay. *See* Fed.R.Evid. 801, 802, 805,  901, and 902.    Further,

the probative value of any relevant evidence within them, if any, is outweighed by a danger of

unfair prejudice, confusion of the issues, or misleading of the fact-finder. *See* Fed.R.Evid. 403.

## 13.

Any evidence, testimony, and argument regarding incidents of student misconduct that

do not involve dating violence. In discrimination cases, incidents involving third parties are not

relevant unless the third parties are *similarly situated* to the plaintiff.  Thus, in a Title VII case,

the Fifth Circuit has held that discrimination incidents involving other employees "cannot

establish that discrimination was a company's standard operating procedure unless those

employees are *similarly situated to the plaintiff*"; moreover, admission of such evidence was

"substantially prejudicial" and forced the company to respond to each witness's claim, creating

"several 'trials within a trial.'" *Wyvill v. United Companies Life Ins. Co*., 212 F.3d 296, 303

(5th Cir. 2000) (emphasis added). The relevance of evidence of discrimination against others

depends in part on "how closely related the evidence is to the plaintiff's circumstances and

theory of the case." *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008).

More recently, in *Jane Doe 1 et v. Baylor Univ*., this Court declined to compel

production of reports of "gender-based harassment" in a case that involved claims of sexual

assault; the reports of gender-based harassment were not relevant even if the harassment

followed an assault. Dkt. 302, *Jane Doe 1 et al v. Baylor Univ.*, C.A. No. 6:16-CV-00173-RP,

in the United States District Court for the Western District of Texas. Courts routinely

distinguish sex-based assaults from other types of physical assaults. *See, e.g*., *Doe v. Elson S.*

*Floyd College of Medicine at Wash. St. Univ*., 2020 WL 4043975, * 8 (E.D. Wash., July 17,

2020) (plaintiff's allegations that her boyfriend was "aggressive and angry toward her during

their breakup" and overturned a coffee table would not support a violation of Title IX); *Doe v.*

*Huntington Indep. Sch. Dist.*, 2020 WL 10317505, \*5 (E.D. Tex., Oct. 5, 2020) (rejecting heightened risk claim based on "culture of hazing" where athlete was sodomized with a broomstick); *see also Ruvalcaba v. Angleton Indep. Sch. Dist.,* 2022 WL 340592, \*5 (5th Cir., Feb. 4, 2022) ("generalized bullying" not covered by Title IX).

In this case, Lozano wishes to introduce evidence of incidents that bear no resemblance to her claims of dating violence. Her complaint points to male-on-male fights and alleged rapes which are not remotely similar to her claims. Sexual misconduct and dating violence are factually and legally distinct. *See, e.g., Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 758 (Tex. 1998) ("a spate of domestic violence in the complex does not portend third party sexual assaults or robberies"); *Austin v. Univ. of Oregon*, 2017 WL 4621802 (D. Or., June 7, 2017) (a "domestic violence event or a physical assault" have "nothing to do with an allegation of failing to obtain consent prior to penetration"); *Tate v. Zaleski*, 2021 WL 5915067, \*2-3 (S.D. Miss. Dec. 14, 2021) (plaintiffs cited no cases "where evidence of a domestic violence arrest is admissible in cases involving sexual harassment or hostile work environment claims").

The evidence is not relevant, and any minimal probative value is substantially outweighed by the risk it will confuse the issues, mislead the jury, waste time at trial, and cause unfair prejudice. FED. R. EVID. 403. Such evidence would result in excessive "trials within the trial" regarding Baylor's response to other incidents. *See Wyvill v. United Companies Life Ins. Co.*, 212 F.3d 296, 303 (5th Cir. 2000) (admission of dissimilar incidents was "substantially prejudicial" and forced the company to respond to each witness's claim, creating "several 'trials within a trial.'"). Unrelated incidents are likely to confuse the issues and mislead the jury into conflating its conclusions regarding those incidents with its conclusion in this case.  And to the

extent the jury finds fault with Baylor's response to other incidents, the evidence incidents would be unduly prejudicial by creating an undue tendency for the jury to find Baylor liable to Lozano for its response to incidents that did not involve Lozano.

### 14.

Any evidence, testimony, and argument regarding student misconduct that does not involve football players or that occurred prior to Chafin's enrollment at Baylor in the summer of 2012. Lozano's Title IX and negligence claims turn solely on incidents within the football program. *See* Dkt. 50, ¶ 153 (alleging that sexual misconduct and dating violence were "pervasive among its football program"); *id.* at ¶ 166 (alleging Baylor's actions "increased the likelihood that Lozano, and other female students, would be assaulted by football players"); *id*. at ¶ 86 (incidents "emboldened" football players). Lozano does not allege that conduct by non-football players made it more likely that Chafin would assault Lozano. Nor does she contend that conduct unknown to Chafin emboldened him. These other incidents are irrelevant, and any minimal probative value is substantially outweighed by the risk they will confuse the issues, mislead the jury, waste time at trial, and cause unfair prejudice by importing tangential issues involving Baylor's response to the other incidents. And to the extent the jury finds fault with Baylor's response to those other incidents, the introduction of those incidents is unfairly prejudicial because it creates an undue tendency for the jury to find Baylor liable to Lozano for its response to incidents that did not involve her. FED. R. EVID. 403.

### 15.

Any evidence, testimony, and argument regarding the Board of Regents May 2016 "Findings of Fact" ("FOF") which were released after the Pepper Hamilton investigation. Dkt.

218-6. The FOF states that its findings are "based on the law, related authority, facts and reasonable inferences from the facts" provided by Pepper Hamilton to the Regents. *Id.* at 2-3. The FOF contains numerous legal conclusions in which some unidentified legal standard is applied to the facts. The FOF's overarching legal conclusion is "a fundamental failure by Baylor to implement Title IX of the Education Amendments of 1972 (Title IX) and the Violence Against Women Reauthorization Act of 2013 (VAWA)." Dkt. 218-6, FOF at 1. The FOF does not reference Lozano or Chafin. *Id.*

The legal conclusions in the Findings of Fact are inadmissible. *See Muccie v. Dailey*, 2022 WL 1746755, *2 (D. Mont., May 31, 2022) ("Whether BSD failed to adhere to Title IX constitutes an ultimate legal conclusion" and any opinions to that effect were inadmissible); *see generally Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 299 n. 5 (5th Cir. 2019) (legal conclusions may not be used as evidentiary admissions); *Eagleston v. Guido*, 41 F.3d 865, 873–74 (2d Cir. 1994) (police commissioner's views on whether a policy violated the law "would be inadmissible because they are legal conclusions concerning an ultimate issue in the case").

Moreover, the Findings of Fact contain legal conclusions based on Baylor's compliance or noncompliance with the Clery Act and the VAWA amendments, but, as above, such statements are inadmissible as a matter of law. 20 U.S.C. § 1092(f)(14)(B) (emphasis added).

If the statements are admitted, there is a substantial risk of prejudice to Baylor and of confusion of the issues. The FOF contains a mixture of opinions based on the VAWA amendments and federal administrative guidance (the 2011 Dear Colleague Letter and other unspecified administrative guidance). The FOF also contains numerous opinions regarding sexual assault claims, which Lozano does not allege. It would be unduly prejudicial to Baylor to expose the jury to legal conclusions formulated by Pepper Hamilton based on non-binding

administrative guidance and a federal law (Clery/VAWA) that cannot be used to impose liability on Baylor (Clery/VAWA).

In addition, because the Findings of Fact were issued in May 2016, more than two years after the assaults alleged by Lozano, the FOF is not evidence of prior notice by Baylor of any deficiencies in its policies or programs. The report also contains hearsay in the form of out-of-court statements by Pepper Hamilton, not Baylor, offered to prove the truth of the matter asserted in the statement. FED. R. EVID. 801.

**16.**

Reference to the filing of this Motion by Defendant, any ruling thereon by the Court, or any suggestion or inference to the jury that Defendant has moved to prohibit any evidence or proof or that the Court has excluded any evidence or proof.

**II.**

Defendant further requests that if Plaintiff wishes to propose a theory of admissibility concerning the matters set forth above, then the Court order that the Plaintiff first request a ruling from the Court regarding such theory of admissibility outside the presence and hearing of all jurors and prospective jurors.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that this Honorable Court order that Plaintiff and all of Plaintiff's witnesses be required to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, including the offering of documents through evidence, of any of the matters set forth in this Motion; Defendant further prays for such other and further relief, both general or special, at law on in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

*/s/ Thomas P. Brandt*
**THOMAS P.  BRANDT**
State Bar No.02883500
tbrandt@fhmbk.com
**STEPHEN D. HENNINGER**
State Bar No.00784256
shenninger@fhmbk.com
**FANNING HARPER MARTINSON**
**BRANDT & KUTCHIN, P.C.**
One Glen Lakes
8140 Walnut Hill Lane, Suite 200
Dallas, Texas 75231
(214) 369-1300 (office)
(214) 987-9649 (telecopier)
**ATTORNEYS FOR DEFENDANT**
**IAN McCAW**

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2023, I electronically filed the foregoing document with the Clerk of the Court through the ECF system and an email notice of the electronic filing was sent to all attorneys of record.

*/s/ Thomas P. Brandt*
**THOMAS P.  BRANDT**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **DOLORES LOZANO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO: 6:16-CV-403-RP** |
| **BAYLOR UNIVERSITY; ART BRILES,** | § | |
| **in his individual capacity; IAN MCCAW,** | § | |
| **in his individual capacity, and CITY OF** | § | |
| **WACO,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER ON DEFENDANT IAN McCAW'S MOTION IN LIMINE**

ON THIS, the day of signing, came on to be considered Defendant Ian McCaw's Motion

in Limine.  The Court, having considered the motion and any responses, thereto, rules as follows:

Request No. 1: _____ GRANTED

_____ DENIED

_____ MODIFIED AS FOLLOWS:


Request No. 2: _____ GRANTED

_____ DENIED

_____ MODIFIED AS FOLLOWS:


Request No. 3: _____ GRANTED

_____ DENIED

_____ MODIFIED AS FOLLOWS:

Request No. 4:          _____ GRANTED

                        _____ DENIED

                        _____MODIFIED AS FOLLOWS:


Request No. 5:          _____ GRANTED

                        _____ DENIED

                        _____MODIFIED AS FOLLOWS:


Request No. 6:          _____ GRANTED

                        _____ DENIED

                        _____MODIFIED AS FOLLOWS:


Request No. 7:          _____ GRANTED

                        _____ DENIED

                        _____MODIFIED AS FOLLOWS:


Request No. 8:          _____ GRANTED

                        _____ DENIED

                        _____MODIFIED AS FOLLOWS:


Request No. 9:          _____ GRANTED

                        _____ DENIED

_____MODIFIED AS FOLLOWS:

Request No. 10:        _____ GRANTED

                      _____ DENIED

                      _____MODIFIED AS FOLLOWS:


Request No. 11:        _____ GRANTED

                      _____ DENIED

                      _____MODIFIED AS FOLLOWS:

Request No. 12:        _____ GRANTED

                      _____ DENIED

                      _____MODIFIED AS FOLLOWS:

Request No. 13:        _____ GRANTED

                      _____ DENIED

                      _____MODIFIED AS FOLLOWS:

Request No. 14:        _____ GRANTED

                      _____ DENIED

                      _____MODIFIED AS FOLLOWS:

Request No. 15:        _____ GRANTED

                      _____ DENIED

                      _____MODIFIED AS FOLLOWS:

Request No. 16:        _____ GRANTED

                      _____ DENIED

                      _____MODIFIED AS FOLLOWS:

SIGNED the _____ day of _____, 2023.

_____
**JUDGE PRESIDING**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **DOLORES LOZANO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO: 6:16-CV-403-RP** |
| **BAYLOR UNIVERSITY; ART BRILES,** | § | |
| **in his individual capacity; IAN MCCAW,** | § | |
| **in his individual capacity, and CITY OF** | § | |
| **WACO,** | § | |
| | § | |
| **Defendants.** | § | |

**<u>DEFENDANT IAN McCAW'S ESTIMATE OF TRIAL LENGTH</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Ian McCaw, a Defendant in the above-styled and numbered cause ("McCaw" or "Defendant"), and provides his estimate of the probable length of trial. McCaw estimates that the trial of this case will last 1 and ½ to 2 weeks.

Respectfully submitted,

*/s/ Thomas P. Brandt*
**THOMAS P.  BRANDT**
State Bar No.02883500
tbrandt@fhmbk.com
**STEPHEN D. HENNINGER**
State Bar No.00784256
shenninger@fhmbk.com
**FANNING HARPER MARTINSON
BRANDT & KUTCHIN, P.C.**
One Glen Lakes
8140 Walnut Hill Lane, Suite 200
Dallas, Texas 75231
(214) 369-1300 (office)
(214) 987-9649 (telecopier)
**ATTORNEYS FOR DEFENDANT
IAN McCAW**

EXHIBIT 9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 15, 2023, I electronically filed the foregoing document with the Clerk of the Court through the ECF system and an email notice of the electronic filing was sent to all attorneys of record.


*/s/ Thomas P. Brandt*
**THOMAS P.  BRANDT**