**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **DOLORES LOZANO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO: 6:16-CV-403-RP** |
| **BAYLOR UNIVERSITY; ART BRILES, in his individual capacity; IAN MCCAW, in his individual capacity, and CITY OF WACO,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT IAN McCAW'S MOTION IN LIMINE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Ian McCaw, a Defendant in the above-styled and numbered cause, and, after this case has been assigned for trial, and prior to the voir dire examination of the jury panel in connection with such trial, files this Motion in Limine. Defendant respectfully moves the Court to instruct Plaintiff not to mention within the hearing of any member of the jury panel, either in voir dire examination, upon reading of the pleadings, upon statement of the case, by interrogation of the witnesses, in argument, by objections in the presence of the jury, or otherwise, any of the following matters, either directly or indirectly, nor to refer to, interrogate concerning, or otherwise apprise the jury of any of the following matters until each such matter has been called to the Court's attention out of the presence and hearing of the jury, and a ruling had by the Court as to the competency of each such matter outside the presence and hearing of any members of the jury or jury panel. It is further moved that Plaintiff be instructed to apprise each of Plaintiff's witnesses of the contents of this motion so that it not be inadvertently violated

EXHIBIT 8

by a witness. The matters subject to this motion in limine are as follows:

**I.**

**1.**

Any mention of any argument or any evidence whatsoever, be it in any form (e.g., testimonial evidence, documentary evidence, or any other form of evidence), which is intended to present or which does present any argument in support of or evidentiary support for any alleged claim that Plaintiff may consider herself to have brought against Ian McCaw since Plaintiff has never, in all the years this litigation has been pending, alleged in a complaint, filed with this Court, any specific, factual allegations against Ian McCaw which, if proven, would entitle Plaintiff to have a judge or jury find that she is entitled to any recovery against him, under any theory of liability, a judgment for money damages or any other relief under the law. See, U.S. Constitution, Article III, section 2 (jurisdiction is limited to cases or controversies); see also, U.S. Constitution, Amendment V (No person shall be … deprived of property without due process of law); U.S. Constitution, Amendment XIV, section 1 ("nor shall any State deprive any person of life, liberty, or property without due process of law); see also Fed. R. Civ. P. No. 1 (The rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); Fed. R. Civ. Proc. No. 3 (A civil action is commenced by filing a complaint with the court.); Fed. R. Civ. Proc. No. 8(a) (A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim need no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."); see also Fed. R. Civ. Proc. No.

11(b)(3) ("By presenting to the court a pleading, … an attorney … certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: … (1) it is not being presented for any improper purpose, such as to harass, … or needlessly increase the cost of litigation; … (3) the factual contentions have evidentiary support, or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery…); see also Fed. R. Civ. Proc. No. 12(b)(1) (a court must dismiss a case for which it lacks jurisdiction. A claim should be dismissed for lack of subject-matter jurisdiction "when the court does not have statutory or constitutional power to adjudicate the case." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir.2012). The party asserting jurisdiction bears the burden of proof to establish jurisdiction.); see also, Fed. R. Civ. Proc. 15(b)(2) (Defendant Ian McCaw hereby affirmative states that he is not, does not, and will not expressly or by implication consent to trial of any issues against him as no such issues have been raised against him by Plaintiff's Complaint and because he has not been properly given notice of any such issues Plaintiff may be intending to raise against him as such a proceeding against him violates his rights to substantive and procedural due process of law); see also Fed. R. Civ. Proc. No. 26 (Even if Plaintiff had listed any factual allegations against Defendant Ian McCaw (she has not), Plaintiff has not properly disclosed any factual allegation Ian McCaw as required by this rule.); see also Fed. R. Civ. Proc. No. 37 (c)(1) (listing remedies available for Plaintiff's failure to disclose and to supplement).

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate*

*Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Accordingly, "before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990).

To establish standing under Article III, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). "The injury must affect the plaintiff in a personal and individual way." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992).

Dolores Lozano lacks individual standing under Article III because she has not identified an injury that is fairly traceable to any of McCaw's challenged conduct. In fact, Lozano has failed to identify any challenged conduct by McCaw. Lozano's live complaint only contains vague allegations that do not put McCaw on notice for an injury that is fairly traceable to his actions. Consequently, Dolores Lozano lacks standing to pursue individual claims against McCaw. The Court lacks jurisdiction and must dismiss with prejudice the state law negligence claims of Lozano against McCaw and must certainly not allow any arguments to be made at trial of any evidence to be presented at trial which is intended to or does directly or by implication call for any verdict to be rendered by the jury in favor of Dolores Lozano against Ian McCaw on any claim she may have intended to plead or may have arguably pled against Ian McCaw.

**2.**

Any mention or reference to other lawsuits, litigation, or claims against Baylor University, Ian McCaw, or Art Briles, as such evidence is not relevant and the prejudicial effect

would far outweigh any probative value. *See* Fed. R. Evid. 401, 402, and 403.

**3.**

Any allegation or argument that Defendant or its counsel delayed this litigation for any reason, or took any action for the purpose of increasing the costs of litigation, or delaying trial, or committed any abuse of discovery. Such allegations are untrue, irrelevant, inflammatory, and prejudicial. *See* Fed.R.Evid 401, 402, and 403

**4.**

Any statement or reference to any offers of settlement which have been made or not made, or any reference to the fact that this lawsuit could not be or was not settled, compromised, or resolved with the Defendant. *See* Fed.R.Evid 408.

**5.**

Any mention or reference to the failure to call a witness available equally to either party.

**6.**

Any reference or mention of or statement regarding the probable testimony of a witness who is absent, unavailable, or not called to testify in this cause of action.

**7.**

Any testimony, documents, and/or any other evidence that Plaintiff did not timely produce in her required disclosures and/or in response to discovery requests directed at such information.

**8.**

Any expert testimony of any kind or character from a witness who has not been properly designated as an expert in accordance with the Court's Scheduling Order and the Federal Rules

of Civil Procedure. *See* Fed.R,.Evid. 701, and 702; Fed.R.Civ.P. 26(a)(2); *Thudium v. Allied Prods. Corp.*, 36 F.3d 767, 769-70 (8th Cir. 1994).

**9.**

Any request or offer in the presence of the jury or jury panel to stipulate or agree to any fact or evidence, or any comment or reference to Defendant's refusal to do so.

**10.**

Any mention, reference to, or evidence of the relative financial positions of the parties, or any comment, reference, or question comparing the resources of the Defendants to the Plaintiff or as to any other party, or to ask any question about or comment or refer to the assets, liabilities, ownership, or property or wealth of the Defendants. Such comments and/or evidence are irrelevant to any issue in this case and serve only to improperly inflame and/or prejudice the jury. *See* Fed.R.Evid. 401, 402, and 403.

**11.**

Any reference to, or discussion of, the NCAA Baylor University Public Infractions Decision of August 11, 2021. The Decision contains hearsay, and hearsay within hearsay. *See* Fed.R.Evid. 801, 802, 805, 901, and 902. Further, the probative value of any relevant evidence within it, if any, is outweighed by a danger of unfair prejudice, confusion of the issues, or misleading of the fact-finder. *See* Fed.R.Evid. 403.

Further, the NCAA Committee on Infractions (COI) acknowledged in the report that the NCAA lacks jurisdiction and authority over Title IX issues; therefore, the COI's statements are irrelevant. *See* Dkt. 212-5, p. 3 ("the COI does not have a role to play alongside these entities in investigating and sanctioning institutional responses to sexual and interpersonal violence."). The COI's opinions on whether Baylor complied with Title IX are inadmissible legal

conclusions. *See Coastal Carolina Univ*., 2021 WL 1651057, *2.

The content of the NCAA report also shows that it was not made close in time to the events discussed in the report, is not based on direct knowledge of the authors of the report, and contains subjective interpretation which is generally excluded from the business records exception. *See, e.g., Abascal v. Fleckenstein*, 820 F.3d 561, 565 (2nd Cir. 2016) (holding on similar grounds that nonprofit group's report on prison conditions was inadmissible). The document also embeds hearsay from students and former employees. FED. R. EVID. 801, 802; *see, e.g.*, Dkt. 212-5, pp. 8-20. Out-of-court statements made by former Baylor employees during the NCAA investigation are inadmissible under Rule 801(d). *See, e.g., In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prod. Liability Lit.*, 888 F.3d 753, 786–87 (5th Cir. 2018) (finding error when plaintiffs' counsel read into the record a resignation letter from defendant's employee; "Rule 801(d)(2)(D) does not apply to a resignation letter, where the employee is no longer 'inhibited by [his] relationship with the principal.'"); *Charles v. Consol. Fabrications Constr., Inc.*, 686 F. App'x 300, 303 (5th Cir. 2017) (out-of-court statement made by former employee was inadmissible hearsay). The report also addresses drug testing issues relating to athletes, which is irrelevant to this case

Further, because it was issued seven years after Lozano's alleged assaults, the NCAA report is not evidence of prior notice of any deficiencies in its policies or programs relating to Title IX, dating violence, athlete misconduct, or any other issue. FED. R. EVID. 401 (irrelevant).

**12.**

Any reference to, or discussion of, any law enforcement Incident Reports for any events other than the alleged incidents of violence made the basis of this suit. All such reports contain hearsay, and hearsay within hearsay. *See* Fed.R.Evid. 801, 802, 805, 901, and 902. Further,

the probative value of any relevant evidence within them, if any, is outweighed by a danger of unfair prejudice, confusion of the issues, or misleading of the fact-finder. *See* Fed.R.Evid. 403.

**13.**

Any evidence, testimony, and argument regarding incidents of student misconduct that do not involve dating violence. In discrimination cases, incidents involving third parties are not relevant unless the third parties are *similarly situated* to the plaintiff. Thus, in a Title VII case, the Fifth Circuit has held that discrimination incidents involving other employees "cannot establish that discrimination was a company's standard operating procedure unless those employees are *similarly situated to the plaintiff*"; moreover, admission of such evidence was "substantially prejudicial" and forced the company to respond to each witness's claim, creating "several 'trials within a trial.'" *Wyvill v. United Companies Life Ins. Co*., 212 F.3d 296, 303 (5th Cir. 2000) (emphasis added). The relevance of evidence of discrimination against others depends in part on "how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008).

More recently, in *Jane Doe 1 et v. Baylor Univ*., this Court declined to compel production of reports of "gender-based harassment" in a case that involved claims of sexual assault; the reports of gender-based harassment were not relevant even if the harassment followed an assault. Dkt. 302, *Jane Doe 1 et al v. Baylor Univ*., C.A. No. 6:16-CV-00173-RP, in the United States District Court for the Western District of Texas. Courts routinely distinguish sex-based assaults from other types of physical assaults. *See, e.g., Doe v. Elson S. Floyd College of Medicine at Wash. St. Univ*., 2020 WL 4043975, * 8 (E.D. Wash., July 17, 2020) (plaintiff's allegations that her boyfriend was "aggressive and angry toward her during their breakup" and overturned a coffee table would not support a violation of Title IX); *Doe v.*

*Huntington Indep. Sch. Dist.*, 2020 WL 10317505, *5 (E.D. Tex., Oct. 5, 2020) (rejecting heightened risk claim based on "culture of hazing" where athlete was sodomized with a broomstick); *see also Ruvalcaba v. Angleton Indep. Sch. Dist.*, 2022 WL 340592, *5 (5th Cir., Feb. 4, 2022) ("generalized bullying" not covered by Title IX).

In this case, Lozano wishes to introduce evidence of incidents that bear no resemblance to her claims of dating violence. Her complaint points to male-on-male fights and alleged rapes which are not remotely similar to her claims. Sexual misconduct and dating violence are factually and legally distinct. *See, e.g., Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 758 (Tex. 1998) ("a spate of domestic violence in the complex does not portend third party sexual assaults or robberies"); *Austin v. Univ. of Oregon*, 2017 WL 4621802 (D. Or., June 7, 2017) (a "domestic violence event or a physical assault" have "nothing to do with an allegation of failing to obtain consent prior to penetration"); *Tate v. Zaleski*, 2021 WL 5915067, *2-3 (S.D. Miss. Dec. 14, 2021) (plaintiffs cited no cases "where evidence of a domestic violence arrest is admissible in cases involving sexual harassment or hostile work environment claims").

The evidence is not relevant, and any minimal probative value is substantially outweighed by the risk it will confuse the issues, mislead the jury, waste time at trial, and cause unfair prejudice. FED. R. EVID. 403. Such evidence would result in excessive "trials within the trial" regarding Baylor's response to other incidents. *See Wyvill v. United Companies Life Ins. Co.*, 212 F.3d 296, 303 (5th Cir. 2000) (admission of dissimilar incidents was "substantially prejudicial" and forced the company to respond to each witness's claim, creating "several 'trials within a trial.'"). Unrelated incidents are likely to confuse the issues and mislead the jury into conflating its conclusions regarding those incidents with its conclusion in this case. And to the

extent the jury finds fault with Baylor's response to other incidents, the evidence incidents would be unduly prejudicial by creating an undue tendency for the jury to find Baylor liable to Lozano for its response to incidents that did not involve Lozano.

**14.**

Any evidence, testimony, and argument regarding student misconduct that does not involve football players or that occurred prior to Chafin's enrollment at Baylor in the summer of 2012. Lozano's Title IX and negligence claims turn solely on incidents within the football program. *See* Dkt. 50, ¶ 153 (alleging that sexual misconduct and dating violence were "pervasive among its football program"); *id.* at ¶ 166 (alleging Baylor's actions "increased the likelihood that Lozano, and other female students, would be assaulted by football players"); *id*. at ¶ 86 (incidents "emboldened" football players). Lozano does not allege that conduct by non-football players made it more likely that Chafin would assault Lozano. Nor does she contend that conduct unknown to Chafin emboldened him. These other incidents are irrelevant, and any minimal probative value is substantially outweighed by the risk they will confuse the issues, mislead the jury, waste time at trial, and cause unfair prejudice by importing tangential issues involving Baylor's response to the other incidents. And to the extent the jury finds fault with Baylor's response to those other incidents, the introduction of those incidents is unfairly prejudicial because it creates an undue tendency for the jury to find Baylor liable to Lozano for its response to incidents that did not involve her. FED. R. EVID. 403.

**15.**

Any evidence, testimony, and argument regarding the Board of Regents May 2016 "Findings of Fact" ("FOF") which were released after the Pepper Hamilton investigation. Dkt.

218-6. The FOF states that its findings are "based on the law, related authority, facts and reasonable inferences from the facts" provided by Pepper Hamilton to the Regents. *Id.* at 2-3. The FOF contains numerous legal conclusions in which some unidentified legal standard is applied to the facts. The FOF's overarching legal conclusion is "a fundamental failure by Baylor to implement Title IX of the Education Amendments of 1972 (Title IX) and the Violence Against Women Reauthorization Act of 2013 (VAWA)." Dkt. 218-6, FOF at 1. The FOF does not reference Lozano or Chafin. *Id.*

The legal conclusions in the Findings of Fact are inadmissible. *See Muccie v. Dailey*, 2022 WL 1746755, *2 (D. Mont., May 31, 2022) ("Whether BSD failed to adhere to Title IX constitutes an ultimate legal conclusion" and any opinions to that effect were inadmissible); *see generally Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 299 n. 5 (5th Cir. 2019) (legal conclusions may not be used as evidentiary admissions); *Eagleston v. Guido*, 41 F.3d 865, 873–74 (2d Cir. 1994) (police commissioner's views on whether a policy violated the law "would be inadmissible because they are legal conclusions concerning an ultimate issue in the case").

Moreover, the Findings of Fact contain legal conclusions based on Baylor's compliance or noncompliance with the Clery Act and the VAWA amendments, but, as above, such statements are inadmissible as a matter of law. 20 U.S.C. § 1092(f)(14)(B) (emphasis added).

If the statements are admitted, there is a substantial risk of prejudice to Baylor and of confusion of the issues. The FOF contains a mixture of opinions based on the VAWA amendments and federal administrative guidance (the 2011 Dear Colleague Letter and other unspecified administrative guidance). The FOF also contains numerous opinions regarding sexual assault claims, which Lozano does not allege. It would be unduly prejudicial to Baylor to expose the jury to legal conclusions formulated by Pepper Hamilton based on non-binding

administrative guidance and a federal law (Clery/VAWA) that cannot be used to impose liability on Baylor (Clery/VAWA).

In addition, because the Findings of Fact were issued in May 2016, more than two years after the assaults alleged by Lozano, the FOF is not evidence of prior notice by Baylor of any deficiencies in its policies or programs. The report also contains hearsay in the form of out-of-court statements by Pepper Hamilton, not Baylor, offered to prove the truth of the matter asserted in the statement. FED. R. EVID. 801.

**16.**

Reference to the filing of this Motion by Defendant, any ruling thereon by the Court, or any suggestion or inference to the jury that Defendant has moved to prohibit any evidence or proof or that the Court has excluded any evidence or proof.

**II.**

Defendant further requests that if Plaintiff wishes to propose a theory of admissibility concerning the matters set forth above, then the Court order that the Plaintiff first request a ruling from the Court regarding such theory of admissibility outside the presence and hearing of all jurors and prospective jurors.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that this Honorable Court order that Plaintiff and all of Plaintiff's witnesses be required to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, including the offering of documents through evidence, of any of the matters set forth in this Motion; Defendant further prays for such other and further relief, both general or special, at law on in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

*/s/ Thomas P. Brandt*
**THOMAS P. BRANDT**
State Bar No.02883500
tbrandt@fhmbk.com
**STEPHEN D. HENNINGER**
State Bar No.00784256
shenninger@fhmbk.com
**FANNING HARPER MARTINSON BRANDT & KUTCHIN, P.C.**
One Glen Lakes
8140 Walnut Hill Lane, Suite 200
Dallas, Texas 75231
(214) 369-1300 (office)
(214) 987-9649 (telecopier)
**ATTORNEYS FOR DEFENDANT IAN McCAW**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2023, I electronically filed the foregoing document with the Clerk of the Court through the ECF system and an email notice of the electronic filing was sent to all attorneys of record.

*/s/ Thomas P. Brandt*
**THOMAS P. BRANDT**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **DOLORES LOZANO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO: 6:16-CV-403-RP** |
| **BAYLOR UNIVERSITY; ART BRILES, in his individual capacity; IAN MCCAW, in his individual capacity, and CITY OF WACO,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER ON DEFENDANT IAN McCAW'S MOTION IN LIMINE**

ON THIS, the day of signing, came on to be considered Defendant Ian McCaw's Motion in Limine. The Court, having considered the motion and any responses, thereto, rules as follows:

Request No. 1: _______ GRANTED

_______ DENIED

_______MODIFIED AS FOLLOWS:

Request No. 2: _______ GRANTED

_______ DENIED

_______MODIFIED AS FOLLOWS:

Request No. 3: _______ GRANTED

_______ DENIED

_______MODIFIED AS FOLLOWS:

Request No. 4: _______ GRANTED

_______ DENIED

_______MODIFIED AS FOLLOWS:

Request No. 5: _______ GRANTED

_______ DENIED

_______MODIFIED AS FOLLOWS:

Request No. 6: _______ GRANTED

_______ DENIED

_______MODIFIED AS FOLLOWS:

Request No. 7: _______ GRANTED

_______ DENIED

_______MODIFIED AS FOLLOWS:

Request No. 8: _______ GRANTED

_______ DENIED

_______MODIFIED AS FOLLOWS:

Request No. 9: _______ GRANTED

_______ DENIED

_______MODIFIED AS FOLLOWS:

Request No. 10: _______ GRANTED

_______ DENIED

_______MODIFIED AS FOLLOWS:

Request No. 11: _______ GRANTED

_______ DENIED

_______MODIFIED AS FOLLOWS:

Request No. 12: _______ GRANTED

_______ DENIED

_______MODIFIED AS FOLLOWS:

Request No. 13: _______ GRANTED

_______ DENIED

_______MODIFIED AS FOLLOWS:

Request No. 14: _______ GRANTED

_______ DENIED

_______MODIFIED AS FOLLOWS:

Request No. 15: _______ GRANTED

_______ DENIED

_______MODIFIED AS FOLLOWS:

Request No. 16: _______ GRANTED

_______ DENIED

_______MODIFIED AS FOLLOWS:

Order on Defendant Ian McCaw's Motion in Limine Page 3
(28937/751227/sdh)

SIGNED the _______ day of _________________, 2023.

______________________________
**JUDGE PRESIDING**