# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **DOLORES LOZANO,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO: 6:16-CV-403-RP |
| **BAYLOR UNIVERSITY; ART BRILES,** | § | |
| in his individual capacity; **IAN** | § | |
| **MCCAW,** in his individual capacity, and | § | |
| **CITY OF WACO,** | § | |
| | § | |
| Defendants. | § | |

Defendant Art Briles ("Defendant" or "Briles") submits his proposed jury instructions and questions, and requests that the following instructions and questions be made part of the Court's charge to the jury.

Respectfully submitted,

*/s/ Colin L. Powell*
**DARRELL L. BARGER**
Texas Bar No. 01733800
dbarger@hartlinebarger.com
**DAVID W. GREEN**
Texas Bar No. 08347475
dgreen@hartlinebarger.com

**HARTLINE BARGER LLP**
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056
(713) 759-1990 (telephone)
(713) 652-2419 (facsimile)

and

___

**DEFENDANT ART BRILES' REQUESTED JURY
INSTRUCTIONS AND QUESTIONS**     **PAGE 1**

**COLIN L. POWELL**
Texas Bar No. 24092984
cpowell@hartlinebarger.com

**HARTLINE BARGER LLP**
8750 North Central Expressway, Suite 1600
Dallas, Texas 75231
(214) 369-2100 (telephone)
(214) 369-2118 (facsimile)

and

**ERNEST CANNON** *(Pro Hac Vice)*
Texas Bar No. 03746000
ernestcannon1@yahoo.com

**ERNEST H. CANNON LAW FIRM**
P.O. Box 1193
Stephenville, Texas 76401-0011
(254) 918-1006 (telephone)

**ATTORNEYS FOR DEFENDANT
ART BRILES**

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2023, I electronically filed the foregoing document with the Clerk of the Court through the ECF system and an email notice of the electronic filing was sent to all attorneys of record.

*/s/ Colin L. Powell*
**COLIN L. POWELL**

**Requested Instruction Number 1**

MEMBERS OF THE JURY:

Now that you have heard all of the evidence, it becomes my duty to give you the instructions of the Court concerning the law applicable to this case.

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts,

you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

Source: Fifth Circuit Pattern Jury Instructions, Civil, No. 3.1 (2020).

**Requested Instruction Number 2**

Plaintiff Dolores Lozano has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that the Plaintiff Dolores Lozano has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

Source: Fifth Circuit Pattern Jury Instructions, Civil, No. 3.2 (2020).

**Requested Instruction Number 3**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Source: Fifth Circuit Pattern Jury Instructions, Civil, No. 2. (2020)

**Requested Instruction Number 4**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

Source: Fifth Circuit Pattern Jury Instructions, Civil, No. 3.4 (2020).

**Requested Instruction Number 5**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim

___

**DEFENDANT ART BRILES' REQUESTED JURY
INSTRUCTIONS AND QUESTIONS**                                                                       **PAGE 6**

and is not evidence.

      Source: Fifth Circuit Pattern Jury Instructions, Civil, No. 3.6 (2020).

**Requested Instruction Number 6**

Plaintiff Dolores Lozano claims that Defendant Art Briles was negligent. To recover damages for the alleged negligence of Defendant Art Briles, Plaintiff Dolores Lozano must prove by a preponderance of the evidence that: (1) Defendant Art Briles owed Plaintiff Dolores Lozano a duty of care; (2) Defendant Art Briles breached that duty; and (3) Defendant Art Briles's breach of duty was the proximate cause of an injury to Plaintiff Dolores Lozano.

> Source: Fifth Circuit Pattern Jury Instructions, Civil, Nos. 10.1 and 10.5 (2020) (modified); *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009); *Urbach v. United States*, 869 F.2d 829, 831 (5th Cir. 1989).

**Requested Instruction Number 7**

You are instructed that, in the absence of a special relationship, a person has no legal duty to protect another from the criminal acts of a third person, or to control the third person's conduct. You are further instructed that there is no special relationship between a university and its students, and thus no duty to control third-parties or protect students from the conduct of third parties.

> Source: *Boyd v. Texas Christian Univ.*, 8 S.W.3d 758, 760 (Tex. App. – Fort Worth 1999, no pet.); *Gatten v. McCarley*, 391 S.W.3d 689, 674 (Tex. App. – Dallas 2013, no pet.); *Thapar v. Zezulka*, 994 S.W.2d 635 (Tex. 1999); *Hux v. Southern Methodist Univ.*, 819 F.3d 776. 781 (5th Cir. 2016); *Tanja H. v. Regents of the Univ. of Calif.*, 228 Cal.App.3d 434 (1991) (collecting cases); *Guest v. Hansen*, 603 F.3d 15, 17 (2d Cir. 2010); *Freeman v. Busch*, 349 F.3d 582, 587-588 (8th Cir. 2003); *Rabel v. Illinois Wesleyan Univ.*, 514 N.E.2d 552, 560-561 (Ill. App. Ct. 4th Dist. 1987).

**Requested Instruction Number 8**

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

> Source: Texas Pattern Jury Charges, General Negligence, Intentional Personal Torts & Workers' Compensation, 2.1.

**Requested Instruction Number 9**

"Proximate cause" means a cause, unbroken by any new and independent cause, that was a substantial factor in bringing about an injury, and without which cause such injury would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the injury, or some similar injury, might reasonably result therefrom. There may be more than one proximate cause of an injury, but if an act or omission of any person not a party to the suit was the "sole proximate cause" of an injury, then no act or omission of any party to the suit could have been a proximate cause.

A "new and independent cause" of an injury is the act or omission of a separate and independent agent, not reasonably foreseeable, that destroys the causal connection, if any, between the act or omission inquired about and the injury in question.

> Source: Texas Pattern Jury Charges, General Negligence, Intentional Personal Torts & Workers' Compensation, 3.1 and 3.2.

**Requested Instruction Number 10**

You are further instructed that the criminal conduct of a third-party is a superseding cause

---

relieving the Defendants from liability, unless the criminal conduct was a foreseeable result of the Defendants' alleged negligence.

> Source: *Trammel Crow Central Tex. Ltd v. Gutierrez,* 267 S.W.2d 9, 12 (Tex. 2008); *Urbach v. United States*, 869 F.2d 829, 833 (5th Cir. 1989); *Garza v. United States*, 809 F.2d 1170, 1174 (5th Cir. 1987).

### Requested Instruction Number 11

You are further instructed that Defendant Art Briles was acting within the course and scope of his employment with Baylor University at the time of the events on which this suit is based. As such, Baylor University is liable to Plaintiff for Defendant Art Briles's negligent conduct, if any.

> Source: *Leadon v. Kimbrough Bros. Lumber Co*., 484 S.W.2d 567 (Tex. 1972); *Robertson Tank Lines v. Van Cleave*, 468 S.W.2d 354 (Tex. 1971).

### Requested Instruction No. 12

You will need to determine whether Lozano filed this lawsuit within the time allowed by law. This period of time is known as the statute of limitations. A party asserting negligence claims must file their suit within two years after the day the claim "accrues." Lozano filed her Second Amended Complaint naming Defendant Art Briles on July 24, 2018.

A negligence claim accrues when a wrongful act causes an injury, regardless of when the injured party learns of the injury and regardless of whether all of the resulting damage from the injury has occurred. The claim accrues even if the injured person did not know the specific nature of each wrongful act by a defendant that may have caused the injury.

Source: *Timberlake v. A.H. Robins Co.*, 727 F.2d 1363, 1365–66 (5th Cir. 1984) (accrual of the state law claims is decided under state law, while accrual of the federal claim is decided in accordance with federal law); *Milton v. Stryker Corp.*, 551 F. App'x 125, 127 (5th Cir. 2014); *Doe v. St. Stephen's Episcopal Sch.*, 382 F. App'x 386, 389 (5th Cir. 2010) ("To bring a suit, it is not necessary for the victim to connect the abuse to any subsequent psychological injuries or understand the full extent of his injuries."); *Texas Soil Recycling, Inc. v. Intercargo Ins. Co.*, 273

F.3d 644, 650 (5th Cir. 2001) (citing *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 749 (Tex. 1999)); *see, e.g., Mayzone v. Missionary Oblates of Mary Immaculate of Tex.*, 2014 WL 3747249, at *4 (Tex. App.—San Antonio July 30, 2014, pet. den.) (in a case in which a church allegedly knew about and ignored a priest's history of sex abuse, plaintiff's knowledge of his own sexual abuse was the relevant knowledge for accrual purposes against the priest and the church).

**Requested Instruction No. 13**

Defendant Art Briles contends that, prior to December 31, 2015, Lozano knew, or through the exercise of reasonable diligence should have known, of the existence of her injury and any connection between Defendant Art Briles' actions and her injury.

Lozano contends that Defendants fraudulently concealed the existence of her claims from her until May 26, 2016, and that her claims were filed within two years of that date. When a party has fraudulently concealed the facts forming the basis of the plaintiff's claim, accrual is tolled until the party learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to discovery of the concealed cause of action.

Source: *Borderlon v. Peck*, 662 S.W.2d 907, 908 (5th Cir. 1983); *Marcus & Millichap Real Estate Investment Services of Nevada Inc. v. Triex Texas Holdings LLC*, 659 S.W.3d 456, 463 (Tex. 2023); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 750 (Tex. 1999).

Fraudulent concealment requires proof that the party knew the plaintiff was wronged, the party used deception to conceal the wrong, and the plaintiff reasonably relied on the deception. Failure to act in the face of knowledge of abuse does not constitute deception or fraudulent concealment.

Source: *ExxonMobil Corp. v. Lazy R Ranch LLP*, 511 S.W.3d 538, 554 (Tex. 2017) (plaintiff must show "defendant actually knew the plaintiff was in fact wronged and concealed that fact to deceive the plaintiff"); *Tipton v. Brock*, 431 S.W.3d 673, 681 (Tex. App. – El Paso 2014, pet. den.) (fraudulent concealment requires: "(1) the existence of the underlying tort; (2) the

___

defendant's knowledge of the tort; (3) the defendant's use of deception to conceal the tort; and (4) the plaintiff's reasonable reliance on the deception."); *King-White,* 803 F.3d at 764 (holding that "failure to act in the face of knowledge of abuse" was insufficient to establish fraudulent concealment; plaintiff must show active concealment); *Marcus & Millichap Real Estate Investment Services*, 659 S.W.3d at 463 (evidence did not support conclusion that defendants "actively misled" plaintiff).

**Requested Instruction No. 14**

The Defendants bear the burden of proving by a preponderance of the evidence that Lozano did not bring suit within the applicable two-year time period. Lozano bears the burden of proving that the Defendants engaged in fraudulent concealment and that, despite her exercise of due diligence, she was unable to discover the factual basis for her claims. The statute of limitations and fraudulent concealment must be proven as to each Defendant separately. In other words, Lozano's claims could be barred against one defendant but not another.

Source: *Draughon v. Johnson*, 631 S.W.3d 81, 90 (Tex. 2021) (plaintiff bears the burden of proving a tolling defense).

**Requested Jury Question No. 1**

Has Defendant Art Briles proven by a preponderance of the evidence that Dolores Lozano knew or should have known of her injury prior to December 31, 2015?

Answer "Yes" or "No": _____

>   If you answered "Yes," then answer Jury Question No. 2. If you answered "No," then answer Jury Question No. 3.

**Requested Jury Question No. 2**

Has Dolores Lozano proven by a preponderance of the evidence that Defendant Art Briles fraudulently concealed facts forming the basis of her claims and that, despite her exercise of due diligence, she failed to discover the factual basis for her claims prior to May 26, 2016?

Answer "Yes" or "No": _____

___

**DEFENDANT ART BRILES' REQUESTED JURY
INSTRUCTIONS AND QUESTIONS**                                                                 **PAGE 11**

If you answered "Yes," then proceed to Jury Question No. 3. If you answered "No," then do not answer any further questions.

**Requested Jury Question No. 3**

Did the negligence, if any, of those named below proximately cause the injury in question?

Answer "Yes" or "No" for each of the following:

1. Dolores Lozano          _____
2. Baylor University       _____

Source: Texas Pattern Jury Charges, General Negligence, Intentional Personal Torts & Workers' Compensation, 4.1.

**Requested Jury Question No. 4**

In you answered "Yes" to Question No. 3 for more than one of those named below, then answer the following question. Otherwise, do not answer the following question.

Assign percentages of responsibility only to those you found caused or contributed to cause the injury. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributed to anyone is not necessarily measured by the number of acts of omissions found. The percentage attributable to anyone need not be the same percentage attributed to that person in answering another question.

For each person you found caused or contributed to the injury, find the percentage of responsibility attributable to each:

1. Dolores Lozano          _____%
2. Baylor University       _____%

              TOTAL:    100%

Source: Texas Pattern Jury Charges, General Negligence, Intentional Personal Torts & Workers' Compensation, 4.3.

___

**Requested Instruction Number 15**

If Plaintiff Dolores Lozano has proved her negligence claims against Defendants by a preponderance of the evidence, you must determine the damages to which Plaintiff is entitled. You should not interpret the fact that I am giving instructions about Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, win this case. It is your task first to decide whether Defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendants are liable and that Plaintiff is entitled to recover money from Defendants.

Source: Fifth Circuit Pattern Jury Instructions, Civil, No. 15.1 (2020).

**Requested Instruction Number 16**

If you find that Defendants are liable to Plaintiff Dolores Lozano, then you must determine an amount that is fair compensation for all of Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff whole— that is, to compensate Plaintiff for the damage that she has suffered. Compensatory damages are not limited to expenses that Plaintiff may have incurred because of her injury. If Plaintiff wins, she is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that she has suffered because of Defendants' wrongful conduct, if any.

You may award compensatory damages only for injuries that Plaintiff proves were proximately caused by Defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff's damages, no more and no less.

Damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendants. You should not award compensatory damages for speculative injuries, but only

___

for those injuries that Plaintiff has actually suffered or that Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

To recover compensatory damages for mental and emotional distress, Plaintiff Dolores Lozano must prove that she has suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental-anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiff must support her claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

A. Mental anguish sustained in the past.

Source: Fifth Circuit Pattern Jury Instructions, Civil, Nos. 10.13 and 15.2 (2020).

**Requested Instruction Number 17**

Answer Question No. 5 if you answered "Yes" for Baylor University to Question No.

3, and answered:

1. "No" for Dolores Lozano to Question No. 3; or
2. 50 percent or less for Dolores Lozano to Question No. 4.

Otherwise, do not answer Question No. 5.

> Source: Texas Pattern Jury Charges, General Negligence, Intentional Personal Torts & Workers' Compensation, 28.1.

**Requested Jury Question No. 5**

What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate Plaintiff Dolores Lozano for her compensatory damages that were a direct and proximate result of the wrongful conduct you have found that Defendants engaged in, if any?

Answer in dollars and cents, if any.

A.   Mental anguish sustained in the past:

Answer: $ _____

**Requested Instruction Number 18**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If

your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

Source: Fifth Circuit Pattern Jury Instructions, Civil, No. 3.7 (2020).