IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DOLORES LOZANO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | 6:16-CV-403-RP |
| | § | |
| BAYLOR UNIVERSITY; ART BRILES, | § | |
| In his individual capacity; | § | |
| IAN MCCAW, in his individual capacity; | § | |
| and CITY OF WACO, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT ART BRILES'S MOTION TO EXCLUDE
OR, IN THE ALTERNATIVE, MOTION IN LIMINE**

Defendant Art Briles ("Briles") respectfully requests that the Court exclude any evidence of, or argument related to, any of the matters discussed below during trial or within the presence of jurors (whether prospective or ultimately selected).

**1.    News Media Articles or Reports Regarding Briles, the "Baylor Sexual Assault Scandal," and Plaintiff's Allegations.**

The Court should exclude evidence of or reference to news articles or reports published by such national media sources as the Wall Street Journal, Sports Illustrated, and ESPN, and local news sources such as the Waco Tribune-Herald and KWTX News regarding any issues relating to this lawsuit, Coach Briles generally, the "Baylor sexual assault scandal" generally, and Plaintiff's allegations in this lawsuit. News media, including newspapers and online postings, are inadmissible because they are "classic, inadmissible hearsay." *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005). Additionally, the news media reports include unsubstantiated claims not subject to proof in this lawsuit, including references to pleadings in other lawsuits that have no bearing on the present action. Therefore, any mention of, reference

to, or the admission of such articles and reports is irrelevant and unduly prejudicial. Fed. R. Evid. 401, 403.

GRANTED_____ DENIED_____

**2.    Hearsay Statements of Devin Chafin.**

The Court should exclude any mention of or reference to any statements allegedly made by non-party Devin Chafin. Specifically, Briles anticipates Plaintiff will attempt to testify about statements Chafin allegedly made to her about other individuals, including Briles and assistant coach Jeff Lebby, he allegedly told about the alleged assaults. Any conversations Plaintiff had with Chafin are hearsay to which no exclusion or exemption applies, and should be excluded. Fed. R. Evid. 801, 802. Additionally, statements Chafin allegedly made to other parties, including Briles, are hearsay and should be excluded. *Id.* Finally, any testimony by Plaintiff about what Chafin told her that she told other parties is hearsay within hearsay, which should also be excluded. Fed. R. Evid. 805.

GRANTED_____ DENIED_____

**3.    Hearsay Statements Regarding Chafin's Alleged Pre-College Behavioral Issues.**

Briles anticipates Plaintiff will attempt to introduce evidence about Chafin's alleged pre-college behavioral issues, including allegations of dating violence. The only evidence produced of such behavioral issues is the result of multiple levels of hearsay statements: Plaintiff testified in her deposition that a friend told her that his girlfriend told him that Chafin was abusive in high school. Each telling constitutes hearsay in and of itself, to which no exclusion or exception applies. Therefore, the Court should exclude each layer of hearsay. Fed. R. Evid. 801, 802, 805. Additionally, even if such allegations were true, there is no evidence Briles knew about the alleged abuse at any time relevant to Plaintiff's claims in this lawsuit. Therefore, admission of

the alleged abuse is irrelevant, unfairly prejudicial, and has the potential to cause confusion of the issues. Fed. R. Evid. 401, 402, 403.

Further, the Court should exclude testimony regarding alleged Chafin's non-assaultive misconduct in high school. Specifically, the Court should exclude an email from a non-party to Briles that was sent in April 2012. The email is hearsay, to which no exclusion or exception applies. Fed. R. Evid. 801, 802. Further, the alleged misconduct referenced in the email is irrelevant to any issue of consequence and, even if it had some modicum of probative value, it is far outweighed by the tendency to confuse the issues, waste time, and cause unfair prejudice. Fed. R. Evid. 401, 402, 403. Chafin's alleged misconduct in high school also is inadmissible character evidence under Rule 404(b).

GRANTED_____ DENIED_____

**4.    Evidence of Chafin's Citations, Arrests, or Criminal Convictions.**

The Court should exclude evidence, testimony, and argument regarding three instances in which Devin Chafin was arrested or convicted of drug or alcohol offenses: (1) an October 2012 citation and arrest for DWI in Burkburnett, Texas, a Class B Misdemeanor; (2) a January 2013 citation for consumption of alcohol by a minor, a Class C Misdemeanor, to which he later pled no contest; and (3) a March 2016 citation and arrest on possession of marijuana in Oklahoma, for which he paid a fine.  The evidence should be excluded under Rule 401 (relevance), 402, 403 (unfair prejudice, confusing the issues, or misleading the jury), 404 (character evidence), 608 (character for truthfulness), and 609 (impeachment by evidence of a criminal conviction).

First, the evidence is not relevant to the negligence claim against Briles. Under Texas law, prior drug and alcohol offenses do not establish foreseeability as to assaultive offenses.[1] Chafin's alcohol/marijuana arrests bear no relationship to the assaults of which he is accused. *Cf. Tate v. Zaleski*, 2021 WL 5915067, *2-3 (S.D. Miss., Dec. 14, 2021) (disallowing evidence of a domestic violence arrest in a sexual harassment case; plaintiffs cited no cases "where evidence of a domestic violence arrest is admissible in cases involving sexual harassment or hostile work environment claims"). In addition, Chafin's 2016 arrest does not show prior notice to Briles or establish motive for Chafin to assault Lozano in *2014*. *Cf. Tate,* 2021 WL 5915067, *2-3 (after-the-fact arrest for domestic violence did not establish that defendant was motivated to sexually harass the plaintiffs).

Second, the evidence would confuse the issues and mislead the jury and unduly prejudice Defendants. It would draw the jury's attention away from its assessment of any response to Lozano's report in the spring of 2014 and would unfairly influence jurors to find that Chafin assaulted Lozano on the improper basis that Chafin's drug or alcohol offenses made him the sort of person that commits assault, rather than on the factual basis of his interactions with Lozano. *See*, *e.g.*, *Cerda v. Billingsley*, 2012 WL 13034163, at *2 (W.D. Tex. Jan. 3, 2012) (in sexual assault case, evidence that one party had drug addiction was excludable because "[s]uch evidence might tend to influence the jury to judge the case based upon [the party's] character").

Third, the evidence is improper character evidence under Rule 404(b). In addition, because arrests that did not result in a conviction relate only to alcohol or drug use, they may not be used to attack Chafin's character for truthfulness. *See* Fed. R. Evid. 608; *United States v.*

---

[1] *See, e.g., Doe v. Boys Clubs of Greater Dallas, Inc*., 907 S.W.2d 472, 478 (Tex. 1995) (offender's prior DWI convictions did not "in any way" make the sexual assaults foreseeable); *Doe v. Messina*, 349 S.W.3d 797, 805 (Tex. App.—Houston 2011, no pet.) (sexual assault was not a foreseeable consequence but an "extraordinary consequence" of drug and alcohol usage by teenagers).

*Parker¸* 133 F.3d 322, 326 (5th Cir. 1998) ("Prior bad acts that have not resulted in a conviction are admissible under [Rule] 608(b) [only] if relevant to the witness's character for truthfulness or untruthfulness.").

Finally, evidence of Chafin's convictions and related arrests are admissible only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or (2) involved dishonesty or false statement regardless of the punishment. FED. R. EVID. 609(a). In addition, any evidence of an arrest that is more than 10 years old may not be admitted unless its probative value substantially outweighs its prejudicial. Fed. R. Evid. 609(b). Here, two of the incidents (2012 and January 2013) are more than 10 years old.

GRANTED_____  DENIED_____

5. **Evidence of student misconduct incidents that are not similar to the assaults experienced by Plaintiff.**

The Court should exclude evidence, testimony, and argument regarding incidents of student misconduct that do not involve dating violence. In discrimination cases, incidents involving third parties are not relevant unless the third parties are *similarly situated* to the plaintiff. Thus, in a Title VII case, the Fifth Circuit has held that discrimination incidents involving other employees "cannot establish that discrimination was a company's standard operating procedure unless those employees are *similarly situated to the plaintiff*"; moreover, admission of such evidence was "substantially prejudicial" and forced the company to respond to each witness's claim, creating "several 'trials within a trial.'" *Wyvill v. United Companies Life Ins. Co.*, 212 F.3d 296, 303 (5th Cir. 2000) (emphasis added). The relevance of evidence of discrimination against others depends in part on "how closely related the evidence is to the

plaintiff's circumstances and theory of the case." *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008).

Similarly, in negligence cases, evidence of similar incidents may be admissible at trial, but the party advocating admissibility must "establish reasonable similarity." *Payne v. Wal-Mart Stores Texas, LLC*, No. MO:18-CV-00224-DC, 2019 WL 9197837, at *2 (W.D. Tex. Dec. 12, 2019).

In this case, Plaintiff wishes to introduce evidence of incidents that bear no resemblance to her claims of dating violence. Her complaint points to male-on-male fights and alleged rapes which are not remotely similar to her claims. Sexual misconduct and dating violence are factually and legally distinct. *See, e.g., Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 758 (Tex. 1998) ("a spate of domestic violence in the complex does not portend third party sexual assaults or robberies"); *Austin v. Univ. of Oregon*, 2017 WL 4621802 (D. Or., June 7, 2017) (a "domestic violence event or a physical assault" have "nothing to do with an allegation of failing to obtain consent prior to penetration"); *Tate v. Zaleski*, 2021 WL 5915067, *2-3 (S.D. Miss. Dec. 14, 2021) (plaintiffs cited no cases "where evidence of a domestic violence arrest is admissible in cases involving sexual harassment or hostile work environment claims").

The evidence is not relevant, and any minimal probative value is substantially outweighed by the risk it will confuse the issues, mislead the jury, waste time at trial, and cause unfair prejudice. FED. R. EVID. 403. Such evidence would result in excessive "trials within the trial" regarding Baylor's response to other incidents. *See Wyvill v. United Companies Life Ins. Co.*, 212 F.3d 296, 303 (5th Cir. 2000) (admission of dissimilar incidents was "substantially prejudicial" and forced the company to respond to each witness's claim, creating "several 'trials

within a trial.'"). Unrelated incidents are likely to confuse the issues and mislead the jury into conflating its conclusions regarding those incidents with its conclusion in this case. And to the extent the jury finds fault with Briles' response to other incidents, the evidence of incidents would be unduly prejudicial by creating an undue tendency for the jury to find Briles liable to Plaintiff for his response, if any, to incidents that did not involve Plaintiff.

**GRANTED \_\_\_\_     DENIED \_\_\_**

### 6.     Undisclosed Evidence and Witnesses

The Court should exclude any mention of, reference to, or evidence that has not been disclosed in response to interrogatories, requests for production, request for disclosure, through depositions, or other discovery. FED. R. CIV. P. 37(c)(1).

This also includes any reference to, mention of, or attempt to introduce evidence constituting alleged statements or comments by Defendant's alleged agents or representatives, unless the offering party has revealed both the existence and content of the statements and further disclosed and substantiated the identity and capacity of the alleged agent or representative. Allowing a party to introduce or mention any such statements would constitute an abuse of the discovery process, inadmissible, unfair prejudice, and confuse the jury. FED. R. CIV. P. 37(c)(1), FED. R. EVID. 403.

The Court should also exclude any evidence, inquiry, reference, statement, or suggestion about any alleged losses or damages other than those specifically disclosed in Plaintiff's discovery responses. FED. R. CIV. P. 37(c)(1). Plaintiff should not permit Plaintiff to introduce evidence or testimony that is contrary to Plaintiff's written discovery responses. FED. R. CIV. P. 26(e)(1)(A); 37(c)(1).

_____
**DEFENDANT ART BRILES'S MOTION TO EXCLUDE
OR, IN THE ALTERNATIVE, MOTION IN LIMINE                                                                      PAGE 7**

Further, the Court should exclude any expert opinions Plaintiff attempts to elicit from lay witnesses. Federal Rule of Civil Procedure 26(a)(2)(A) requires timely disclosure of the names of any person from whom Lozano would seek to elicit expert testimony and "not merely those experts who are retained or specially employed to provide expert testimony in the case or whose duties as employees of the party regularly involve giving expert testimony." *Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 F.3d 875, 882 n.4 (5th Cir. 2004). Any attempt by Plaintiff to elicit expert testimony from any witness she did not previously and timely disclose under Rule 26(a)(2)(A), either through live testimony or documentary evidence, should be excluded.

Finally, the Court should exclude any mention of, reference to, or evidence regarding any complaints or lawsuits against Defendant which have not been previously disclosed to or are not causally related to the incident made the basis of this lawsuit or Plaintiff's alleged damages. Any attempts to offer evidence of any other alleged problems, complaints, or lawsuits would have no materiality or relevance to the issues of this lawsuit, are untimely, and could only serve to prejudice and unfairly surprise Defendant. FED. R. CIV. P. 37(c)(1), FED. R. EVID. 401-403.

GRANTED_____ DENIED_____

### 7. Requests to Produce or Agree

The Court should prohibit any demands or requests that Defendant's counsel produce documents or instruments, stipulate to any fact, or make any sort of agreement in the presence of the jury. This includes statements that Defendant did not provide certain documents or information the other parties requested. All discovery issues are a matter for the Court and, as such, are irrelevant and can only serve to confuse and prejudice the jury. FED. R. EVID. 401–403.

GRANTED_____ DENIED_____

**8.     Suggestions Regarding Liability Insurance**

The Court should exclude any evidence, inquiry, reference, statement, or suggestion that Defendant is or is not protected by or has a policy or policies of liability insurance. FED. R. EVID. 411.

Additionally, the Court should exclude any evidence, inquiry, reference, statement, or suggestion that Defendant's attorneys specialize in defending lawsuits because any such evidence, inquiry, reference, statement, or suggestion would imply that Defendant is or may be protected by a policy or policies of liability insurance. FED. R. EVID. 403, 411.

Further, the Court should exclude any evidence, inquiry, reference, statement, or suggestion concerning whether any juror has any connection with the insurance industry, or adjusting insurance claims or writing insurance because any such evidence, inquiry, reference, statement, or suggestion might imply that Defendant is or may be protected by a policy or policies of liability insurance.

GRANTED_____  DENIED_____

**9.     Settlement Negotiations or Offers**

The Court should exclude any evidence, inquiry, reference, statement, or suggestion concerning whether Defendant engaged in settlement negotiations with or made any settlement offers to Plaintiff or made any attempts to effectuate the settlement of the entire matter. Information concerning settlement offers or the conduct or statements of parties during settlement negotiations is irrelevant to proving the validity or invalidity of any claim in this action, it frustrates the judicial policy favoring settlement of litigation, and the jury might consider such information as an admission of liability. FED. R. EVID. 408.

GRANTED_____  DENIED_____

**10.     References to Certain Discovery Responses and Objections to Discovery**

Written discovery responses that are subject to any objection, unless or until the Court has ruled on the objection, should not be presented to the jury. FED. R. EVID. 103(c), 104(c). Additionally, Plaintiff should not inform the jury in any manner that Baylor objected to any discovery requests, redacted portions of documents, or advised any witness not to answer a particular question or line of questions at depositions. Objections are matters for the Court, and counsel may not argue or imply that facts could have been proved but for objections by opposing counsel. *See* FED. R. EVID. 103(c), 104(c); *United States v. Vaglica*, 720 F.2d 388, 395 (5th Cir. 1983) (party's remark that rules prohibited it from introducing evidence was not harmless error because it invited the jury to assume that evidence existed to negate opponent's case).

**GRANTED \_\_\_       DENIED \_\_\_\_**

**11.     Assertions of Privilege During Discovery**

Documents or information for which a claim of privilege or exemption has been made, including, but not limited to, the attorney-client privilege, the attorney work product privilege, and the party communications privilege, should not be raised before the jury. *See* FED. R. EVID. 501 (establishing that state law governs privilege regarding a claim or defense for which state law supplies the rule of decision); TEX. R. EVID. 513 (prohibiting comment on claim of privilege). The existence of a legal objection is not relevant to any material issue presented to the jury in this trial, and to the extent that it may be relevant, it should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or causing undue delay. *See* FED. R. EVID. 402, 403.

**GRANTED \_\_\_       DENIED \_\_\_\_**

**12.   Argument Regarding Discovery Disputes or Documents Withheld from Discovery**

The Court should exclude testimony and argument regarding discovery disputes, motions to compel, or discovery orders that were filed in this case or in *Jane Doe 1 et al v. Baylor University* (C.A. No. 6:16-cv-000173-RP). Each party had an opportunity to object to discovery requests and, if necessary, to move to compel. A party may not argue or suggest that evidence has been improperly withheld or concealed. Such argument has no probative value and, even if one might glean some probative value, it is far outweighed by the risk of unfair prejudice against Baylor. FED. R. EVID. 401 (irrelevant), 403 (unfair prejudice, confusing the issues, or misleading the jury).

**GRANTED ___     DENIED ____**

**13.   Comments about Briles' Lawyers or Cost of Defense**

The Court should exclude evidence, testimony, and argument regarding the conduct or role, if any, of Briles' attorneys in meeting with witnesses before testifying in this matter, either in deposition or live at trial, or any claims regarding Briles' cost of defense should be excluded from the presence of the jury. Plaintiff also should be prohibited from mentioning or suggesting that the law firms of Ernest H. Cannon Law Firm or Hartline Barger LLP (1) specialize in the defense of lawsuits or negligence lawsuits; or (2) are private firms that have used any number of attorneys or received any amount of fees in defending this case. *See* FED. R. EVID. 403 (unfair prejudice, confusing the issues, or misleading the jury); *see, e.g., Bufford v. Rowan Cos., Inc.*, 994 F.2d 155, 157–58 (5th Cir. 1993) (trial court has duty to suppress unsupported attacks on integrity of opposing counsel).

**GRANTED ___     DENIED ____**

**14.    References to the Jury Serving as a Vehicle of Social Change**

Plaintiff should be ordered to refrain from arguing or suggesting that the jury may use its verdict as a mechanism through which to affect social change or to send a message to other members of the community, including Briles. *See Westbrook v. Gen. Tire & Rubber Co.*, 754 F.2d 1233 (5th Cir. 1985).

**GRANTED \_\_\_      DENIED \_\_\_\_**

**15.    Counsel's Personal Beliefs During Argument**

Plaintiff's attorneys should be prohibited from stating their personal beliefs concerning the justness of Plaintiff's case or of her right to recover damages. *See, e.g., Polansky v. CNA Ins. Co.*, 852 F.2d 626, 628 (1st Cir. 1988). "[C]ounsel's opinions or personal beliefs have no place in a closing argument of a criminal or civil trial." *Id.* (citations omitted).

**GRANTED \_\_\_      DENIED \_\_\_\_**

**16.    Demonstrative evidence that was not previously shown to Briles**

The Court should bar Plaintiff from displaying to the jury any graphs, diagrams, pictures, charts, or any other demonstrative evidence be displayed to the jury without Plaintiff first presenting it to Briles' counsel for examination, to give Briles the opportunity to make a timely objection, and to the Court for a ruling on admissibility, if necessary. FED. R. EVID. 401 (irrelevant), 402, 403 (unfair prejudice, confusing the issues, or misleading the jury), 802 (hearsay), and 901 (authenticity).

**GRANTED \_\_\_      DENIED \_\_\_\_**

Respectfully submitted,

*/s/ Colin L. Powell*
**DARRELL L. BARGER**
Texas Bar No. 01733800
dbarger@hartlinebarger.com
**DAVID W. GREEN**
Texas Bar No. 08347475
dgreen@hartlinebarger.com

**HARTLINE BARGER LLP**
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056
(713) 759-1990 (telephone)
(713) 652-2419 (facsimile)

and

**COLIN L. POWELL**
Texas Bar No. 24092984
cpowell@hartlinebarger.com

**HARTLINE BARGER LLP**
8750 North Central Expressway, Suite 1600
Dallas, Texas 75231
(214) 369-2100 (telephone)
(214) 369-2118 (facsimile)

and

**ERNEST CANNON** *(Pro Hac Vice)*
Texas Bar No. 03746000
ernestcannon1@yahoo.com

**ERNEST H. CANNON LAW FIRM**
P.O. Box 1193
Stephenville, Texas 76401-0011
(254) 918-1006 (telephone)

**ATTORNEYS FOR DEFENDANT ART BRILES**

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of this document is being served pursuant to the Federal Rules of Civil Procedure on September 15, 2023.

                                  */s/ Colin L. Powell*
                                  **COLIN L. POWELL**