# Exhibit 8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

DOLORES LOZANO,

Plaintiff,

v.

Civil Action No. 6:16-CV-00403-RP

BAYLOR UNIVERSITY, ART BRILES,
and IAN MCCAW,

Defendant.

## DEFENDANT BAYLOR UNIVERSITY'S MOTION IN LIMINE
## AND AUTHORITIES IN SUPPORT

TO THE HONORABLE JUDGE ROBERT PITMAN:

Defendant Baylor University ("Baylor" or the "University") moves for an order prohibiting the following evidence or testimony at trial:

### LEGAL AUTHORITY

A motion in limine reduces the likelihood that unduly prejudicial evidence will reach the jury. *See generally O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (recognizing that some evidence is so prejudicial that a motion to strike or an instruction to the jury to disregard will be insufficient to overcome the prejudicial influence). The grant of a motion in limine is a preliminary ruling only. *Alexander v. Davis*, 2019 WL 2225022, at *4 (N.D. Tex. May 23, 2019).

### MATTERS SUBJECT TO MOTION IN LIMINE

Baylor moves the Court to instruct Dolores Lozano, Art Briles, and Ian McCaw not to mention within the hearing of any member of the jury panel—either in voir dire examination, upon reading of the pleadings, upon statement of the case, by examination of the witnesses, in argument, by objections in the presence of the jury, or otherwise—any of the following matters. In addition, Baylor moves the Court to instruct Lozano, Briles, and McCaw not to refer to, examine concerning,

1

or otherwise apprise the jury of any of the following matters until each such matter has been called to the Court's attention out of the presence and hearing of the jury and the Court has ruled as to the competency of each such matter. Finally, Baylor moves that Lozano, Briles, and McCaw be instructed to apprise their witnesses of the contents of this motion in advance of their testimony.

Baylor's specific requests are as follows:

## 1. Evidence Relating to Alleged Non-Compliance with the Violence Against Women Act and Clery Act

The Court should exclude evidence, testimony, and argument regarding Baylor's compliance or noncompliance with the Clery Act and the Violence Against Women Act (VAWA), which amended Clery. 20 U.S.C. § 1092(f); Public Law 113-4, 127 Stat. 54. Under Clery/VAWA, "evidence regarding compliance or noncompliance" with the statute "**shall not be admissible** as evidence in any proceeding of any court," except a federal agency enforcement action. 20 U.S.C. § 1092(f)(14)(B) (emphasis added). Because a federal statute bars this evidence, it must be excluded even if it were relevant. *See* FED. R. EVID. 402. Clery/VAWA requires, among other things, collecting and disseminating statistics about certain campus crimes and distributing information regarding policies on dating violence, sexual assault, stalking, and domestic violence. 20 U.S.C. § 1092(f).

Lozano's lawsuit claims that Baylor violated Clery. Dkt. 50, ¶ 52. Lozano also has cited a September 2014 report from a Clery consultant, Margolis Healy & Associates (the "Margolis Healy report"), that analyzed Baylor's compliance with Clery and the VAWA amendments. Dkt. 218-04. The Court should exclude any such argument and evidence, including the Margolis Healy report and any correspondence between the U.S. Department of Education and Baylor regarding Baylor's compliance or noncompliance with Clery/VAWA. The Margolis report contains many references to Clery/VAWA. *See* Dkt. 218-04 at 202, 205, 208, 215, 218, 220-221, 223-225, 233, 236, 239, 242-302.

This evidence also should be excluded under FED. R. EVID. 401 (irrelevant) and 403 (unfair prejudice/confusing the issues). Clery/VAWA does not "establish any standard of care" and does not give rise to a cause of action for civil liability against any institution of higher education. 20 U.S.C. § 1092(f)(14)(A). In addition, the VAWA amendments did not take effect until March 7, 2014, after the first assault. Moreover, the final regulations actually implementing the amendments were not released until October 20, 2014, and were not effective until July 1, 2015.[1] *See* 127 Stat. 54, 64. Allowing evidence of noncompliance with a statute that does not establish a standard of care and was not yet in effect will confuse the issues, waste the jury's time, and unfairly prejudice Baylor.

**GRANTED ___      DENIED ___**

---

[1] Because the Court dismissed Lozano's post-reporting assault claims (Dkt. 20 at 6), the first assault in March 2014 is the only assault at issue under Lozano's Title IX pre-assault theory.

2.      **Evidence Relating to the Margolis Healy Report**

In addition to analyzing Clery/VAWA, the Margolis Healy report analyzes whether Baylor was in compliance with Title IX administrative guidance from the U.S. Department of Education's Office for Civil Rights (OCR).  Dkt. 218-4.  The Court should exclude evidence, testimony, and argument regarding the report under FED. R. EVID. 401, 403, 801, and 802.

First, the report contains inadmissible legal conclusions about whether Baylor complied with OCR guidance.[2] *See Muccie v. Dailey*, 2022 WL 1746755, *2 (D. Mont., May 31, 2022) ("Whether BSD failed to adhere to Title IX constitutes an ultimate legal conclusion" and such opinions were inadmissible); *Doe v. Coastal Carolina Univ.*, 2021 WL 1651057, *2 (D.S.C., Mar. 8, 2021) (expert could not testify whether university violated OCR guidance). Testimony about the "specifics" of administrative guidance is inadmissible because it "would invade the Court's role to instruct the jury on the proper legal standard." *Muccie,* 2022 WL 1746755, *3.

Second, the report consists of hearsay authored by an out-of-court declarant – Margolis Healy – which is being used to prove the truth of the matters asserted in the report. Further, because the Margolis Healy report was issued in September 2014 – *after* the assaults alleged by Lozano – the report is not evidence of *prior* notice by Baylor of any deficiencies in its policies or programs relating to Title IX, dating violence, or any other issue.

Third, Margolis Healy's opinions will confuse and mislead the jury. Evidence regarding "specific OCR guidance" must be excluded because "it would introduce a legal framework and standard that cannot be the basis of liability in this trial." *Coastal Carolina*, 2021 WL 1651057, *2.  The 2011 and 2014 guidance apply a negligence standard, and both documents acknowledge that negligence is the standard "for administrative enforcement" and *not* the "standard in private lawsuits for monetary damages."  OCR, Dear Colleague letter, p. 4, n. 12; OCR, Questions & Answers, p. 1, n. 9. Dear Colleague letters are "aspirational" and "non-binding" and do not create any legal obligations that would alter the elements of a private cause of action for damages arising out of peer-on-peer harassment. *See Csutoras v. Paradise High Sch.*, 12 F.4th 960, 968 (9th Cir. 2021) (discussing Dear Colleague letter in a disability harassment case).

Fourth, admitting the Margolis Healy report will unduly prejudice Baylor and confuse the issues. The report contains a mixture of opinions based on the 2011 guidance, Clery/VAWA, and a 46-page "Q&A" guidance that was not published until April 29, 2014, after the alleged assaults. Further, both the 2011 and 2014 guidance documents were rescinded in 2017.[3] It will be confusing and time-consuming to tease out which opinions in the report are based on the new guidance as opposed to prior guidance, especially when no representative of Margolis Healy will be present at trial to testify.

---

[2]      The report discusses OCR's "Questions & Answers on Title IX and Sexual Violence" (April 29, 2014) and a "Dear Colleague Letter" (April 4, 2011).

[3]      OCR rescinded both documents in September 2017. U.S. Dep't of Ed., Sept. 22, 2017 "Dear Colleague Letter," *at* https://www2.ed.gov/about/offices/list/ocr/letters/colleague-title-ix-201709.pdf (last visited Sept. 10, 2023).

GRANTED ___        DENIED ___

3.      **Evidence Relating to the Office for Civil Rights "Dear Colleague Letter" (April 4, 2011)**

Lozano's Second Amended Complaint alleges that Baylor "deviat[ed] significantly from the standard of care" in OCR's April 2011 Dear Colleague Letter and that this alleged deviation gives rise to liability under Title IX and Texas law.  Dkt. 50, ¶¶ 156 and 168.  As stated above (Issue No. 2), witnesses "'cannot testify to statutory or regulatory requirements or interpret and apply Title IX, pertinent regulations, or caselaw.'" *Muccie*, 2022 WL 1746755, \*3 (citation omitted).  Further, the Supreme Court has never held "that the implied private right of action under Title IX allows recovery in damages" for violations of Department of Education administrative requirements.  *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 291–92 (1998).

The Court should exclude evidence, testimony, and argument relating to the specific content of the Dear Colleague Letter. FED. R. EVID. 401 (irrelevant) and 403 (unfair prejudice, confusing the issues, or misleading the jury).

GRANTED ___        DENIED ___

4.      **Evidence Relating to NCAA Investigations or Infractions Decisions**

The Court should exclude evidence, testimony, and argument regarding any NCAA investigation or infractions decision regarding Baylor, including but not limited to an NCAA decision dated August 11, 2021 (the "2021 NCAA report"), a copy of which is attached to Lozano's summary judgment response. *See* Dkt. 212-5. The unsworn report is hearsay and does not qualify under a hearsay exception or under the business records exception. FED. R. EVID. 802, 803(6). Further, the NCAA Committee on Infractions (COI) acknowledged in the report that the NCAA lacks jurisdiction and authority over Title IX issues; therefore, the COI's statements are irrelevant. *See* Dkt. 212-5, p. 3 ("the COI does not have a role to play alongside these entities in investigating and sanctioning institutional responses to sexual and interpersonal violence."). The COI's opinions on whether Baylor complied with Title IX are inadmissible legal conclusions. *See Coastal Carolina Univ.*, 2021 WL 1651057, \*2.

The content of the 2021 NCAA report also shows that it was not made close in time to the events discussed in the report, is not based on direct knowledge of the authors of the report, and contains subjective interpretation which is generally excluded from the business records exception. *See, e.g., Abascal v. Fleckenstein*, 820 F.3d 561, 565 (2nd Cir. 2016) (holding on similar grounds that nonprofit group's report on prison conditions was inadmissible). The document also embeds hearsay from students and former employees. FED. R. EVID. 801, 802; *see, e.g.,* Dkt. 212-5, pp. 8-20. Out-of-court statements made by former Baylor employees during the NCAA investigation are inadmissible under Rule 801(d). *See, e.g., In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prod. Liability Lit.*, 888 F.3d 753, 786–87 (5th Cir. 2018) (finding error when plaintiffs' counsel read into the record a resignation letter from defendant's employee; "Rule 801(d)(2)(D) does not apply to a resignation letter, where the employee is no longer 'inhibited by [his] relationship with the principal.'"); *Charles v. Consol. Fabrications Constr., Inc.*, 686 F. App'x 300, 303 (5th Cir. 2017) (out-of-court statement made by former employee was inadmissible hearsay). The report also addresses drug testing issues relating to athletes, which is irrelevant to this case (see Issue No. 21 below).

Further, because it was issued seven years after Lozano's alleged assaults, the 2021 NCAA report is not evidence of prior notice by Baylor of any deficiencies in its policies or programs relating to Title IX, dating violence, athlete misconduct, or any other issue. FED. R. EVID. 401 (irrelevant). Finally, the report should be excluded because its probative value is substantially outweighed by the dangers of unfair prejudice, confusing the issues, and misleading the jury. FED. R. EVID. 403.

GRANTED ___     DENIED ___

**5.**     **Evidence Related to Other Third-Party Investigations**

The Court should exclude evidence, testimony, and argument regarding investigations of Baylor by the Texas Rangers, the Big 12 athletic conference, the U.S. Department of Education, and the Southern Association of Colleges and Schools Commission on Colleges. FED. R. EVID. 401 and 202 (irrelevant), 403 (unfair prejudice, confusing the issues, or misleading the jury). These investigations took place more than two years after Lozano's graduation and were based on the unique rules, bylaws, and interests of those organizations. Admission of this evidence will unduly prejudice the jury against the Defendants and influence the jury to find Baylor liable—not based on its actions toward Lozano—but based on the simple fact that other organizations investigated Baylor. The evidence will create a risk of confusion and distract from the claims that are at issue because all Defendants will find it necessary to explain the other investigations, essentially creating a "trial within the trial" as to the reason for and outcome of the other investigations.

GRANTED ___     DENIED ___

**6.**     **Lozano's Hearsay Testimony About What Devin Chafin Allegedly Told Her**

The Court should prohibit Lozano from testifying about her conversations with, and written communications from, Devin Chafin. In her lawsuit and summary judgment declaration, Lozano has repeatedly sought to offer testimony about: (i) statements by Chafin to Lozano in which he allegedly told her that he spoke to Baylor coaches and Baylor's president about the alleged assaults; (ii) statements by Chafin to Lozano regarding events in his life (*e.g.*, a car accident, a car purchase, medical treatment, use of drugs or alcohol); and (iii) unauthenticated communications, including text messages, purportedly from Chafin to Lozano. *See, e.g.*, Dkt. 50, at ¶ 115 (Chafin allegedly told Lozano that Baylor President Ken Starr was made aware of the assault and told him to stay away from Lozano). Lozano's conversations with Chafin are hearsay and double hearsay and must be excluded at trial. *See, e.g.*, *Roe v. Patterson*, 2023 WL 2632803, *5 (E.D. Tex. March 25, 2023) (holding that victim's testimony about what the abuser told her about his conversation with school president was hearsay); *Barry v. Simmons Airlines, Inc.*, 239 F.3d 366 (Table), 2000 WL 1741622, at *2-3 (5th Cir. 2000) (excluding double hearsay where only one of the declarants was a party representative); FED. R. EVID. 805. Lozano chose not to sue Chafin, and she opposed designating him a responsible third party. His statements to her are hearsay and should be excluded.

GRANTED ___     DENIED ____

**7.**     **Lozano's Hearsay Testimony About What Shawna Chafin Allegedly Told Her**

The Court should exclude evidence, testimony, and argument regarding Lozano's conversation(s) with Devin Chafin's mother (Shawna Chafin) that allegedly occurred after the first

assault. *See* Dkt. 50, ¶ 107. Lozano's testimony about what Shawna Chafin allegedly said is hearsay and does not fall within an exception.

**GRANTED \_\_\_     DENIED \_\_\_\_**

8.    **Evidence of Devin Chafin's Citations, Arrest, or Criminal Convictions**

The Court should exclude evidence, testimony, and argument regarding three instances in which Devin Chafin was arrested or convicted of drug or alcohol offenses: (1) an October 2012 citation and arrest for DWI in Burkburnett, Texas, a Class B Misdemeanor; (2) a January 2013 citation for consumption of alcohol by a minor, a Class C Misdemeanor, to which he later pled no contest; and (3) a March 2016 citation and arrest on possession of marijuana in Oklahoma, for which he paid a fine.   The evidence should be excluded under Rule 401 (irrelevant), 402, 403 (unfair prejudice, confusing the issues, or misleading the jury), 404 (character evidence), 608 (character for truthfulness), and 609 (impeachment by evidence of a criminal conviction).

First, the evidence is not relevant. Lozano's Title IX claim requires proof of prior *sex-based* misconduct; Chafin's drug and alcohol offenses do not qualify.[4] Similarly, under Texas law, prior drug and alcohol offenses do not establish foreseeability as to assaultive offenses.[5] Chafin's alcohol/marijuana arrests bear no relationship to the assaults of which he is accused. *Cf. Tate v. Zaleski*, 2021 WL 5915067, *2-3 (S.D. Miss., Dec. 14, 2021) (disallowing evidence of a domestic violence arrest in a sexual harassment case; plaintiffs cited no cases "where evidence of a domestic violence arrest is admissible in cases involving sexual harassment or hostile work environment claims"). In addition, Chafin's 2016 arrest does not show prior notice to Baylor or establish motive for Chafin to assault Lozano in *2014. Cf. Tate,* 2021 WL 5915067, *2-3 (after-the-fact arrest for domestic violence did not establish that defendant was motivated to sexually harass the plaintiffs).

Second, the evidence would confuse the issues and mislead the jury and unduly prejudice Defendants. It would draw the jury's attention away from its assessment of Baylor's response to Lozano's report in the spring of 2014 and would unfairly influence jurors to find that Chafin assaulted Lozano on the improper basis that Chafin's drug or alcohol offenses made him the sort of person that commits assault, rather than on the factual basis of his interactions with Lozano.   *See, e.g., Cerda v. Billingsley*, 2012 WL 13034163, at *2 (W.D. Tex. Jan. 3, 2012) (in sexual assault case, evidence that one party had drug addiction was excludable because "[s]uch evidence might tend to influence the jury to judge the case based upon [the party's] character").

Third, the evidence is improper character evidence under Rule 404(b). In addition, because arrests that did not result in a conviction relate only to alcohol or drug use, they may not be used to attack Chafin's character for truthfulness. *See* Fed. R. Evid. 608; *United States v. Parker*, 133 F.3d 322,

---

[4]      *See, e.g., Ross v. Corp. of Mercer Univ.*, 506 F. Supp. 2d 1325, 1347-48 (M.D. Ga. 2007) (university knowledge that alleged assailant struggled with drugs and alcohol was not relevant in Title IX case).

[5]      *See, e.g., Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995) (offender's prior DWI convictions did not "in any way" make the sexual assaults foreseeable); *Doe v. Messina*, 349 S.W.3d 797, 805 (Tex. App.—Houston 2011, no pet.) (sexual assault was not a foreseeable consequence but an "extraordinary consequence" of drug and alcohol usage by teenagers).

326 (5th Cir. 1998) ("Prior bad acts that have not resulted in a conviction are admissible under [Rule] 608(b) [only] if relevant to the witness's character for truthfulness or untruthfulness.").

Finally, evidence of Chafin's convictions and related arrests are admissible only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or (2) involved dishonesty or false statement regardless of the punishment. FED. R. EVID. 609(a). In addition, any evidence of an arrest that is more than 10 years old may not be admitted unless its probative value substantially outweighs the danger of unfair prejudice. Fed. R. Evid. 609(b). Here, two of the incidents (2012 and January 2013) are more than 10 years old.

GRANTED ___      DENIED ____

### 9.  Evidence of Alleged Juvenile Misconduct by Devin Chafin While He Was Still in High School

The Court should exclude evidence, testimony, and argument regarding an email from a third party that was sent to Art Briles in April 2012 while Chafin was still a minor in high school and which alleged non-assaultive misconduct. *See* Dkt. 218 (Briles' deposition, ex. 12, BU_Lozano 0001699, "Attorneys' Eyes Only"). The email is hearsay. Further, the alleged conduct of Devin Chafin referenced in the email is irrelevant to any issue of consequence and, even if it had some modicum of probative value, it is far outweighed by the tendency to confuse the issues, waste time, and cause unfair prejudice. FED. R. EVID. 401 (irrelevant), 402, 403 (unfair prejudice, confusing the issues). It is also inadmissible character evidence under Rule 404(b).

Any alleged non-assaultive misconduct by Devin Chafin while still in high school is unrelated to the assaults alleged by Lozano. *See Roe v. Patterson*, 2023 WL 2632803, *5 (E.D. Tex. March 25, 2023) (finding no relationship between a seminary's hiring of an individual with a prior alcohol arrest and a "Possession of Paraphernalia" offense and the individual's later assault of the female plaintiff; none indicated to the school that "Doe was violent or a sex predator"); *see also T.K. v. Town of Barnstable*, 2020 WL 3183164, *3 (D. Mass., June 15, 2020) (finding in a Title IX case that there was "no indication that [the offender's] prior criminal record put BPS on notice that he posed a risk to BPS students, particularly a risk of sex-based harassment").

GRANTED ___      DENIED ____

### 10.  Hearsay from an Unnamed Student Who Spoke to a Coach About Baylor Women

Lozano's lawsuit alleges that "it has been reported" that a Baylor assistant coach tried to recruit an athlete by asking whether he liked "white women" "[b]ecause we have a lot of them at Baylor and they love football players." Dkt. 50, ¶ 33. The Court should exclude this undated hearsay from an unknown out-of-court declarant. The allegation also is irrelevant. Lozano has alleged dating violence – and only dating violence. Sexual misconduct and dating violence are factually and legally distinct. *Cf. Tate v. Zaleski*, 2021 WL 5915067, *2-3 (S.D. Miss. Dec. 14, 2021) (plaintiffs cited no cases "where evidence of a domestic violence arrest is admissible in cases involving sexual harassment or hostile work environment claims"); *Austin v. Univ. of Oregon*, 2017 WL 4621802 (D. Or., June 7, 2017) (holding in Title IX discrimination case that a "domestic violence event or a physical assault" have "nothing to do with an allegation of failing to obtain consent prior to penetration"). Admission of the evidence also would confuse the issues and inflame the jury and unduly prejudice the jury against Defendants. FED. R. EVID. 401, 402, 403.

GRANTED ___      DENIED ____

7

11.    **Hearsay and Speculation Regarding the Baylor Bruins Program**

The Court should exclude evidence, testimony, and argument regarding alleged improprieties in the Baylor Bruins program. Lozano's lawsuit alleges that the unofficial purpose of the Bruin recruiting program was to have female students show male recruits "a good time." Dkt. 50, ¶¶ 34–38, 85. The allegations are hearsay. It also is irrelevant. Lozano claims dating violence by Chafin – and only dating violence. *See* Issue No. 21.  Finally, these allegations should be excluded because they will confuse the issues and inflame the jury and unduly prejudice the jury against Defendants. FED. R. EVID. 401, 402, 403.

**GRANTED** \_\_\_      **DENIED** \_\_\_\_

12.    **Evidence of Liability Insurance/Indemnification**

The Court should disallow evidence, testimony, and argument, either directly or indirectly, that the University, Briles, or McCaw are or may be covered by some form of liability insurance or other indemnification agreement. FED. R. EVID. 411; *see also Reed v. Gen. Motors Corp.*, 773 F.2d 660, 663–64 (5th Cir. 1985).

**GRANTED** \_\_\_      **DENIED** \_\_\_

13.    **Evidence Relating to Other Lawsuits and Claims against Baylor University, Art Briles, or Ian McCaw**

The Court should exclude evidence, testimony, and argument regarding any other lawsuits or claims involving Baylor University, Art Briles, or Ian McCaw, including *Jane Doe 1 et al v. Baylor Univ.*, No. 6:16-cv-00173-RP, and *Hernandez v. Baylor Univ.*, No. 6:16-CV-69-RP. Evidence of other lawsuits or claims, including but not limited to those involving allegations of Title IX violations, sexual assault, dating violence, or student athlete misconduct, are irrelevant to the issues in this case and would be unduly prejudicial to the University. *See* FED. R. EVID. 401, 402, 403. Other lawsuits and/or claims constitute hearsay, and their probative value is substantially outweighed by the danger of unfair prejudice. *See Johnson v. Ford Motor Co.*, 988 F.2d 573, 578-79 (5th Cir. 1993); FED. R. EVID. 403; *Brumley Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1351, 1356 (5th Cir. 1983).

**GRANTED** \_\_\_      **DENIED** \_\_\_

14.    **Evidence Regarding Settlements or Settlement Negotiations in this Case**

The Court should exclude evidence, testimony, and argument regarding any settlement offer the Defendants made or did not make to Lozano; any settlement offer Lozano made or did not make to the Defendants; and any settlement negotiations or mediation between Lozano and the Defendants. Evidence to compromise or offers to compromise and statements made in settlement negotiations are not admissible to prove liability. FED. R. EVID. 408.  Likewise, the Court should exclude evidence, testimony, and argument to the effect that "some cases have to be brought to a jury," "it was necessary to file this suit," or similar statements. FED. R. EVID. 402, 403, and 408.

**GRANTED** \_\_\_      **DENIED** \_\_\_

15.     **Evidence of Damages that Lozano Did Not Disclose in her Rule 26 Disclosures**

The Court should exclude evidence, testimony, and argument regarding certain alleged damages that Lozano never disclosed as required by Rule 26.  *See* Fed. R. Civ. P. 26 & 37(c)(1). Rule 26 requires a party to disclose, without awaiting a discovery request, "a computation of each category of damages claimed by the disclosing party." In addition, the party must disclose under Rule 34 the documents on which each computation is based, "including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(iii). If a party fails to make the required disclosure, Rule 37 provides that the party is not allowed to use the information at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

a.      **"Educational Loss" Damages.**  Lozano generically stated in her Rule 26 Disclosures that she is seeking damages for "loss of educational opportunity," but she never identified any specific type of loss or provided a computation of damages. Exhibit A. And when specifically asked in discovery for documents relating to this claim, she referenced emails with professors regarding academic accommodations in the last weeks of her senior year. Exhibit B. Lozano never amended her disclosures to explain or describe any damages as required by Rule 26.  Lozano should be precluded from asserting damages for loss of educational opportunity as stated in Fed. R. Civ. P. 37(c)(1).

**GRANTED ___        DENIED ___**

b.      **Emotional Distress Damages.** Rule 26's disclosure requirements cover all forms of damages, including emotional distress damages. *See* Fed. R. Civ. P. 26; *see Walker v. Corizon Health, Inc.,* 2022 WL 1062262, at *6 (D. Kan. Apr. 8, 2022). Although Lozano's disclosures reference emotional and psychological harm, pain and suffering, and "quality of life," she did not provide a computation of damages. Although not disclosing a specific dollar amount is permitted if the plaintiff does not intend to suggest a specific amount to the jury, a specific dollar amount must be disclosed if the plaintiff intends to suggest an amount to the jury. *See, e.g, Hovanec v. Miller,* 331 F.R.D. 624, 637 (W.D. Tex. 2019). Because Lozano did not disclose a specific dollar amount, range, or computation for these damages, the Court should preclude Lozano from offering or suggesting any specific number during the trial—whether through testimony or argument. *See, e.g., Walker,* 2022 WL 1062262, at *6 ("[W]here a plaintiff decides not to disclose a computation for non-economic damages during discovery, then she 'shall be precluded from suggesting *any* amount of non-economic damages to the jury at any point or manner during the trial.'") (emphasis in original).

**GRANTED ___        DENIED ___**

16.     **Evidence or References to Punishing the Defendants or Awarding Punitive Damages**

The Court should exclude evidence, arguments, or testimony concerning hierarchical power dynamics, "institutional betrayal," and "David v. Goliath" type of arguments. *See* Fed. R. Evid. 401 (irrelevant), 402, 403 (unfair prejudice, confusing the issues, or misleading the jury). Lozano should be precluded from urging the jury to "send Baylor University a message" or making other inflammatory

suggestions calculated to arouse the jurors' passion, to punish Baylor, or to encourage assessment of damages on some basis other than that provided by law. Evidence is unfairly prejudicial if "it appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, triggers other mainsprings of human action, or may cause a jury to base its decision on something other than the established propositions of the case." *Moore v. Ashland Chem., Inc.*, 126 F.3d 679, 692 (5th Cir. 1997), *vacated on other grounds*, 151 F.3d 269 (5th Cir. 1998) (en banc) (citations omitted).

Importantly, Lozano did not identify punitive damages as a damages category in her amended Rule 26 Disclosures. Exhibit A. In addition, while Plaintiff's Original Complaint asserted claims for punitive damages and gross negligence in Counts 3 and 4, those counts were deleted when she filed her Second Amended Complaint. *Compare* Dkt. 1 & 50. Because Lozano did not disclose punitive damages in her Rule 26 Disclosures, she is precluded from arguing directly or indirectly for punitive damages. *See generally Danes v. Senior Residential Care of Am., Inc.*, No. 04-C-594, 2006 WL 3876378, at *1 (E.D. Wis. Jan. 5, 2006) (by excluding punitive damages from amended disclosures, "plaintiff advised the defendant . . . that if the matter proceeds to trial, punitive damages are not being sought"). The general reference in her prayer does not satisfy her Rule 26 obligation. *See Walker,* 2022 WL 1062262, at *5 (general demand for punitive damages in a complaint fails to satisfy Rule 26(a)'s requirement of a specific disclosure).

**GRANTED \_\_\_     DENIED \_\_\_**

17. **Evidence Relating to Emotional Distress and Punitive Damages under Title IX**

The Court should exclude evidence, testimony, and argument regarding emotional distress/mental anguish damages and punitive damages under Title IX. As a matter of law, such damages are not available under Title IX. *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S.Ct. 1562 (2022); *Bonnewitz v. Baylor Univ.*, 2022 WL 2688399, *4 (W.D. Tex., July 12, 2022); *Abdulsalam v. Board of Regents*, 2023 WL 4266378, * (D. Neb., June 29, 2023) (collecting cases).

**GRANTED \_\_\_     DENIED \_\_\_\_**

18. **Evidence Relating to the Cost of Construction of Baylor's Football Stadium, Baylor's Endowment, Coach and Employee Salaries, or Other University Expenditures**

Lozano has proposed introducing evidence of the construction cost of Baylor's football stadium. Lozano should be precluded from arousing the jurors' passion, to punish Baylor, or to encourage assessment of damages on some basis other than that provided by law. The proposed evidence constitutes "unsubstantiated anchoring," a "tactic whereby attorneys suggest damages amounts by reference to objects or values with no rational connection to the facts of the case." *Gregory v. Chohan*, 670 S.W.3d 546, 558 (Tex. 2023). Such anchors are invalid because they "have nothing to do with the emotional injuries suffered by the plaintiff and cannot rationally connect the extent of the injuries to the amount awarded." *Id.* at *7-8 (criticizing closing argument that referenced a $71 million Boeing jet and other costly items and asked the jury to give plaintiffs "'two cents worth' for every one of the 650 million miles that [Defendant's] trucks drove during the year of the accident"). The Court should exclude evidence, arguments, or testimony regarding the stadium, Baylor's endowment, coach

and employee salaries, or other university expenditures.  *See* Fed. R. Evid. 401 (irrelevant), 402, 403 (unfair prejudice, confusing the issues, or misleading the jury).

GRANTED ___      DENIED ____

**19.    Evidence of Anxiety or Stress Caused by this Litigation**

The Court should exclude evidence, testimony, and argument regarding the stress, anxiety, or hardship that Plaintiff may have experienced because of the lawsuit or media coverage of the lawsuit. Such damages are not compensable. "[T]here is no question that filing a lawsuit ... is the plaintiff's decision, and imposing additional damages on the defendant for defending against the plaintiff's claim would impair the defendant's right to defend [itself]." *Lindfors v. State Farm Mut. Auto. Ins. Co.*, 2021 WL 6125771, at *2 (D. Alaska Dec. 28, 2021) (collecting cases).

GRANTED ___      DENIED ____

**20.    Evidence Relating to Title IX Exemptions Asserted by Baylor University**

Lozano should be ordered to refrain from arguing or suggesting the imposition of liability or arousing prejudice against Baylor because of Baylor's religious affiliation or because Baylor has sought religious-based exemptions from certain Title IX regulations as allowed by law.  *See* Fed. R. Evid. 401 (irrelevant), 402, 403 (unfair prejudice, confusing the issues, or misleading the jury).  Baylor has not asserted an exemption from Lozano's Title IX claim in this case.

GRANTED ___      DENIED ____

**21.    Evidence Regarding the Murder of a Basketball Player in 2003**

Patrick Dennehy was a Baylor basketball player who was shot and killed by another Baylor basketball player 20 years ago. The Court should exclude evidence, testimony, and argument regarding this incident and any related NCAA investigation or ruling. The incident is remote in time and dissimilar from any claim asserted by Lozano. Such evidence is irrelevant under Fed. R. Evid. 404(b), and any probative value is far outweighed by the danger of unfair prejudice, confusion, and misleading the jury. Fed. R. Evid. 401, 402, and 403.

GRANTED ___      DENIED ____

**22.    Evidence of Student Misconduct Incidents that Are Not Similar to the Assaults Experienced by Lozano**

The Court should exclude evidence, testimony, and argument regarding incidents of student misconduct that do not involve dating violence. For example, Lozano's complaint refers to male-on-male fights and alleged rapes which are not remotely similar to her claims, and she has indicated an intent to rely on such unrelated incidents. Her complaint refers to past sexual assault allegations, including those relating to former athletes Tevin Elliott and Shawn Oakman.  Lozano also references drug and alcohol use by third parties. The evidence should be excluded.

In discrimination cases, incidents involving third parties are not relevant unless the third parties are *similarly situated* to the plaintiff. Discrimination incidents involving other individuals "cannot

establish that discrimination was a company's standard operating procedure unless those employees are *similarly situated to the plaintiff*"; moreover, admission of such evidence was "substantially prejudicial" and forced the company to respond to each witness's claim, creating "several 'trials within a trial.'" *Wyvill v. United Companies Life Ins. Co.*, 212 F.3d 296, 303 (5th Cir. 2000) (emphasis added) (evaluating third-party incidents in a Title VII discrimination case). The relevance of evidence of discrimination against others depends in part on "how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008).

More recently, in *Jane Doe 1 et v. Baylor Univ.*, this Court declined to compel production of reports of "gender-based harassment" in a case that involved claims of sexual assault; the reports of gender-based harassment were not relevant even if the harassment followed an assault. Dkt. 302, *Jane Doe 1 et al v. Baylor Univ.*, C.A. No. 6:16-CV-00173-RP (W.D. Tex.). Courts routinely distinguish sex-based assaults from other types of physical assaults. *See, e.g., Doe v. Elson S. Floyd College of Medicine at Wash. St. Univ.*, 2020 WL 4043975, * 8 (E.D. Wash., July 17, 2020) (plaintiff's allegations that her boyfriend was "aggressive and angry toward her during their breakup" and overturned a coffee table would not support a violation of Title IX); *Doe v. Huntington Indep. Sch. Dist.*, 2020 WL 10317505, *5 (E.D. Tex., Oct. 5, 2020) (rejecting heightened risk claim based on "culture of hazing" where athlete was sodomized with a broomstick); *see also Ruvalcaba v. Angleton Indep. Sch. Dist.*, 2022 WL 340592, *5 (5th Cir., Feb. 4, 2022) ("generalized bullying" not covered by Title IX).

Similarly, sexual misconduct and dating violence are factually and legally distinct. *See, e.g., Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 758 (Tex. 1998) ("a spate of domestic violence in the complex does not portend third party sexual assaults or robberies"); *Austin v. Univ. of Oregon*, 2017 WL 4621802 (D. Or., June 7, 2017) (a "domestic violence event or a physical assault" have "nothing to do with an allegation of failing to obtain consent prior to penetration"); *Tate v. Zaleski*, 2021 WL 5915067, *2-3 (S.D. Miss. Dec. 14, 2021) (plaintiffs cited no cases "where evidence of a domestic violence arrest is admissible in cases involving sexual harassment or hostile work environment claims").

The evidence of dissimilar third-party incidents is not relevant, and any minimal probative value is substantially outweighed by the risk it will confuse the issues, mislead the jury, waste time at trial, and cause unfair prejudice. FED. R. EVID. 403. Such evidence would result in excessive "trials within the trial" regarding Baylor's response to other incidents. *See Wyvill v. United Companies Life Ins. Co.*, 212 F.3d 296, 303 (5th Cir. 2000) (admission of dissimilar incidents was "substantially prejudicial" and forced the company to respond to each witness's claim, creating "several 'trials within a trial.'"). Unrelated incidents are likely to confuse the issues and mislead the jury into conflating its conclusions regarding those incidents with its conclusion in this case. And to the extent the jury finds fault with Baylor's response to other incidents, the evidence about those incidents would be unfairly prejudicial by creating an undue tendency for the jury to find Baylor liable to Lozano for its response to incidents that did not involve Lozano.

**GRANTED \_\_\_      DENIED \_\_\_\_**

## 23.    Evidence of Student Misconduct Incidents That Do Not Involve Football Players or That Occurred Prior to June 2012

The Court should exclude evidence, testimony, and argument regarding student misconduct that does not involve football players or that occurred prior to Chafin's enrollment at Baylor in the summer of 2012. Lozano's Title IX and negligence claims turn solely on incidents within the football

program. *See* Dkt. 50, ¶ 153 (alleging that sexual misconduct and dating violence were "pervasive among its football program"); *id.* at ¶ 166 (alleging Baylor's actions "increased the likelihood that Lozano, and other female students, would be assaulted by football players"); *id.* at ¶ 86 (incidents "emboldened" football players). Lozano does not allege that conduct by non-football players made it more likely that Chafin would assault Lozano. Nor does she contend that conduct unknown to Chafin emboldened him. These other incidents are irrelevant, and any minimal probative value is substantially outweighed by the risk they will confuse the issues, mislead the jury, waste time at trial, and cause unfair prejudice by importing tangential issues involving Baylor's response to the other incidents. And to the extent the jury finds fault with Baylor's response to those other incidents, the introduction of those incidents is unfairly prejudicial because it creates an undue tendency for the jury to find Baylor liable to Lozano for its response to incidents that did not involve her. FED. R. EVID. 403.

GRANTED ___   DENIED ____

**24.     Alleged Misconduct by Baylor Employees or Athletes Occurring After May 2014**

The Court should exclude evidence, testimony, and argument regarding alleged misconduct or discriminatory actions of Baylor employees or athletes after Lozano's graduation in May 2014. Because the Court previously dismissed Lozano's negligence claim based on the March 6 assault (Dkt. 240), Lozano's negligence claims relate to a sliver of time from March 7, 2014, until the end of April 2014 when the third assault allegedly occurred. Any conduct occurring after the third assault is not probative of foreseeability or causation as to the second or third assaults.

Nor is post-graduation conduct of consequence in determining Lozano's Title IX pre-assault claim, which the Court has held requires proof of a heightened risk that was "known or obvious."[6] Because incidents *after* Lozano's graduation were not "known or obvious" *prior* to her assault and could not have contributed to any previous risk, they are of no "consequence in determining" her Title IX pre-assault claim. FED. R. EVID. 401 (irrelevant). In addition, any post-graduation conduct could not have affected Lozano's education because she was no longer a student. *See Morales v. Corinthian Colleges Inc.*, 2013 WL 3994643, *9 (W.D. Tex., Aug. 2, 2013) ("Plaintiff does not cite to any authority, and the Court is not aware of any, that stands for the proposition that a graduate's out-of-school interactions with a former teacher can form the basis for a Title IX claim against the school."). Post-graduation actions should be excluded as irrelevant to Lozano's claims and prejudicial to Baylor. FED. R. EVID. 401, 402, 403.

GRANTED ___      DENIED ____

**25.     Evidence relating to the May 2016 "Findings of Fact" Document**

Lozano may attempt to refer to or introduce into evidence the Board of Regents May 2016 "Findings of Fact" ("FOF") which were released after the Pepper Hamilton investigation. Dkt. 218-6. The FOF states that its findings are "based on the law, related authority, facts and reasonable inferences from the facts" provided by Pepper Hamilton to the Regents. *Id.* at 2-3. The FOF contains numerous legal conclusions in which some unidentified legal standard is applied to the facts. The FOF's overarching legal conclusion is "a fundamental failure by Baylor to implement Title IX of the

---

[6]     *Karasek v. Univ. of Calif.,* 956 F.3d 1093, 1112 (9th Cir. 2020).

Education Amendments of 1972 (Title IX) and the Violence Against Women Reauthorization Act of 2013 (VAWA)."  Dkt. 218-6, FOF at 1.  The FOF does not reference Lozano or Chafin.  *Id.*

The legal conclusions in the Findings of Fact are inadmissible. *See Muccie v. Dailey*, 2022 WL 1746755, *2 (D. Mont., May 31, 2022) ("Whether BSD failed to adhere to Title IX constitutes an ultimate legal conclusion" and any opinions to that effect were inadmissible); *see generally Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 299 n. 5 (5th Cir. 2019) (legal conclusions may not be used as evidentiary admissions); *Eagleston v. Guido*, 41 F.3d 865, 873–74 (2d Cir. 1994) (police commissioner's views on whether a policy violated the law "would be inadmissible because they are legal conclusions concerning an ultimate issue in the case").

Moreover, the Findings of Fact contain legal conclusions based on Baylor's compliance or noncompliance with the Clery Act and the VAWA amendments, but, as discussed in Item no. 1 above, such statements are inadmissible as a matter of law. 20 U.S.C. § 1092(f)(14)(B) (emphasis added).

If the statements are admitted, there is a substantial risk of prejudice to Baylor and of confusion of the issues. The FOF contains a mixture of opinions based on the VAWA amendments and federal administrative guidance (the 2011 Dear Colleague Letter and other unspecified administrative guidance). The FOF also contains numerous opinions regarding sexual assault claims, which Lozano does not allege. It would be unduly prejudicial to Baylor to expose the jury to legal conclusions formulated based on non-binding administrative guidance and a federal law (Clery/VAWA) that cannot be used to impose liability on Baylor (Clery/VAWA).

In addition, because the Findings of Fact were issued in May 2016, more than two years after the assaults alleged by Lozano, the FOF is not evidence of prior notice by Baylor of any deficiencies in its policies or programs.

For these reasons, the FOF should be excluded.  However, if the FOF is to be admitted for any purpose, then all legal conclusions in the FOF should be excluded.

**GRANTED ___      DENIED ____**

## 26.    Evidence Related to Subsequent Remedial Measures

The Court should exclude evidence, testimony, and argument regarding subsequent remedial measures that occurred after Lozano's alleged assaults, including but not limited to changes or updates that Baylor may have made to its policies and programs for responding to allegations of dating violence/interpersonal violence. The Court should exclude evidence of recommendations made by Margolis Healy & Associates and Pepper Hamilton on these subjects. This after-the-fact evidence is inadmissible to prove the University's negligence, culpable conduct, defects in its existing Title IX compliance policies, processes, and procedures, or a need for warnings or instructions as to Lozano. FED. R. EVID. 407.  An objective of Rule 407 is to ensure that negligence is determined according to what the defendant knew or should have known prior to the incident, not what the defendant knew following the incident. *See Dauzat v. Weeks Marine, Inc.*, 2016 WL 3186900, at *1–*2 (E.D. La. June 8, 2016) (citing *Adams v. Chevron USA, Inc.*, 383 F. App'x 447, 452 (5th Cir. 2010)). Rule 407 also reflects the social policy of encouraging people to take action to enhance safety. *See* FED. R. EVID. 407 (Notes of Advisory Committee).

**GRANTED ___      DENIED ___**

27. **Opinion Testimony by Undesignated Experts**

It is anticipated that Lozano may attempt to offer expert opinions from lay witnesses. Federal Rule of Civil Procedure 26(a)(2)(A) requires timely disclosure of the names of any person from whom Lozano would seek to elicit expert testimony and "not merely those experts who are retained or specially employed to provide expert testimony in the case or whose duties as employees of the party regularly involve giving expert testimony." *Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 F.3d 875, 882 n.4 (5th Cir. 2004). Any attempt by Lozano to elicit expert testimony from any witness she did not previously and timely disclose under Rule 26(a)(2)(A), either through live testimony or documentary evidence, should be excluded.

GRANTED ___        DENIED ____

28. **References to the "Golden Rule"**

Lozano should not be allowed to make any reference to the "Golden Rule" or state that the jury should "do unto others as you would have them do unto you," or that the jury panel should place themselves in Lozano's shoes. *See Whitehead v. Food Max of Miss. Inc.*, 163 F.3d 265, 278 (5th Cir. 1998); *Edwards v. City of Phila.*, 860 F.2d 568, 574 (3d Cir. 1988); Fed. R. Evid. 402, 403 (unfair prejudice, confusing the issues, or misleading the jury). Such "Golden Rule" arguments are impermissible. *See Ivy v. Security BargeLines, Inc,* 585 F.2d 732, 741 (5th Cir. 1978); *Rojas v. Richardson*, 703 F.2d 186 (5th Cir. 1983); *Brown v. Parker Drilling Offshores Corp.*, 410 F.3d 166, 180 (5th Cir. 2005).

GRANTED ___        DENIED ____

29. **Pre-trial Court Rulings, Including the Ruling on the Motions in Limine**

The Court should exclude any reference to pretrial rulings of this Court, including the ruling on Defendants' motions for summary judgment and motions in limine, prior to the trial of this case or during the trial when a ruling is made out of the presence of the jury. Likewise, the Court should exclude any reference to the fact that Baylor filed this motion seeking to exclude certain evidence. An attempt to interject these matters before the jury or prospective jurors will result in unfair prejudice, undue delay, and confusion of the issues. *See* Fed. R. Evid. 403. Such rulings have no probative value to the issues before the jury, and any such value is far outweighed by the risk of prejudice against Defendants. Fed. R. Evid. 401 & 403.

GRANTED ___        DENIED ____

30. **References to Certain Discovery Responses and Objections to Discovery**

Written discovery responses that are subject to any objection, unless or until the Court has ruled on the objection, should not be presented to the jury. Fed. R. Evid. 103(c), 104(c). Additionally, Plaintiff should not inform the jury in any manner that Baylor objected to any discovery requests, redacted portions of documents, or advised any witness not to answer a particular question or line of questions at depositions. Objections are matters for the Court, and counsel may not argue or imply that facts could have been proved but for objections by opposing counsel. *See* Fed. R. Evid. 103(c), 104(c); *United States v. Vaglica*, 720 F.2d 388, 395 (5th Cir. 1983) (party's remark that rules prohibited

it from introducing evidence was not harmless error because it invited the jury to assume that evidence existed to negate opponent's case).

**GRANTED** ___      **DENIED** ____

### 31. Assertions of Privilege During Discovery

Documents or information for which a claim of privilege or exemption has been made, including, but not limited to, the attorney-client privilege, the attorney work product privilege, and the party communications privilege, should not be raised before the jury. *See* FED. R. EVID. 501 (establishing that state law governs privilege regarding a claim or defense for which state law supplies the rule of decision); TEX. R. EVID. 513 (prohibiting comment on claim of privilege). The existence of a legal objection is not relevant to any material issue presented to the jury in this trial, and to the extent that it may be relevant, it should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or causing undue delay. *See* FED. R. EVID. 402, 403.

**GRANTED** ___      **DENIED** ____

### 32. Argument Regarding Discovery Disputes or Documents Withheld from Discovery

The Court should exclude testimony and argument regarding discovery disputes, motions to compel, or discovery orders that were filed in this case or in *Jane Doe 1 et al v. Baylor University* (C.A. No. 6:16-cv-000173-RP). Each party had an opportunity to object to discovery requests and, if necessary, to move to compel. A party may not argue or suggest that evidence has been improperly withheld or concealed. Such argument has no probative value and, even if one might glean some probative value, it is far outweighed by the risk of unfair prejudice against Baylor. FED. R. EVID. 401 (irrelevant), 403 (unfair prejudice, confusing the issues, or misleading the jury).

**GRANTED** ___      **DENIED** ____

### 33. Comments about the University's Lawyers or Cost of Defense

The Court should exclude evidence, testimony, and argument regarding the conduct or role, if any, of the University's attorneys in meeting with witnesses before testifying in this matter, either in deposition or live at trial. In addition, any claims regarding the University's cost of defense should be excluded from the presence of the jury. Lozano also should be prohibited from mentioning or suggesting that the law firms of Thompson & Horton LLP or Weisbart Springer Hayes, LLP (1) specialize in representing institutions of higher education; (2) specialize in the defense of lawsuits or civil rights or discrimination-related lawsuits; or (3) are private firms that have used any number of attorneys or received any amount of fees in defending this case. *See* FED. R. EVID. 403 (unfair prejudice, confusing the issues, or misleading the jury); *see, e.g., Bufford v. Rowan Cos., Inc.*, 994 F.2d 155, 157–58 (5th Cir. 1993) (trial court has duty to suppress unsupported attacks on integrity of opposing counsel).

**GRANTED** ___      **DENIED** ____

**34.    References to the Jury Serving as a Vehicle of Social Change**

Lozano should be ordered to refrain from arguing or suggesting that the jury may use its verdict as a mechanism through which to affect social change or to send a message to other members of the community, including Baylor University. *See Westbrook v. Gen. Tire & Rubber Co.*, 754 F.2d 1233 (5th Cir. 1985).

**GRANTED \_\_\_        DENIED \_\_\_\_**

**35.    Counsel's Personal Beliefs During Argument**

Lozano's attorneys should be prohibited from stating their personal beliefs concerning the justness of Lozano's case or of her right to recover damages. *See, e.g., Polansky v. CNA Ins. Co.*, 852 F.2d 626, 628 (1st Cir. 1988). "[C]ounsel's opinions or personal beliefs have no place in a closing argument of a criminal or civil trial." *Id.* (citations omitted).

**GRANTED \_\_\_        DENIED \_\_\_\_**

**36.    Demonstrative Evidence that was not Previously Shown to the University**

The Court should bar Lozano from displaying to the jury any graphs, diagrams, pictures, charts, or any other demonstrative evidence without Lozano first presenting it to the University's counsel for examination, to give the University the opportunity to make a timely objection, and to the Court for a ruling on admissibility, if necessary. FED. R. EVID. 401 (irrelevant), 402, 403 (unfair prejudice, confusing the issues, or misleading the jury), 802 (hearsay), and 901 (authenticity).

**GRANTED \_\_\_        DENIED \_\_\_\_**

**37.    Third-Party Hearsay in University Student Files**

To the extent Lozano attempts to introduce or refer to student files of third-party students, Title IX files, student conduct files or the like, any statements therein by third-party students, offered to prove the truth of the matters asserted, should be excluded as hearsay. FED. R. EVID. 802 (hearsay). Even if the files themselves were admissible under a hearsay exception, information not based on the author's personal knowledge would be inadmissible. *Kercheval v. Haynes and Perma R. Prods, Inc.*, 2020 WL 4677687, at *3 (E.D. Tex. 2020); *W.L. v. Zirus*, 2020 WL 6703238, at *3 (W.D. Tex. Nov. 11, 2020), *adopted by* 2021 WL 2470362 (W.D. Tex., Jan. 12, 2021). To the extent the third-party student statements refer to statements by other declarants, they constitute hearsay within hearsay and are inadmissible unless each level of hearsay qualifies under a hearsay exception. *See United States v. Dotson*, 821 F.2d 1034, 1035 (5th Cir. 1987).

**GRANTED \_\_\_        DENIED \_\_\_\_**

**38.    Allegations Regarding Chafin's Prior Girlfriend**

The Court should exclude evidence, testimony, and argument regarding any allegation that, prior to his relationship with Dolores Lozano, Devin Chafin impregnated a prior girlfriend or that the prior girlfriend terminated a pregnancy. The allegations and evidence are inadmissible under Rule 404(b). The allegations are irrelevant to any issue of consequence needed to decide the case and, even if they had probative value, this information is far outweighed by the tendency to confuse the issues,

waste time, and cause unfair prejudice. FED. R. EVID. 401 (irrelevant), 402, 403 (unfair prejudice, confusing the issues).

GRANTED ___      DENIED ____

**39.    Allegations of Comment by Former Baylor Regent Richard Willis**

The Court should exclude evidence, testimony, and argument regarding any allegation that former Baylor regent Richard Willis, in the summer of 2014 during a personal business trip, made an alleged comment about blonde, blue-eyed female students. The allegation, relating to an incident after Lozano graduated from Baylor, is hearsay. The allegation also is irrelevant to any claim. Admission of any such evidence also would confuse the issues and inflame the jury and unduly prejudice the jury against Defendants. FED. R. EVID. 401, 402, 403, 801, 802.

GRANTED ___      DENIED ____

<u>**CONCLUSION**</u>

Defendant Baylor University prays that this Court will grant the Motions in Limine as set forth above and issue an Order reflecting the items addressed above.

Respectfully submitted,

**Thompson & Horton LLP**

By:  /s/ Lisa A. Brown
Lisa A. Brown
State Bar of Texas No. 03151470
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027-7554
lbrown@thompsonhorton.com
(713) 554-6741 (telephone)

Holly G. McIntush
State Bar of Texas No. 24065721
8300 N. MoPac Expwy, Suite 220
Austin, Texas 78759
hmcintush@thompsonhorton.com
(512) 615-2350 (telephone)
(512) 682-8860 (fax)

K. Adam Rothey
State Bar of Texas No. 24051274
Leila H. Gary
State Bar of Texas No. 24058790
Thompson & Horton LLP
500 N. Akard Street, Suite 3150
Dallas, Texas 75201
(972) 441-4527 (telephone)
arothey@thompsonhorton.com
lgary@thompsonhorton.com

**Weisbart Springer Hayes LLP**

JULIE A. SPRINGER
State Bar No. 18966770
212 Lavaca Street, Suite 200
Austin, Texas 78701
512.652.5780
512.682.2074 fax
jspringer@wshllp.com

COUNSEL FOR DEFENDANT
BAYLOR UNIVERSITY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was served upon opposing counsel on September 15, 2023, via the Court's ECF/CMF electronic filing and service system as follows:

Sheila Haddock
Alexander Zalkin
Irwin Zalkin
The Zalkin Law Firm, P.C.
10590 W. Ocean Air Drive, Suite 125
San Diego, California 92130
(858) 259-3011 (Tel.)
(858) 259-2015 (Fax)
sheila@zalkin.com
alex@zalkin.com
irwin@zalkin.com

Tom Nesbitt
Scott DeShazo
DeShazo & Nesbitt, LLP
809 West Avenue
Austin, Texas 78701
(512) 617-5560 (Tel.)
(512) 617-5563 (Fax)
tnesbitt@dnaustin.com
sdeshazo@dnaustin.com
lgoodson@dnaustin.com

Thomas P. Brandt
Stephen D. Henninger
Fanning, Harper, Martinson, Brandt
  & Kutchin, P.C.
Two Energy Square
4849 Greenville Ave., Ste. 1300
Dallas, Texas 75206
(214) 369-1300 (Tel.)
(214) 987-9649 (Fax)
tbrandt@fhmbk.com
shenninger@fhmbk.com

Ernest Cannon
P.O. Box 1193
Stephenville, Texas 76401
(254) 918-1006
Ernestcannon1@yahoo.com

Darrell L. Barger
David W. Green
Hartline Barger LLP
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056
(713) 759-1990 (Tel.)
(713) 652-2419 (Fax)
dbarger@hartlinebarger.com
dgreen@hartlinebarger.com

Colin L. Powell
Hartline Barger LLP
8750 North Central Expressway, Suite 1600
Dallas, Texas 75231
(214) 369-2100 (Tel.)
(214) 369-2118 (Fax)
cpowell@hartlinebarger.com

_/s/ Lisa Brown_
Lisa A. Brown

# Exhibit A

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| DOLORES LOZANO; | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | Case No.: 6:16-cv-00403 |
| | § | |
| v. | § | |
| | § | Hon. Robert Pitman |
| BAYLOR UNIVERSITY; ART BRILES, | § | |
| In his individual capacity; IAN MCCAW, | § | |
| In his individual capacity; and CITY OF | § | |
| WACO, | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## PLAINTIFF'S AMENDED DISCLOSURES

To: Defendant Baylor University, Defendant Art Briles, Defendant Ian McCaw and Defendant City of Waco, through their counsel of record:

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Jane Roe ("Plaintiff") makes these amended supplemental disclosures.

## DISCLOSURE

**I. IDENTITY OF PERSONS LIKELY TO HAVE DISCOVERABLE INFORMATION THAT THE DISCLOSING PARTY MAY USE TO SUPPORT CLAIMS OR DEFENSES**

Plaintiff identifies the following individual witnesses pursuant to Rule 26(a)(1)(A). Plaintiff does not concede that the individuals listed herein necessarily have discoverable information relevant to disputed facts, but have identified such individuals based on a broad reading of Plaintiff's disclosure obligation:

1

**Dolores Lozano**
*Plaintiff*

**Lillian Lozano**
*Plaintiff's Mother*
c/o    The Zalkin Law Firm
       10590 Ocean Air Drive Suite 125
       San Diego, CA 92130

**Devin Chafin**
940-923-4996

> Mr. Chafin has knowledge related to his relationship with Plaintiff, his alleged emotional and physical abuse of Plaintiff. As former Baylor student athlete, he has knowledge related to the Baylor football program, including recruiting practices as well as the formal and informal policies, procedures and practices related to the reporting, investigation and discipline of player misconduct.

**Shawna Chafin**
940-642-8481

> Ms. Chafin is Devin Chafin's mother and has knowledge related to his relationship with Plaintiff, his physical and emotional abuse of Plaintiff and his substance abuse.

**Jennifer Kerr**
(580) 795-4569

> Ms. Kerr was involved in a dating relationship with Mr. Chafin. Ms. Kerr has knowledge related to her assault of Plaintiff in Waco, Texas in 2015.

**LaDaja Dunn**
(contact information unknown)
**Kendyll Hellestrae**
(contact information unknown)
**Audra Gesek**
(contact information unknown)

> Ms. Dunn, Ms. Hellestrae and Ms. Gesek were present in Devin Chafin's apartment on March 6, 2014 and may have knowledge related to Chafin's assault(s) of Plaintiff.

**Madison Thein**
210-478-8690

> Ms. Thein witnessed Plaintiff's assault in the parking lot of Scruffy Murphy's in April 2014 and accompanied Plaintiff when she filed a police report with the Waco Police Department.

**Gary Franklin**
323-273-2277
**Al Freeman**
(contact information unknown)
**Corey Coleman**
972-805-6426
**Shock Linwood**
(903) 601-1700

Mr. Franklin, Mr. Freeman, Mr. Coleman and Mr. Linwood witnessed Plaintiff's assault in the parking lot of Scruffy Murphy's in April 2014. They may also have information related to the Baylor football program, including recruiting practices as well as the formal and informal policies, procedures and practices related to the reporting, investigation and discipline of player misconduct.

**Ahmad Dixon**
(contact information unknown)
**Tyler Stephenson**
469-443-2434
**Tre'Von Armstead**
(contact information unknown)
**Sam Ukwuachu**
(contact information unknown)
**Antwan Goodley**
(432) 934-9933

These former Baylor football players may have information related to the Baylor football program, including recruiting practices as well as the formal and informal policies, procedures and practices related to the reporting, investigation and discipline of player misconduct. They may also have knowledge about Devin Chafin's substance abuse and his assaults on Plaintiff. Mr. Armstead was Mr. Chafin's roommate.

Current and/or former Baylor University personnel including the following:

*Administrators*

Ken Starr
Chris Holmes
Kevin Jackson

3

Bethany McCraw
Martha Lou Scott

*Athletic Department*

Art Briles
Ian McCaw
Nancy Post
LaPrise Williams
Wes Yeary
Jeff Lebby
Colin Shillinglaw

*Baylor Police Department*

Jim Doak

*Professors*

Carrie D. Caviness
Kathy Whipple

Current and/or former City of Waco/Waco Police Department personnel including the following:

Kurt Mosbach

Officer Mosbach's name appears on the April 2014 Waco Police Department report.

Patrick Swanton

Sergeant Swanton is quoted in several media reports; In addition to commenting on the Waco PD's handing of reports of sexual violence and domestic abuse allegedly committed by Baylor athletes generally, Swanton made statements about Plaintiff's complaint against Chafin specifically.

II.    **A COPY OR DESCRIPTION BY CATEGORY AND LOCATION OF DOCUMENTS, DATA COMPILATIONS, AND TANGIBLE THINGS IN THE POSSESSION, CUSTODY OR CONTROL OF PLAINTIFF WHICH MAY BE USED TO SUPPORT CLAIMS OR DEFENSES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(B), Plaintiffs contemplate using the

4

following categories of documents to support her claims:

1. Plaintiff's medical records

2. Plaintiff's mental health/counseling records

3. Plaintiff's education records

4. Documents produced in response to Defendant's requests for production: DL000001-DL000105.

5. Documents currently in Defendants' possession but anticipated to be obtained through discovery including but not limited to (1) e-mails, (2) text messages, (3) images, (4) voice messages, (5) police reports, (6) investigation notes and/or reports, and (7) policy documents.

6. Any other documents produced by Defendant, as well as any documents produced by third-party witnesses relevant to Plaintiff's allegations.


### III.    COMPUTATION OF DAMAGES CLAIMED BY THE DISCLOSING PARTY

At this time, the computation of damages cannot be accurately estimated until more information is learned through discovery.  However, in the interest of complying with the requirements pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), Plaintiff anticipates damages in the following categories:

1. Compensatory Damages

   a. General Damages: Including, but not limited to: (1) Pain and suffering, (2) emotional and psychological harm, (3) loss of educational/employment opportunities and/or benefits, and (4) loss of quality of life.

   b. Special Damages: Medical expenses – past and future

2. Litigation Costs

3.  Reasonable Attorneys' Fees

**IV.    ANY INSURANCE AGREEMENT UNDER WHICH AN INSURANCE BUSINESS MAY BE LIABLE TO SATISFY ALL OF PART OF A POSSIBLE JUDGMENT IN THE ACTION OR TO INDEMNIFY OR REIMBURSE FOR PAYMENTS MADE TO SATISFY THE JUDGMENT**

Not applicable to Plaintiff.

Dated:  January 10, 2020                        Respectfully submitted,

                                                */s/ Sheila P. Haddock*
                                                Sheila P. Haddock
                                                Texas State Bar No. 00790810
                                                sheila@zalkin.com
                                                Alexander S. Zalkin (*pro hac vice*)
                                                alex@zalkin.com
                                                Irwin M. Zalkin (*pro hac vice*)
                                                irwin@zalkin.com
                                                THE ZALKIN LAW FIRM, P.C.
                                                12555 High Bluff Drive, Ste. 301
                                                San Diego CA  92130
                                                Telephone: (858) 259-3011
                                                Facsimile: (858) 259-3015

                                                *Attorneys for Plaintiff Dolores Lozano*

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2020 a true and correct copy of the foregoing instrument has been forwarded by email, pursuant to the Federal Rules of Civil Procedure, to counsel listed below:

THE ZALKIN LAW FIRM, P.C.

/s/ Sheila P. Haddock
Sheila P. Haddock
Texas State Bar No. 00790810
sheila@zalkin.com

THE ZALKIN LAW FIRM, P.C.
12555 High Bluff Drive, Ste. 301
San Diego, CA 92130
Telephone: (858) 259-3011
Facsimile: (858) 259-3015

Service List:

Darrell L. Barger
Texas State Bar No. 01733800
dbarger@hdbdlaw.com
Hartline Barger LLP
1980 Post Oak Blvd., Suite 1800
Houston, TX 77056
713-759-1990
Fax: 713-652-2419
COUNSEL FOR DEFENDANT ART BRILES

J. Reid Simpson
Texas State Bar No. 24072343
rsimpson@hdbdlaw.com
Hartline Barger LLP
1105 Wooded Acres Drive, Suite 402
Waco, TX 76710
254-304-9198
Fax: 254-304-9199
COUNSEL FOR DEFENDANT ART BRILES

Ernest Cannon
Texas State Bar No.  03746000
ernestcannon1@yahoo.com
P.O. Box 1193
Stephenville, Texas 76401-0011

(254) 918-1006  telephone
(Application for Admission Pro Hac In process)
COUNSEL FOR DEFENDANT ART BRILES

Thomas A. Nesbitt
Texas State Bar No.  24007738
tnesbitt@dnaustin.com
Scott F. DeShazo
Texas State  Bar No. 24011414
sdeshazo@dnaustin.com
Laura J. Goodson
Texas State Bar No. 24045959
lgoodson@dnaustin.com
DeShazo & Nesbitt L.L.P.
809 West Avenue
Austin, Texas  78701
512/617-5560
512/617-5563 (Fax)
COUNSEL FOR DEFENDANT ART BRILES

Thomas P. Brandt
Texas State Bar No.02883500
tbrandt@fhmbk.com
Stephen D. Henninger
Texas State Bar No.00784256
shenninger@fhmbk.com
FANNING HARPER MARTINSON
BRANDT & KUTCHIN
A Professional Corporation
Two Energy Square
4849 Greenville Ave., Suite 1300
Dallas, Texas 75206
(214) 369-1300 (office)
(214) 987-9649 (telecopier)
COUNSEL FOR DEFENDANT IAN McCAW

Lisa A. Brown
Texas State Bar No. 03151470
lbrown@thompsonhorton.com
James E. Byrom
jbyrom@thompsonhorton.com
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas  77027-7554
(713) 554-6741 (telephone)
COUNSEL FOR DEFENDANT BAYLOR UNIVERSITY

Holly G. McIntush
Texas State Bar No. 24065721
hmcintush@thompsonhorton.com
Jessica N. Witte
State Bar of Texas No. 24095026
jwitte@thompsonhorton.com
1001 Congress Ave., Suite 350
Austin, Texas 78701
(512) 615-2350 (telephone)
(512) 682-8860 (fax)
COUNSEL FOR DEFENDANT BAYLOR UNIVERSITY

Charles D. Olson
Texas State Bar No. 15273200
colson@haleyolson.com
Michael W. Dixon
Texas State Bar No. 05912100
mdixon@haleyolson.com
HALEY & OLSON, P.C.
The Summit at Bosque Ridge
100 N. Ritchie Road, Suite 200
Waco, Texas 76712
Telephone: (254) 776-3336
Telecopier: (254) 776-6823
COUNSEL FOR DEFENDANT CITY OF WACO, TEXAS

# Exhibit B

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| DOLORES LOZANO;<br>　　　　Plaintiff,<br><br>v.<br><br>BAYLOR UNIVERSITY; ART BRILES,<br>in his individual capacity; IAN MCCAW,<br>in his individual capacity; and CITY OF<br>WACO.<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No.: 6:16-cv-00403<br><br>Hon. Robert Pitman |

**PLAINTIFF'S AMENDED AND SUPPLEMENTAL**
**RESPONSES AND OBJECTIONS TO**
**DEFENDANT BAYLOR UNIVERSITY'S REQUESTS FOR PRODUCTION**

TO:  Defendant, Baylor University, through its counsel of record, Lisa Brown, Phoenix Tower, Suite 200, 3200 Southwest Freeway, Houston, Texas 77027-7554, and Holly G. McIntush, 1001 Congress Avenue, Suite 350, Austin, Texas 78701.

　　　Plaintiff Dolores Lozano serves the following Responses and Objections to Defendant Baylor University's Request for Production:

**PRELIMINARY STATEMENT**

1. These Responses and Objections are made in accordance with the Confidentiality and
   Protective Order entered May 9, 2019. (Dkt. 90).

2. Plaintiff's investigation and development of all facts and circumstances relating to this
   action is ongoing. These responses and objections are made without prejudice to, and are

2. Plaintiff objects to these requests for production to the extent that they may be construed as calling for information subject to a statutory or other right to privacy or confidentiality, or subject to a claim of privilege, including attorney-client privilege, or the work-product doctrine, or that which is otherwise immune from discovery.

## RESPONSES AND OBECTIONS

**REQUEST FOR PRODUCTION NO. 1:** All documents and communications demonstrating the loss of educational opportunities and/or benefits by Plaintiff due to Baylor's alleged actions or omissions as alleged in the Lawsuit.

**RESPONSE:**

Plaintiff objects that this request is overly broad, unduly burdensome, seeks information that is not relevant and is not proportionate to the needs of the case. Not limited to proper time, scope or subject matter, the request seeking information "demonstrating" her allegations lacks reasonable particularity and, as worded, includes information protected by the attorney client privilege and/or the attorney work product doctrine, including but not limited to information prepared solely for litigation purposes after this suit was filed.

Subject to these objections and without waiving the same, please see previously produced email communications between Plaintiff and professors regarding grade concerns and requests for accommodations, extra credit, etc.

**REQUEST FOR PRODUCTION NO. 2:** All handbooks, flyers, pamphlets, policies, procedures, and emails, and notices received by Plaintiff from Baylor regarding student complaint and grievances processes, student disciplinary processes, self-defense, dating violence, domestic violence, harassment, and/or medical and counseling services at Baylor.

**RESPONSE:**

Plaintiff has not located any responsive documents.

**REQUEST FOR PRODUCTION NO. 3:** All social media posts, blog posts, and messages, whether public or private, to or from or by Plaintiff, regarding alleged physical assault(s), any alleged assailant(s), and/or Baylor University. "Social media" as used in this request includes, but is not limited to, Facebook, Twitter, Instagram, Tumblr, and Snapchat. This request also seeks deleted posts and messages.

**RESPONSE:**

Plaintiff is seeking damages related to loss of earnings or earning capacity.

**REQUEST FOR PRODUCTION NO. 56:** All documents identifying the economic losses, in both loss of earning capacity and compensatory damages, as alleged by you in Cause No. 2016-1877-4 in the Judicial District Court of McLennan County.

**RESPONSE:**

Plaintiff objects that this request is overly broad and harassing, seeks information that is not relevant and is not proportionate to the needs of the case.  Plaintiff nonsuited this case in 2018.

**REQUEST FOR PRODUCTION NO. 57:** All letters that Plaintiff sent to prospective employers since 2014 seeking employment.

**RESPONSE:**

Plaintiff directs Defendant to documents previously produced. However, Plaintiff is not seeking damages for loss of earnings or earning capacity.

**REQUEST FOR PRODUCTION NO. 58:** All documents concerning attorneys' fees paid by Plaintiff, or to be paid by Plaintiff or owed to Plaintiff's counsel, including but not limited to any agreement or contract between Plaintiff and Plaintiff's counsel, invoices, bills, or statements for services rendered, documents reflecting costs incurred, and any other documents on which Plaintiff will rely in seeking an award of attorneys' fees in the Lawsuit.

**RESPONSE:**

Plaintiff objects that this request is overly broad and seeks information protected by the attorney-client privilege and/or the attorney work product doctrine.

Dated:  April 20, 2021                            Respectfully submitted,

                                                  */s/ Sheila P. Haddock*
                                                  Sheila P. Haddock
                                                  Attorney-in-charge
                                                  (SBN # 00790810)
                                                  (Southern Dist. of Texas # 19157)
                                                  Sheila@zalkin.com
                                                  Alexander S. Zalkin (*pro hac vice*)
                                                  alex@zalkin.com
                                                  Irwin M. Zalkin (*pro hac vice*)

irwin@zalkin.com
THE ZALKIN LAW FIRM, P.C.
10590 W. Ocean Air Dr., Ste. 125
San Diego CA  92130
Telephone: (858) 259-3011
Facsimile: (858) 259-3015

*Attorneys for Plaintiff Dolores Lozano*

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2019, a true and correct copy of the foregoing instrument has been forwarded by email, pursuant to the Federal Rules of Civil Procedure, to counsel listed below:

THE ZALKIN LAW FIRM, P.C.

/s/ Sheila P. Haddock
Sheila P. Haddock
Federal I.D. No. 19157
Texas State Bar No. 00790810
sheila@zalkin.com
/s/ Alexander S. Zalkin
Alexander s. Zalkin
Bar No. 280813
alex@zalkin.com
THE ZALKIN LAW FIRM, P.C.
10590 W. Ocean Air Dr., Ste. 125
San Diego, CA 92130
Telephone: (858) 259-3011
Facsimile: (858) 259-3015

Service List:

Darrell L. Barger
State Bar No. 01733800
dbarger@hdbdlaw.com
Hartline Barger LLP
1980 Post Oak Blvd., Suite 1800
Houston, TX 77056
713-759-1990
Fax: 713-652-2419
COUNSEL FOR DEFENDANT ART BRILES

J. Reid Simpson
State Bar No. 24072343
rsimpson@hdbdlaw.com
Hartline Barger LLP
1105 Wooded Acres Drive, Suite 402
Waco, TX 76710
254-304-9198
Fax: 254-304-9199
COUNSEL FOR DEFENDANT ART BRILES

Ernest Cannon
Texas Bar No.  03746000
ernestcannon1@yahoo.com
P.O. Box 1193
Stephenville, Texas 76401-0011
(254) 918-1006  telephone
(Application for Admission Pro Hac In process)
COUNSEL FOR DEFENDANT ART BRILES

Thomas A. Nesbitt
Texas Bar No.  24007738
tnesbitt@dnaustin.com
Scott F. DeShazo
Texas Bar No. 24011414
sdeshazo@dnaustin.com
Laura J. Goodson
Texas Bar No. 24045959
lgoodson@dnaustin.com
DeShazo & Nesbitt L.L.P.
809 West Avenue
Austin, Texas  78701
512/617-5560
512/617-5563 (Fax)
COUNSEL FOR DEFENDANT ART BRILES

Thomas P. Brandt
State Bar No.02883500
tbrandt@fhmbk.com
Stephen D. Henninger
State Bar No.00784256
shenninger@fhmbk.com
FANNING HARPER MARTINSON
BRANDT & KUTCHIN
A Professional Corporation
Two Energy Square
4849 Greenville Ave., Suite 1300
Dallas, Texas 75206
(214) 369-1300 (office)
(214) 987-9649 (telecopier)
COUNSEL FOR DEFENDANT IAN McCAW

Lisa A. Brown
State Bar of Texas No. 03151470
lbrown@thompsonhorton.com
James E. Byrom

jbyrom@thompsonhorton.com
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027-7554
(713) 554-6741 (telephone)
COUNSEL FOR DEFENDANT BAYLOR UNIVERSITY

Holly G. McIntush
State Bar of Texas No. 24065721
hmcintush@thompsonhorton.com
Jessica N. Witte
State Bar of Texas No. 24095026
jwitte@thompsonhorton.com
1001 Congress Ave., Suite 350
Austin, Texas 78701
(512) 615-2350 (telephone)
(512) 682-8860 (fax)
COUNSEL FOR DEFENDANT BAYLOR UNIVERSITY

Leila Gary
lgary@thompsonhorton.com
500 N. Akard Street, Suite 3150
Dallas, Texas 75201
T: 972.441.4527
F: 972.920.3483
COUNSEL FOR DEFENDANT BAYLOR UNIVERSITY

Charles D. Olson
State Bar No. 15273200
colson@haleyolson.com
Michael W. Dixon
State Bar No. 05912100
mdixon@haleyolson.com
Joshua J. White
State Bar No. 24048880
jwhite@haleyolson.com
HALEY & OLSON, P.C.
The Summit at Bosque Ridge
100 N. Ritchie Road, Suite 200
Waco, Texas 76712
Telephone: (254) 776-3336
Telecopier: (254) 776-6823
COUNSEL FOR DEFENDANT CITY OF WACO, TEXAS