IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DOLORES LOZANO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | 6:16-CV-403-RP |
| | § | |
| BAYLOR UNIVERSITY; ART BRILES, | § | |
| In his individual capacity; | § | |
| IAN MCCAW, in his individual capacity; | § | |
| and CITY OF WACO, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT ART BRILES'
RESPONSE TO PLAINTIFF'S MOTION IN LIMINE**

Defendant Art Briles files this Response to Plaintiff's Motion in Limine.

**ARGUMENT**

1. **Plaintiff's Sexual History**

Lozano argues that Rule 412 of the Federal Rules of Evidence bars evidence relating to certain matters regarding her sexual history. Rule 412 prohibits the use of evidence in a case involving sexual misconduct offered to prove (1) that a victim engaged in other sexual behavior; or (2) a victim's sexual predisposition. To be clear, Briles does not intend to delve into detail regarding Plaintiff's other sexual conduct. Briles' limited use of this evidence – most of which is reflected in Plaintiff's own expert report – is for a permissible purpose and is highly relevant to damages and causation.

1

As a threshold matter, although FRE 412 applies in a civil case alleging sexual battery, it does not apply in a case alleging simple battery, whether in a dating context or otherwise.[1]  In this case, Lozano has alleged three physical, non-sexual assaults by Devin Chafin.  Dkt. 50, ¶¶ 105 ("kicked," "pushed," and choked), 116 ("slammed" arm and hand on car window), 121 ("slammed to the ground").  But even if FRE 412 applied, Briles' limited use is relevant and necessary to show that Briles did not cause Lozano's alleged damages and to show that Lozano's and Chafin's motivation for their respective mistreatment of each other was personal and not related to, or caused by, Briles.

First, Lozano told her expert, Dr. Julia C. Babcock, that Chafin coerced certain sex acts. *See* Baylor Ex. 1, Babcock Rpt. at 15-16 (filed under seal).  Dr. Babcock's diagnostic impressions are specifically predicated in part on a finding that Lozano had a history of sexual coercion by Chafin.  *Id*. at 17.  But Lozano later testified that "Dr. Babcock must have gotten confused" and that Lozano's statement to Babcock regarding certain instances <u>did not pertain to Chafin at all</u> but to a different person.  Baylor Ex. 2, Lozano Tr. at 116:9–21.  Similarly, Lozano told Dr. Babcock that Chafin gave her an STD.  Baylor Ex. 1, Babcock Rpt. at 6.  But at her deposition, Lozano acknowledged that Chafin probably did <u>not</u> give her an STD.  Baylor Ex. 2, Lozano Tr. at 402:16–403:23. Because Dr. Babcock relied on this information from Lozano in formulating her opinions about Chafin's alleged abusive behavior, the testimony is relevant to the reliability of the expert's opinions and relevant to Lozano's credibility and motive in her characterization of Chafin's conduct.  Finally, both Chafin and Lozano accused each other of infidelity, and Lozano admitted

---

[1]   *See generally* FED. R. EVID. 412 Advisory Committee's Notes to Subdivision (a) of 1994 amendments; *see, e.g., Smith v. Ray*, 2015 WL 13855539, at *3 (E.D. Va. Aug. 5, 2015) (holding alleged excessive force was "not sexual in nature" and thus FRE 412 did not apply to preclude evidence of past sexual abuse and assaults).

one instance to him.  Baylor Ex. 3, Chafin Tr. at 50:9-19; *see also* Baylor Ex. 4 (DL000147) (under seal). Their competing claims of infidelity indicate jealousy as a motive for their alleged mistreatment of each other. This motive is very personal and unrelated to any alleged Baylor policy or alleged action/inaction by Briles.

In short, Briles is not introducing any evidence for the purpose of proving that Lozano engaged in other sexual behavior or to prove a particular predisposition of Lozano.  Finally, because the probative value of the evidence outweighs any potential prejudicial effect, and because Briles does not intend to probe the details of these incidents, the evidence should be admitted.

2.   **Complaints against other students**

Lozano's motion should be denied because the incidents are relevant to material issues and are admissible under FRE 404, which permits admission of "other acts" to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2).  Lozano has testified that she "didn't know what to do" when Chafin allegedly assaulted her in 2014. *See* Baylor Ex. 2, Lozano Tr. at 162:16–163:23.  The evidence shows that Lozano knew reporting options and, in fact, previously had filed complaints with both the Baylor police and Judicial Affairs (Student Conduct Office).  The evidence is relevant to Lozano's knowledge and the credibility of her testimony that she did not know what to do to report the alleged assaults. In addition, in all three instances, despite her knowledge of reporting options, Lozano did not follow through on her complaints.  This evidence tends to show Lozano's failure to file complaints against Chafin was an intentional choice and not the result of discouragement by Baylor staff or Briles or a mistake or some confusion on her part about what to do:

- Lozano filed a Baylor police complaint in 2012 against her roommate following a dispute over money in which the roommate allegedly threatened violence against

>   Lozano.  *Id*. at 40:19–43:13. The complaint was forwarded to Judicial Affairs.  *Id*. Lozano continued to live with the roommate and pursued no further remedies.

- In 2012, after a basketball player allegedly cyberbullied Lozano, Lozano sent a detailed email to Judicial Affairs complaining about the alleged harassment and requesting relief. *Id*. at 47:21–51:23, 50:7–24. The email is evidence of Lozano's knowledge of the Judicial Affairs Office and its role in addressing student misconduct. Lozano's 2012 email also is relevant to Briles' statute of limitations defense. Dkt. 206-1, depo. exhibit 6 (copy of 2012 email). The 2012 email contradicts her assertion in this case that she did not know until 2016 of Baylor's and Briles' alleged policy of protecting athletes from discipline.

- In 2013, Lozano filed a Waco police complaint against another roommate after he allegedly slapped her. *Id*. at 43:14–47:11 incl. Exh. 5. She continued to live with the roommate, did not pursue an assault charge against him, and did not file a complaint with Judicial Affairs.

The probative value of the evidence outweighs any potential prejudicial effect. Lozano's motion does not explain how the evidence will cause confusion, mislead, or result in unfair prejudice.

3. **Prior lawsuits filed by Lozano**

Lozano claims that she has suffered severe emotional distress and pain and suffering since Chafin's alleged assaults in 2014, and her expert's report states that her symptoms have continued to the present day.  Baylor Ex. 1 (Babbock report).  Since Chafin's alleged assaults, Lozano filed four lawsuits – three of which were based on incidents that occurred after Chafin's alleged assaults. Baylor Ex. 5, 6, 7, 8.  Each lawsuit alleges that other parties caused her severe mental and/or physical pain during the same period of time for which she seeks recovery in this case.  These other incidents are relevant to her damages and causation.  *See generally Francois v. Colonial Freight Systems*, 2007 WL 4564866, at *1 (S.D. Miss. Dec. 21, 2007) (denying motion in limine on previous lawsuit and claims filed by plaintiff because "such evidence is relevant on the issues of credibility and damages"); *Griffin v. REC Marine Logistics LLC*, 2023 WL 1965428, at *3 (M.D. La. Feb. 13, 2023) (denying motion in limine seeking to exclude evidence of two lawsuits

related to car crashes because the evidence was relevant to the extent of any pre-existing injuries, medical causation, and damages). The Fifth Circuit also held that subsequent events can be relevant to a plaintiff's claim for emotional distress damages. *See Wilder v. Stephen F. Austin State Univ.*, 2023 WL 1466616, at *2 (5th Cir. Feb. 23, 2023) (plaintiff's "mental state at her subsequent place of employment in the year following her termination from SFA was relevant to the compensatory damages for emotional distress she sought from SFA"). Each of the four lawsuits claims damages similar to the damages alleged in this lawsuit. In addition:

- Lozano sued Metro over a bus crash in 2018. She testified in that case that the Metro incident caused nightmares and a sleep disorder and that Metro, not Baylor or Briles, was to blame. Baylor Ex. 9, Lozano Metro Tr. at 45:15–48:8. But in the lawsuit against Briles, Lozano does complain about nightmares and sleep problems. *See*, *e.g.*, Baylor Ex. 1, Babcock Rpt. at 14, 15, 18, 21. In addition, in a psychological evaluation in the Metro case, Lozano stated that, prior to the bus crash in June 2018, she was "energetic, vivacious, and upbeat." Baylor Ex. 10 (DL 000626-629). These allegations contradict the mental health symptoms that she describes in the lawsuit against Briles. The evidence is highly relevant to Lozano's damages and her credibility.

- Lozano's lawsuit against Briles describes an incident in 2015 in which Chafin's new girlfriend, Jennifer Kerr, allegedly "beat" Lozano and threatened to kill her. Dkt. 50, 2nd Am. Cmplt., ¶ 128-129. Jennifer Kerr is now Chafin's wife. According to Lozano's expert, Lozano's alleged injuries from Kerr are a significant portion of the damages that Lozano now claims. Dr. Babcock opined that Lozano needs long-term therapy in part because of the "physical assault by [Chafin's] now wife." Baylor Ex. 1, Babcock Rpt. at 7-8, 20. Lozano's lawsuit against Kerr, which Lozano filed in 2016 and later nonsuited, claimed damages for significant harm that overlaps her claims and allegations in this case. The lawsuit is relevant because it presents alternative causation of similar or identical damages she alleges in this lawsuit.

The *Kerr* lawsuit is relevant for yet another reason. When asked by Dr. Babcock to identify all of her prior litigation, Lozano listed every lawsuit *except for* the lawsuit that she filed against Chafin's wife. This omission is relevant to Lozano's credibility and motive, and it also is relevant to the reliability of Dr. Babcock's opinions which were impacted by incomplete or erroneous information from Lozano.

5

The probative value of the evidence outweighs any potential prejudicial effect. Lozano's motion does not explain how the evidence will cause confusion, mislead, or result in unfair prejudice.

4. **Interactions with Jennifer Kerr**

As discussed above, some of Lozano's interactions with Chafin's girlfriend (now wife) Jennifer Kerr are described in Lozano's lawsuit in this case, and Lozano's alleged injuries from the Kerr incident are a component of Lozano's alleged damages in this case. In addition, Lozano and Kerr produced text messages that show that Lozano was protective of her relationship with Chafin, which tends to explain Lozano's motive for not filing (i) police charges, (ii) a Judicial Affairs complaint, or (iii) a lawsuit against Chafin.  No Baylor or Briles "policy" prevented or discouraged Lozano from filing a complaint.  Evidence of other acts are properly admissible as evidence of motive, including jealousy.  *See*, *e.g.*, Fed. R. Evid. 404(b)(2); *United States v. Garcia-Meza*, 403 F.3d 364, 368 (6th Cir. 2005) (evidence of defendant's earlier assault was proper "other acts" evidence of motive because it showed defendant's jealousy); *United States v. Little*, 2022 WL 16714140, at *5 n.7 (N.D. Okla. Nov. 4, 2022) (evidence of other acts admissible to demonstrate "ongoing and escalating jealousy" as a motive).  Further, the fact that Lozano continued to pursue Chafin after her alleged assaults is evidence that nothing Briles did or did not do with respect to reports of sexual assault and dating violence caused Lozano's alleged assaults. Finally, the probative value of the evidence outweighs any potential prejudicial effect. Lozano's motion does not explain how the evidence will cause confusion, mislead, or result in unfair prejudice.

5. **Timing of employing lawyers**

The motion should be denied because this evidence is relevant to Briles' statute of limitations defense. Lozano alleges she was unaware of any of Briles' alleged acts or omissions constituting the factual basis for her causes of action prior to May 26, 2016, when Baylor released its Findings of Fact. Dkt. 50, at ¶¶ 159–161, 173–180. But Lozano hired counsel before that date and was preparing to sue Baylor, Briles' employer, before she read a single word of the Findings of Fact. Because the evidence is relevant to important defenses and theories of liability in this case, and because Lozano does not argue for exclusion under Rule 403, it is admissible.

6. **Payment of attorneys**

Briles does not object to this limine point, so long as it is made reciprocal to Briles.

7. **Settlement issues**

Briles does not object to this limine point, so long as it is made reciprocal to Briles.

8. **Plaintiff's criminal history**

Briles is aware of a single incident of Plaintiff's criminal history, and it is relevant to the case. In January 2013, Lozano was driving with Chafin in the passenger seat, and she was pulled over by Waco police while driving intoxicated and turning the wrong way down a one-way street. Baylor Ex. 2, Lozano Tr. at 52:14–57:2 and depo exhibit 7. After Lozano told the police officer that her mother was a police officer, she was charged only with having an open container in her car and not DWI. Lozano testified that she "was given a break in that situation." *Id*. at 54:12–55:10, 16-23. Chafin, her passenger, was cited for minor in possession in the same incident. Ironically, while seeking to exclude her alcohol charge, Lozano's Exhibit List shows that she wants to introduce Chafin's charge for minor in possession that occurred on the same occasion. Dkt. 254-4 at p. 9, Exh. P-85. The January 2013 police charges against Lozano and Chafin should be

7

admitted because they help explain the dynamics of their relationship and the formative events leading to the alleged assaults that Lozano now blames on Briles.

Lozano's criminal history relating to this event is also relevant because of a "reflections essay" that she submitted to the criminal court in 2013. Her essay admitted that she had been "drinking a lot more … mainly to deal with emotional stress from school and family issues." Baylor Ex. 2, Lozano Depo. Exhibit 7 at p.2. Despite this admission of alcohol misuse in 2013, Dr. Babcock's report indicates that Lozano had no alcohol issues until after the alleged assaults by Chafin. Baylor Ex. 1, Babcock Rpt. at 18. Because the reflections paper shows a preexisting alcohol issue, it is relevant to causation and damages.

Finally, Lozano does not argue that this evidence relating to her own alcohol offense would confuse the issues, mislead the jury, cause unfair prejudice, etc., under Rule 403. Because the probative value clearly outweighs any contrary considerations under Rule 403, the evidence is properly admitted.

9.  **City of Waco as a former party**

This motion should be denied because the conduct of the Waco Police remains a prominent component of Lozano's allegations and damages claims. Lozano claims that the alleged actions of the Waco Police harmed her. *See*, *e.g.*, Dkt. 50, 2nd Am. Cmplt. at ¶¶ 41, 45, 49–51, 57, 120, 129, 138–39, 141–51. Lozano's own expert, Dr. Babcock, opines that Lozano was traumatized by the actions or inactions of the Waco Police. Ex. 1, Babcock Rpt. at 17–18.

Lozano has sued multiple people or entities for her alleged injuries – everyone but the person who allegedly inflicted the bruises (Chafin). Lozano's lawsuit against the City of Waco is further evidence of Lozano's intent and motive to protect Chafin while blaming others, and it tends to explain Lozano's decision not to file a complaint with Judicial Affairs in the spring of 2014.

The evidence is relevant and should be admitted. Finally, Lozano's motion does not explain how the evidence will cause confusion, mislead the jury, or result in unfair prejudice to her.

10. **Withdrawn claims**

This motion should be denied because the contents of even dismissed, withdrawn, or superseded prior pleadings are properly admissible, as articulated below in response to limine point No. 15.

11. **"Work Product" of prior attorneys**

Lozano gave her mental health expert, Dr. Babcock, two memos to read that were prepared by her former attorneys at Farrell and Patel using information Lozano provided them. Baylor Ex. 2, Lozano Tr. at 22:10–23:2 incl. Exh. 1; *id.* at 308:18–309:15 incl. Exh. 2. Lozano intentionally—not inadvertently—disclosed these documents to Dr. Babcock, who relied on them in preparing her report in this matter. *Id.* at 23:3–29:20; Baylor Ex. 1, Babcock Rpt. App'x A. Any attorney work-product privilege attaching to those documents was intentionally waived. *See*, *e.g.*, *In re Vioxx Prods.*, 2007 WL 1558700, at *3 (E.D. La. May 30, 2007) ("[I]ntentional disclosure of opinion work-product to a testifying expert effectively waives the work-product privilege") (punctuation and citation omitted). In addition, before Lozano's counsel disclosed the documents to Briles' counsel, Lozano's counsel Irwin Zalkin admitted in an April 2021 email that the privilege had been waived as to these documents. Baylor Ex. 11. Privilege was waived when Lozano gave the documents to her expert and when her attorneys subsequently produced them in this case.

The law firm's memo and timeline are relevant to Briles' statute of limitations defense because they show Lozano was contemplating litigation before the Findings of Fact were issued. In addition, both documents contain a timeline of alleged events that differs in some respects from

9

Lozano's later statements. These differences are relevant to an assessment of Lozano's credibility. In addition, Lozano found the documents sufficiently reliable that she gave them to her expert to review for background, and the expert relied on them in preparing her opinion. Lozano has not explained how these documents would confuse the issues, mislead the jury, cause unfair prejudice, etc. pursuant to FRE 403.

12. **Laprise Williams lawsuit**

Laprise Williams sued Baylor University in 2017 for wrongful termination, having hired the same lawyers initially used by Lozano. Lozano has identified Williams as a witness in this case. The testimony about what and when Lozano said anything to Williams about her alleged assaults, and the testimony about what Williams did with that information, will be hotly disputed. Williams' lawsuit against Baylor is admissible, *inter alia*, to show her bias against Baylor (and, by extension, Briles). *See*, *e.g.*, *Watkins v. Broward Sheriff's Office*, 771 Fed. App'x 902, 912–13 (11th Cir. 2019) (evidence of prior lawsuit against defendant relevant to show bias). Plaintiff's motion should be denied.

13. **Plaintiff's prior incident of intoxication**

Lozano admitted at her deposition that, after her DUI in January 2013, there was another incident in May 2013 when she was intoxicated and fell out of her car onto her face while trying to vomit. Baylor Ex. 2, Lozano Tr. at 68:17–71:18; Baylor Ex. 3, Chafin Tr. at 31:2–15, 34:24–36:16. Chafin was in the car at the time. This occurred on Baylor property, and Lozano was not disciplined because the incident was not reported to Judicial Affairs. The evidence is relevant to damages and causation (see item no. 8 above) and provides important context for their relationship. Lozano's two alcohol incidents in the spring of 2013 also help explain the dip in her GPA that

occurred that semester. The probative value outweighs any contrary considerations under Rule 403 and thus is properly admitted.

14. **Hiring of counsel**

Briles does not intend to offer evidence of why Lozano changed counsel. However, evidence of when Lozano initially hired counsel in this matter is evidence of Lozano's efforts to sue Baylor/Briles prior to the date she alleges she first learned of their potential liability. It is therefore relevant to Briles' limitations defense and Lozano's fraudulent concealment allegation, and the date of hiring is not privileged information.

15. **Prior pleadings**

This motion should be denied because prior pleadings are admissible for the purpose of impeachment or to controvert later factual allegations, though "they are not conclusive admissions and are controvertible." *In re Patriot Place, Ltd.*, 486 B.R. 773, 799 (W.D. Tex. 2013). "In the Fifth Circuit, '[a]s a general rule … pleadings in the same action which have been superseded by amendment, withdrawn or dismissed, are admissible as admissions of the pleading party to the facts alleged therein, assuming of course that the usual tests of relevancy are met.'" *Vital v. Varco*, 2015 WL 7736637, at *4 (S.D. Tex. Nov. 30, 2015) (quoting *Cont'l Ins. Co. v. Sherman*, 439 F.2d 1294, 1298 (5th Cir. 1971)); *see also Michel v. Ford Motor Co.*, 2019 WL 7562759, at *6 (E.D. La. Feb. 13, 2019) (denying motion in limine seeking to exclude contents of pleadings that had been superseded, citing *Cont'l Ins.*).

16. **Evidence of comparative fault**

This motion should be denied because the Court did not find that Chafin was **not** a responsible third party, but ruled that Baylor was procedurally foreclosed from designating Chafin as a responsible third party under Texas law. Dkt. 231. In any event, the only effect of the Court's

ruling on the motion to designate Devin Chafin as a responsible third party is that his name will not be included in the liability question on the jury charge, and the jury will not be able to assign a specific percentage of responsibility to him. This does not, however, banish Chafin's name from the courtroom, nor preclude the trier of fact from considering Chafin's alleged actions toward Lozano.

It is *Plaintiff's* burden of proof to establish that the Defendants' alleged acts were the proximate cause of her alleged injuries. *Nabors Drilling, U.S.A., Inc v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009); *Western Invs. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). This requires Plaintiff to prove both: (1) that the Defendants' actions were the **cause-in-fact** of her injuries; and (2) that it was **foreseeable** that the Defendants' acts would cause an injury. *Western Invs.*, 162 S.W.3d at 551; *IHS Cedars Treatment Ctr. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004); *Del Lago Partners v. Smith*, 307 S.W.3d 762, 774 (Tex. 2020). Plaintiff must satisfy this burden whether or not any responsible third-parties have been added, requested, or denied, and Defendants are permitted to assert that Plaintiff has failed to meet that burden of proof (because, *inter alia*, it was the acts of other persons who were the cause in fact of an alleged injury), whether or not any responsible third-parties have been added, requested, or denied. Under Texas law, denial of a motion to designate responsible third party does not preclude defendants from offering evidence of third-party liability:

> Perez argues that Stellar should be estopped from utilizing a "sole proximate cause" inferential rebuttal defense because Stellar at first sought to have the murderer's comparative liability submitted to the jury but was precluded from doing so because it had not complied with section 33.004 of the Civil Practices & Remedies Code regarding responsible third parties. **A "sole proximate cause" instruction is proper, however, if there is evidence that a person's conduct that is not submitted to the jury was the sole proximate cause of the occurrence.** *[Citation omitted].* **There is no requirement for a party**

> **to submit or obtain comparative negligence findings for all possible responsible parties.**

*Perez v. DNT Global Star, LLC*, 339 S.W.3d. 692, 699-700 (Tex. App.—Houston [1st Dist.] 2011) (emphasis added).

Defendant Baylor has pled the defense of sole proximate cause in its answer. Briles has likewise specifically pled in his answer that the criminal and/or improper acts of independent third parties were the sole cause of Plaintiff's alleged injuries.[2] Under the law, there may be more than one proximate cause of an event, but if an act or omission of a person who is not a party to the suit was the sole proximate cause of an occurrence, then no act or omission of any party to the lawsuit could have been a proximate cause. Texas Pattern Jury Charge, § 3.2 (Sole Proximate Cause) (2022). Defendants are therefore permitted to argue that Devin Chafin's acts and omissions were the proximate cause of Plaintiff's alleged injuries, and that Plaintiff has failed to meet her burden of proof. Plaintiff's motion in limine in this regard should be denied.

---

[2] Even if Defendants had not specifically pled the issue of sole proximate cause, they would still be entitled to argue it and have a jury instruction on it. This is because sole proximate cause is an inferential rebuttal defense, not an affirmative defense, and is not required to be specifically pled. *Perez*, 339 S.W.3d. at 699-700 (Tex.App.-Houston [1st Dist.] 2011); *Dew v. Crown Derrick Erectors, Inc.*, 208 S.W.3d 448, 450 (Tex. 2006).

Respectfully submitted,

*/s/ Colin L. Powell*
**DARRELL L. BARGER**
Texas Bar No. 01733800
dbarger@hartlinebarger.com
**DAVID W. GREEN**
Texas Bar No. 08347475
dgreen@hartlinebarger.com

**HARTLINE BARGER LLP**
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056
(713) 759-1990 (telephone)
(713) 652-2419 (facsimile)

and

**COLIN L. POWELL**
Texas Bar No. 24092984
cpowell@hartlinebarger.com

**HARTLINE BARGER LLP**
8750 North Central Expressway, Suite 1600
Dallas, Texas 75231
(214) 369-2100 (telephone)
(214) 369-2118 (facsimile)

**ERNEST CANNON** *(Pro Hac Vice)*
Texas Bar No. 03746000
ernestcannon1@yahoo.com

**ERNEST H. CANNON LAW FIRM**
P.O. Box 1193
Stephenville, Texas 76401-0011
(254) 918-1006 (telephone

**ATTORNEYS FOR DEFENDANT ART BRILES**

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of this document is being served pursuant to the Federal Rules of Civil Procedure on September 22, 2023.

                          */s/ Colin L. Powell*
                          **COLIN L. POWELL**