IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DOLORES LOZANO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 6:16-CV-403-RP |
| | § | |
| BAYLOR UNIVERSITY, | § | |
| ART BRILES, *in his individual capacity*, and | § | |
| IAN McCAW, *in his individual capacity*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Following the final pretrial conference and in advance of jury selection, the Court issues this omnibus order addressing the matters that one or more parties asked the Court to resolve before jury selection. Before addressing those requests, the Court clarifies the number of preemptory strikes out of an abundance of caution: Plaintiff Dolores Lozano ("Lozano") shall have three and Defendants Baylor University ("Baylor), Art Briles ("Briles"), and Ian McCaw ("McCaw") shall jointly share five.

### I.  Lozano's Social Media Posts

Briles intends to introduce two exhibits that are screenshots from a social media account belonging to Lozano. The disputed exhibits are labeled Briles Trial Exhibits 5 and 6. During the final pretrial conference, the parties stated that they would attempt to reach an agreement. If the parties are not able to reach an agreement, then Briles may not introduce the exhibits without first clearing their admissibility with the Court and establishing his need for the exhibits.

### II.  Sole Proximate Cause

Briles argues, and McCaw joins the argument, that Briles should be able to argue sole proximate cause to the jury. At the final pretrial conference, Briles agreed that he will not make

statements to the jury about Chafin not being on the jury charge or why Lozano did not sue Chafin. As background on this issue, Briles did not serve a third-party complaint on Chafin, and this Court denied Baylor's motion to designate a responsible third party as untimely, (Dkt. 231). Sole proximate cause is an inferential rebuttal defense under Texas law that involves non-parties. *See Dillard v. Tex. Elec. Coop.*, 157 S.W.3d 429, 432 (Tex. 2005) ("There is a sole-proximate-cause instruction if the occurrence is caused by a 'person not a party to the suit.'"). The parties do not agree on what happened between Chafin and Lozano, and it would be premature for the Court to make a determination at this time as to whether Briles and McCaw can argue sole proximate cause to the jury. Counsel are cautioned from referring to sole proximate cause, including the applicable law or any instructions the Court may give the jury.

### III.     January 2013 Incident

In relation to the Court's rulings on the parties' motions in limine regarding the criminal history of Chafin and Lozano, Baylor argues that the parties would not be able to introduce evidence of an incident involving both Chafin and Lozano without it being apparent that Lozano was present. The previous ruling stands: Chafin's criminal history will not be subject to a motion in limine. However, at this time, the Court also will not preclude the introduction of evidence as to Lozano's involvement related to the January 2013 incident.

### IV.     Juror Questionnaire

The parties disagree whether the juror questionnaires that will be transmitted to the parties two days before jury selection should include demographic information about the jurors. The Court has redacted identifying information from the questionnaires that are being sent to counsel today in advance of jury selection. Counsel will have access to all juror information the morning of jury selection.

## V. Baylor's Exhibit Objections

Baylor presents several objections to exhibits tendered by Lozano. The Court steps through them one-by-one.

### A. Findings of Fact

First, Baylor objects to the Findings of Fact being disclosed to the jury without redactions. Baylor requests that the Finding of Fact be redacted to exclude "four statements as legal conclusions." The Court grants Baylor's request. The Findings of Fact shall be presented to the jury with those four legal conclusions redacted.

### B. Margolis Healy Report

Second, Baylor objects to the introduction of the Margolis Healy report. Baylor requests two redactions: (1) the portion of the report regarding the Clery Act and (2) the executive summary. The Court denies Baylor's renewed objection. The Court will consider an instruction to the jury regarding what evidence is appropriate.

### C. Original Answer by Regents

Baylor next objects to the answer filed by three Baylor regents who were sued in their individual capacities by Collin Shillinglaw as unsworn out-of-court statements. A pleading can be admissible, and the Court denies Baylor's objection to exclude, wholesale, the Baylor regents' pleading.

### D. Deposition statements

Baylor objects to Exhibit 6, a "statement by Baylor but it's a statement on the deposition of former athletics director Mr. McCaw and it was about a deposition that he gave in related litigation." The Court declines to exclude Exhibit 6 and reminds the parties that references to the related Jane Doe litigation shall be omitted or redacted, as needed, from exhibits.

### E. Newspaper articles

Baylor objects to the introduction of newspaper articles. The Court denies Baylor's renewed objection.

### F. Pepper Hamilton slides

Baylor objects to a portion of the Pepper Hamilton powerpoint, Exhibit 136, because it "contains selected texts between Mr. Shillinglaw and Mr. Briles" about other types of "nonsexual" misconduct. The Court denies Baylor's renewed objection.

### G. Baylor's interrogatory responses

Baylor objects to its own fourth amended objections and responses to Briles's interrogatories. The Court denies Baylor's renewed objection.

### H. Exhibit A of Baylor's interrogatory responses

Finally, Baylor specifically objects to Exhibit A to its fourth amended objections and responses to Briles's interrogatories. Exhibit A contains about 150 footnotes pertaining to five case studies "involving sexual violence and football players that Pepper Hamilton reviewed." (Dkt. 282-10, at 3). Baylor stated during the hearing that if the Court is inclined to allow Exhibit A to be introduced, then Baylor "think[s] there could be agreement on this." Given that the Court is not inclined to preclude Exhibit A's introduction at this time, the Court encourages the parties to work together to reach an agreement.

**SIGNED** on October 10, 2023.

                                                      ROBERT PITMAN
                                                      UNITED STATES DISTRICT JUDGE