UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DOLORES LOZANO; § § § § Plaintiff, § § v. § Case No.: 6:16-cv-00403 § BAYLOR UNIVERSITY; ART BRILES, § in his individual capacity; IAN MCCAW, § in his individual capacity; and CITY OF § Hon. Robert Pitman WACO. § § Defendants. § | |

**PLAINTIFF DOLORES LOZANO'S
RESPONSE IN OPPOSITION TO DEFENDANT ART BRILES'
MOTION FOR JUDGMENT AS A MATTER OF LAW**

**TO THE HONORABLE JUDGE OF THE COURT:**

Plaintiff Dolores Lozano files this Response in Opposition to Defendant Art Briles Motion for Judgment as a Matter of Law and in support shows the Court as follows:

**ARGUMENT & AUTHORITIES**

The Court denied summary judgment on Lozano's negligence claims as to all three defendants. **(**Dkt. 230, Briles); (Dkt. 232, McCaw); (Dkt. 240, Baylor). incorporates by reference her responses in opposition to Defendants' Motions for Summary Judgment: Response to Briles' Motion (Dkt. 170): Response to McCaw's Motion (Dkt. 212); Baylor's Motion (Dkt. 218). The trial testimony and the evidence admitted over the past four days confirm that a reasonable jury

may render a verdict in Lozano's favor against Defendants, including Briles. Several trial exhibits illustrate.

### Baylor University Board of Regents
### Findings of Fact
### (Plaintiff's Exhibit 1)

Released on May 26, 2016, the "Baylor University Board of Regents Findings of Fact" outlined "specific failings within both the football program and Athletics Department leadership" and identified "significant concerns about the tone and culture within Baylor's football program as it relates to accountability for all forms of athlete misconduct." (P-1). In addition to admitting "institutional failures at every level of Baylor's administration," the Regents specifically implicated the football program Briles led.  The Regents highlighted the following Findings of Fact related to football:

- "Leadership challenges and communication issues hindered enforcement of rules and policies, and created a cultural perception that football was above the rules."

- "The University and Athletics Department failed to take effective action in response to allegations involving misconduct by football staff."

- "The choices made by football staff and athletics leadership, in some instances, posed a risk to campus safety and the integrity of the University."

- "In certain instances, including reports of a sexual assault by multiple football players, athletics and football personnel affirmatively chose not to report sexual violence and dating violence to an appropriate administrator outside of athletics."

- "Football staff conducted their own untrained internal inquiries, outside of policy, which improperly discredited complainants and denied them the right to a fair, impartial and informed investigation, interim measures or processes promised under University policy."

- "The football program's separate system of internal discipline reinforces the perception that rules applicable to other students are not applicable to football players, improperly insulates football players from appropriate disciplinary consequences, and puts students, the program, and the institution at risk of future misconduct."

- "The football program failed to identify and maintain controls over known risks, and unreasonably accepted known risks."

- "Leadership in football and the athletics department did not set the tone, establish a policy or practice for reporting and documenting significant misconduct."

- "The lack of reporting expectations resulted in a lack of accountability for player misconduct and employee misconduct."

Following the release of the Findings of Fact, Baylor published Pepper Hamilton's 105 Recommendations and embarked on a very public campaign to restore the university's image. Responding to Pepper Hamilton's investigation, Baylor took personnel action which ultimately resulted in the decision to suspend Briles with the intent to terminate his employment. At trial, former Baylor Regents Cary Gray and Ron Murff testified that they remained confident in the Findings of Fact and stood by the decision regarding Briles' employment.

### Baylor's Amended Response to Briles' Interrogatories, Exhibit A
### (Plaintiff's Exhibit 374)

"While the Findings of Fact issued by the Board on May 26, 2016, were based on an overall view of Baylor's infrastructure, policies, and processes and how Baylor handled reports of sexual assault during the three-year time period under review," Baylor highlighted five cases involving football players. The cases reviewed included one involving dating violence. In a section entitled, "Through the Lens of Specific Cases: Case 3," details regarding an incident of dating violence are provided along with footnote references to text messages and emails. Baylor's admissions in "Exhibit A." There, Collin Shillinglaw met with the female student and her mother. Here, although Shillinglaw claimed he did not recall Lozano, the evidence shows that Lozano's mother texted him photos of Lozano's injuries. Shillinglaw testified he was not aware of any incident of sexual assault or dating violence that he did not share with Briles. The jury could infer from Shillinglaw's testimony that Briles knew about Lozano's report of assault through Shillinglaw in April 2014 – not 2016 as he testified.

**Pepper Hamilton External Review Power Point**
(Plaintiff's Exhibit 136)

The Pepper Hamilton External Review Power Point contains "Broad Athletic Findings" that include text messages and emails that reveal Briles' involvement in disciplinary matters and disconnect with judicial affairs as well as his operation of an internal discipline system.

Finally, Briles' own testimony, along with testimony from Shillinglaw, Wes Yeary, Jeff Lebby and Devin Chafin, further supports a finding for Lozano that Defendant Briles was negligent.

In sum, applying the legal framework set forth in Lozano's briefing referenced above to the testimony and evidence admitted at trial, Briles motion for judgment as a matter of law should be denied. The documentary evidence and conflicting testimony must be considered by a jury.

Dated:  October 20, 2023                    Respectfully submitted,

*/s/ Sheila P. Haddock*
Sheila P. Haddock
Attorney-in-charge
Texas State Bar No. 00790810
Sheila@zalkin.com
Irwin M. Zalkin (*pro hac vice*)
irwin@zalkin.com
THE ZALKIN LAW FIRM, P.C.
10590 W Ocean Air Drive, Ste. 125
San Diego CA  92130
Telephone: (858) 259-3011
Facsimile: (858) 259-3015

Zeke O. Fortenberry
Texas State Bar No. 24061361
zeke@fortenberryfirm.com
Fortenberry Firm PLLC
18333 Preston Rd, Suite 375
Dallas, TX 75252
Telephone: (469)626-7373
Facsimile: (469)716-4190

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 20, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record in this matter.

      */s/ Sheila P. Haddock*
Sheila P. Haddock
Attorney-in-charge
Texas State Bar No. 00790810
Sheila@zalkin.com
THE ZALKIN LAW FIRM, P.C.
10590 W Ocean Air Drive, Ste. 125
San Diego CA  92130
Telephone: (858) 259-3011
Facsimile: (858) 259-3015