FILED
October 23, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____lad_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DOLORES LOZANO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 6:16-CV-403-RP |
| | § | |
| BAYLOR UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

## **JURY CHARGE**

**MEMBERS OF THE JURY**:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

## **I. GENERAL INSTRUCTIONS**

Once you commence your deliberations on the verdict, you will not have a written transcript of the testimony of witnesses during your deliberations, and we will not be able to read to you a significant portion of a witness's testimony.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict. Do not let bias, prejudice, or sympathy play any part in your deliberations.

In this case, Baylor University is a private university. All parties are equal before the law and a university is entitled to the same fair consideration that you would give an individual person.

## NO INFERENCE FROM FILING SUIT

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## BURDEN OF PROOF

Plaintiff Dolores Lozano has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Dolores Lozano has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

**EVIDENCE**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court, even if no evidence has been specifically offered regarding those facts.

The parties have stipulated to the following facts:

1. Plaintiff Dolores Lozano was born on November 10, 1991.

2. Dolores Lozano enrolled at Baylor University in August 2010 and graduated in May 2014 with a Bachelor of Science degree in Communication Sciences and Disorders.

3. Devin Chafin was born on May 5, 1994.

4. Devin Chafin was in the 2012 recruiting class of the football team.

5. Devin Chafin enrolled at Baylor University during the summer of 2012.

6. Art Briles was the head football coach at Baylor University from December 2007 through May 2016.

7. Ian McCaw was the Athletic Director at Baylor University from September 2003 through May 2016.

8. Because Baylor University is a recipient of federal funds in the form of student financial aid and research grants, it is subject to Title IX of the Education Amendments of 1972.

9.  Kendall Briles, Jeff Lebby, and Colin Shillinglaw were hired while Art Briles was head coach.

10. Dolores Lozano worked as a manager for the Acrobatics and Tumbling team during the 2013-14 academic year.

11. In the spring semester of 2014, Spring Break at Baylor University was held from Monday, March 10 to Friday, March 14. Classes resumed on Monday, March 17, 2014.

12. Baylor University's annual campus celebration known as Dia del Oso (Day of the Bear) was held on Thursday, April 10, 2014.

13. Baylor University was closed on Good Friday, April 18, 2014, and on Monday, April 21, 2014.

14. The last day of classes for the Spring 2014 semester at Baylor University was May 2, 2014. Final examinations were held May 7, 2014 through May 13, 2014. Commencement exercises were held May 16 and May 17, 2014.

15. Baylor's undergraduate student enrollment at its main campus in Waco, Texas was 12,438 students in 2010; 12,575 students in 2011; 12,918 students in 2012; 13,292 students in 2013; and 13,859 students in 2014.

16. Dolores Lozano has been employed by Harris County, Texas as a Justice of the Peace, Precinct 2, Place 2, since January 2023.

17. Baylor University does not own Scruffy Murphy's bar, which is located at 1226 Speight Avenue in Waco, Texas.

Now I will give you instructions about the lawyers' objections during the trial. Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe that the evidence being offered is improper. At times, I sustained objections to questions without permitting the witness to answer or sustained an objection to an exhibit without admitting it. You must ignore the question or the exhibit and must not try to guess what the information might have been. Do not be influenced by the Court's overruling or sustaining an objection.

Do not consider or discuss any evidence that was not admitted in the courtroom. Testimony and exhibits that I disallowed or instructed you to disregard are not evidence and must not be

considered. When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

Some exhibits contain markings that black out a name, sentence, or paragraph. In some instances, names have been replaced with a pseudonym due to the privacy interests of persons who are not part of the case. Do not try to guess what information has been blackened out or conduct independent investigation about the exhibit.

You are not to decide this case by counting the number of exhibits on the opposing sides. Exhibits are weighed; exhibits are not counted. The test is not the relative number of exhibits, but the relative convincing force of the evidence. A single exhibit is sufficient to prove any fact if after considering all of the other evidence you believe that exhibit.

Additionally, I remind you that anything you may have seen or heard during this trial other than testimony from witnesses and exhibits admitted into evidence should be disregarded.

## WITNESSES

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

Certain testimony has been presented to you through deposition. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Prior to this trial, attorneys representing the parties in this case had the opportunity to question witnesses under oath, and the witness's testimony was recorded by a court reporter and sometimes on video. The questions and answers have been read or shown to you today. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility, and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

You are required to evaluate the testimony of a law enforcement officer as you would the testimony of any other witness. No special weight may be given to his or her testimony because he or she is a law enforcement officer.

In deciding whether to believe a witness, you may consider that people sometimes hear or see things differently and sometimes forget things. You need to consider whether a contradiction is an innocent mis-recollection or lapse of memory or an intentional falsehood. The significance may depend on whether the testimony has to do with an important fact in the case or with an unimportant detail.

The fact that a witness has talked with a party, lawyer, or party's representative does not, of itself, reflect adversely on the testimony of the witness. A party, lawyer, or representative of a party has a right to interview a witness to learn what testimony the witness will give.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial. A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

## LIMITING INSTRUCTION

This case involves two claims: (1) a Title IX claim based on an alleged assault on March 6, 2014, and (2) a negligence claim based on two alleged assaults in April 2014.

## PARTIES IN THIS CASE

Art Briles and Ian McCaw are no longer defendants in this case. As I previously instructed you, do not to make any assumptions or inferences—positive or negative—from that fact. Your assessment of the evidence and your conclusions about Dolores Lozano's claims against Baylor University should not be affected in any way by the fact that Art Briles and Ian McCaw are not

defendants. In addition, the testimony of Art Briles and Ian McCaw and evidence pertaining to them may be considered by you just as you consider the other evidence in this case.

## II. INSTRUCTIONS ABOUT CLAIMS IN THIS CASE

## TITLE IX CLAIM

Title IX is a federal civil rights statute that says:

"No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."

Defendant Baylor University receives federal financial assistance and is therefore subject to Title IX. Plaintiff Dolores Lozano has brought a claim against Defendant Baylor University alleging that she was subjected to discrimination on the basis of sex in violation of Title IX.

To prevail on this claim, Dolores Lozano must prove the following elements by a preponderance of the evidence:

1. Baylor University maintained a policy of deliberate indifference to reports of sexual harassment occurring in the educational programs or activities of Baylor University.

    a. A policy can be an official policy or a widespread practice. A policy need not be formal or written. Rather, a policy may be demonstrated by the conduct of university officials or employees with authority to effect the policy. A policy may arise as a widespread practice, which is not formally adopted but is common and well-settled.

    b. Deliberate indifference means acting clearly unreasonably under the known circumstances.

    c. Sexual harassment can be verbal or physical. Sexual harassment includes sexual misconduct, sexual assault, domestic abuse, dating violence, and stalking.

2. Baylor University's policy created a heightened risk of sexual harassment that was known or obvious to officials or employees with authority to effect the policy.

3. The heightened risk of sexual harassment existed in a context that was subject to Baylor University's substantial control. Substantial control means that Baylor:

    a. exerted control over the context, location, or activity where the sexual harassment occurred, and

8

   b. exerted control over the harasser, which could include control exerted through policies and procedures, like disciplinary policies.

4. As a result of Baylor University's policy of deliberate indifference, Dolores Lozano suffered sexual harassment that was so severe, pervasive, and objectively offensive that it effectively deprived her of access to educational opportunities or benefits provided by Baylor University.

   Educational opportunities and benefits include but are not limited to the following:

   a. Academic Instruction

   b. Extracurricular Activities

   c. Health Services, including medical and mental health care

   d. Student Services, including advising and counseling

   e. Judicial Affairs, including student conduct policy enforcement and grievance proceedings.

## NEGLIGENCE CLAIM

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances."

"Proximate cause" means a cause that was a substantial factor in bringing about an occurrence, and without which cause such occurrences would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the occurrences, or some similar occurrences, might reasonably result therefrom.

There may be more than one proximate cause of an event, but if an act or omission of a person who is not a party to the suit was the sole proximate cause of an occurrence, then no act or omission of any party to the lawsuit could have been a proximate cause.

A new and independent cause of an injury is the act or omission of a separate and independent agent, not reasonably foreseeable, that destroys the causal connection, if any, between the act or omission inquired about and the injury in question and thereby becomes the immediate cause of such injury.

### III. STATUTE OF LIMITATIONS

You will need to determine whether Dolores Lozano filed this lawsuit within the time allowed by law. This period of time is known as the statute of limitations. A person asserting negligence or Title IX claims must file their suit within two years after the day the claim "accrues." Dolores Lozano filed this lawsuit against Baylor on October 11, 2016.

**Accrual of Title IX claim:** A Title IX claim accrues and the limitations period begins to run the moment the plaintiff becomes aware that she has suffered an injury or has sufficient information to know that she has been injured and is aware of the connection between the other party's actions and that injury. Dolores Lozano is considered to have been aware of the existence of the injury and the causal connection when the circumstances would have led a reasonable person to investigate further. Actual knowledge is not required.

**Accrual of negligence claims:** A negligence claim accrues and the limitations period begins to run the moment the plaintiff becomes aware that she has suffered an injury or has sufficient information to know that she has been injured and is aware of the connection between the other party's actions and that injury. Dolores Lozano is considered to have been aware of the existence of the injury and the causal connection when the circumstances would have led a reasonable person to investigate further. Actual knowledge is not required.

Baylor University contends that—prior to October 11, 2014—Dolores Lozano knew, or through the exercise of reasonable diligence should have known, of the existence of her injury and the connection, if any, between Baylor University's actions and her injury.

10

Dolores Lozano contends that Baylor University fraudulently concealed the existence of her claims from her until May 26, 2016, and that her claims against Baylor University were filed within two years of that date.

When a party has fraudulently concealed the facts forming the basis of the plaintiff's claim, accrual is tolled until the party learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if pursued, would lead to discovery of the concealed cause of action. Fraudulent concealment requires proof that the party knew the plaintiff was wronged, the party used deception to conceal the wrong, and the plaintiff reasonably relied on the deception.

Baylor University bears the burden of proving by a preponderance of the evidence that Dolores Lozano did not bring suit within the applicable two-year time period. Dolores Lozano bears the burden of proving that Baylor University engaged in fraudulent concealment and that, as a result, despite her exercise of due diligence, she could not discover the factual basis for her claims prior to May 26, 2016.

## IV. DAMAGES

I am now going to instruct you on damages. If you find that Baylor University is liable under Title IX and/or was negligent, then you must determine whether Baylor University has caused Dolores Lozano damages and, if so, you must determine the amount of those damages. You should not interpret the fact that I have given instructions about Dolores Lozano's damages as an indication in any way that I believe that she should, or should not, win this case. It is your task first to decide whether Baylor University is liable.

If you find that Baylor University is liable, then you must determine an amount that is fair compensation for the portion of damages caused by Baylor University. These damages are called compensatory damages. The purpose of compensatory damages is to make Dolores Lozano

whole—that is, to compensate Dolores Lozano for the damage that she has suffered. The damages that you award must be fair compensation for all of Dolores Lozano's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize Baylor University. You should not award compensatory damages for speculative injuries, but only for those injuries that Dolores Lozano has actually suffered or that Dolores Lozano is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Dolores Lozano prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

**Title IX damages:** Under Title IX, you may award damages only for losses that you find were proximately caused by Baylor University's discriminatory conduct, if any, including the loss of educational opportunities and benefits at Baylor University. Title IX damages do not include compensation for emotional distress, pain and suffering, and mental anguish. Title IX damages in this case do not include lost wages or loss of earning capacity or employment opportunities.

**Negligence damages:** Dolores Lozano's damages for negligence, if any, include expenses that may have been or in reasonable probability will be incurred because of her injury, including any compensatory damages for the physical injury, pain and suffering, and mental anguish that she alleges to have suffered because of Baylor University's wrongful conduct.

The term "mental anguish" implies a relatively high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment, or anger. The plaintiff must provide direct evidence of the nature, duration, and severity of her mental anguish, establishing a substantial

12

disruption in the plaintiff's daily routine. The damages requested must be supported by a rational reason grounded in the evidence.

Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. You may not award damages against Baylor University for an injury if another person was the sole proximate cause of that injury.

## V. DUTY TO DELIBERATE

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

**SIGNED** on October 23, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE