FILED
October 24, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____lad_____
                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DOLORES LOZANO, | § | |
| Plaintiff, | § § § | |
| v. | § § | 6:16-CV-403-RP |
| BAYLOR UNIVERSITY, | § § | |
| Defendant. | § § | |

## VERDICT FORM

### QUESTION NO. 1

For Dolores Lozano's Title IX claim, has Baylor University proven by a preponderance of the evidence that, prior to October 11, 2014, Dolores Lozano knew or should have known of her injury, if any, and the causal connection between her injury and Baylor's actions?

Answer "Yes" or "No":

Answer: __No__

If you answered "yes" to Question No. 1, then proceed to Question No. 2.

If you answered "no" to Question No. 1, then proceed to Question No. 3.

### QUESTION NO. 2

Has Dolores Lozano proven by a preponderance of the evidence that Baylor University fraudulently concealed facts forming the basis of her claims and that, despite her exercise of due diligence, she reasonably relied on that concealment and could not have discovered the factual basis for her claims prior to October 11, 2014?

Answer "Yes" or "No":

Answer: _____

If you answered "yes" to Question, No. 2, then proceed to Question No. 3.

1

If you answered "yes" to Question No. 1 and "no" to Question No. 2, then proceed to Question No. 5.

## QUESTION NO. 3

Has Dolores Lozano proven by a preponderance of the evidence that Baylor University maintained a policy of deliberate indifference to reports of sexual harassment that created a heightened risk that Dolores Lozano would be injured and thereby caused injuries to Dolores Lozano?

Answer "Yes" or "No":

Answer: __Yes__

If you answered "yes" to Question No. 3, then proceed to Question No. 4.

If you answered "no" to Question No. 3, then proceed to Question No. 5.

## QUESTION NO. 4.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff Dolores Lozano for her damages under Title IX, if any, that resulted from Baylor University's discriminatory policy?

Title IX damages include the loss, if any, of educational opportunities and benefits at Baylor University. Title IX damages do not include compensation for emotional distress, pain and suffering, and mental anguish. Title IX damages in this case do not include lost wages or loss of earning capacity or employment opportunities.

Answer in dollars and cents:

Answer: $ __0.00__

## QUESTION NO. 5

For Dolores Lozano's negligence claims, has Baylor University proven by a preponderance of the evidence that, prior to October 11, 2014, Dolores Lozano knew or should have known of her injury, if any?

Answer "Yes" or "No":

Answer: ___No___

If you answered "yes" to Question No. 5, then proceed to Question No. 6.

If you answered "no" to Question No. 5, then proceed to Question No. 7.

## QUESTION NO. 6

Has Dolores Lozano proven by a preponderance of the evidence that Baylor University fraudulently concealed facts forming the basis of her claims and that, despite her exercise of due diligence, she reasonably relied on that concealment and could not have discovered the factual basis for her claims prior to October 11, 2014?

Answer "Yes" or "No":

Answer: _____

If you answered "yes" to Question, No. 6, then proceed to Question No. 7.

If you answered "yes" to Question No. 5 and "no" to Question No. 6, then do not answer any additional questions.

## QUESTION 7

Did the negligence of Baylor University proximately cause one or more of the occurrences that resulted in Dolores Lozano's injuries, if any?

This question relates to Dolores Lozano's negligence claims arising out of the alleged occurrences in April 2014.

Answer "Yes" or "No":

3

Answer: __Yes__

If you answered "yes" to Question No. 7, then proceed to Question No. 8.

If you answered "no" to Question No. 7, then do not answer Question No. 8.

## QUESTION 8

What sum of money, if paid now in cash, would fairly and reasonably compensate Dolores Lozano for her injuries, if any, that resulted from the occurrences in question?

Dolores Lozano's damages for negligence, if any, include expenses that may have been incurred because of her injury, including any compensatory damages for the physical injury, pain and suffering, and mental anguish that she alleges to have suffered because of Baylor University's wrongful conduct.

The term "mental anguish" implies a relatively high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment, or anger. The plaintiff must provide direct evidence of the nature, duration, and severity of her mental anguish, establishing a substantial disruption in the plaintiff's daily routine. The damages requested must be supported by a rational reason grounded in the evidence.

Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. You may not award damages against Baylor University for an injury if another person was the sole proximate cause of that injury.

Answer separately, in dollar and cents, for damages, if any:

1. Physical impairment sustained in the past.

Answer: $ __$0.00__

2. Disfigurement sustained in the past.

Answer: $ __$0.00__

3. Physical pain and mental anguish sustained in the past.

4

Answer: $ __$40,000.00__

4. Physical pain and mental anguish that, in reasonable probability, Dolores Lozano will sustain in the future.

Answer: $ __$190,000.00__

5. Health care expenses that, in reasonable probability, Dolores Lozano will incur in the future.

Answer: $ __40,000.00__

**SIGNED on** _____, 2023.

PRESIDING JUROR

5