IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DOLORES LOZANO, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 6:16-CV-403-RP |
| § | |
| BAYLOR UNIVERSITY, § | |
| ART BRILES, *in his individual capacity*, and § | |
| IAN McCAW, *in his individual capacity*, § | |
| § | |
| Defendants. § | |

## ORDER

Before the Court is Plaintiff Dolores Lozano's ("Lozano") motion for judgment as a matter of law and/or motion to amend or alter jury verdict, (Dkt. 336), Defendant Baylor University's ("Baylor") response, (Dkt. 338), and Lozano's reply, (Dkt. 339). Having reviewed the record, the briefs, and the relevant law, the Court will deny Lozano's motion.

## I. BACKGROUND

Lozano was a student at Baylor University from 2010 to 2014.[1] While she was at Baylor, she was in a relationship with a Baylor football player named Devin Chafin ("Chafin"). Towards the end of their relationship, Chafin allegedly assaulted Lozano three separate times in the spring of 2014. Lozano shared what happened with Baylor coaches, employees/administrators, and a chaplain. She also sought medical and mental health care and reported what happened to the Waco Police Department. About two years later, in mid-May 2016, Lozano learned of Baylor's Title IX compliance issues and other failures from the media. Baylor also publicly released the results of an investigation conducted by Pepper Hamilton, a law firm retained by Baylor to review its Title IX

---

[1] Because the facts alleged in this case have been extensively covered in other orders, the Court provides only a brief summary in this order.

1

compliance and other related issues. The Findings of Fact outlined the specific failings of the football program and identified significant concerns about the culture of the football program relating to accountability for athlete misconduct. After learning about Baylor's failings, Lozano connected those failings to the injuries she suffered when she had been assaulted, repeatedly, by Chafin in 2014. Lozano sued Baylor in 2016, bringing Title IX claims and state law claims for negligence. (Dkt. 1). In 2018, Lozano added Briles and McCaw to the lawsuit, bringing negligence claims against them. (2d Am. Compl., Dkt. 50).

This case proceeded to a jury trial in October 2023. (*See* Minute Entry, Dkt. 303). After Lozano's case-in-chief, the Court granted Briles and McCaw's motions for judgment as a matter of law, dismissing Briles and McCaw from the case. (Dkts. 314, 318). The trial continued only as to Baylor. On October 24, 2023, the jury returned a verdict that, among other findings, found that Lozano had proven by a preponderance of the evidence that Baylor maintained a policy of deliberate indifference to reports of sexual harassment that created a heightened risk that Lozano would be injured and thereby caused injuries to Lozano. (Verdict, Dkt. 330, at 2). The next question asked the jury what sum of money, if any, if paid now in cash, would fairly and reasonably compensate Lozano for her damages under Title IX, if any, that resulted from Baylor's discriminatory policy. (*Id.*). The question stated that Title IX damages included the loss, if any, of educational opportunities and benefits at Baylor and did not include compensation for emotional distress, pain and suffering, and mental anguish nor lost wages, loss of earning capacity, or employment opportunities. (*Id.*). The jury

awarded Lozano no Title IX damages. (*Id.*). This portion of the verdict form is presented below:

### QUESTION NO. 3

Has Dolores Lozano proven by a preponderance of the evidence that Baylor University maintained a policy of deliberate indifference to reports of sexual harassment that created a heightened risk that Dolores Lozano would be injured and thereby caused injuries to Dolores Lozano?

Answer "Yes" or "No":

Answer: __Yes__

If you answered "yes" to Question No. 3, then proceed to Question No. 4.

If you answered "no" to Question No. 3, then proceed to Question No. 5.

### QUESTION NO. 4.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff Dolores Lozano for her damages under Title IX, if any, that resulted from Baylor University's discriminatory policy?

Title IX damages include the loss, if any, of educational opportunities and benefits at Baylor University. Title IX damages do not include compensation for emotional distress, pain and suffering, and mental anguish. Title IX damages in this case do not include lost wages or loss of earning capacity or employment opportunities.

Answer in dollars and cents:

Answer: $ __0.00__

In her motion, Lozano claims that the answers to those two questions are inconsistent and asks the Court to award nominal damages on her Title IX claim to reconcile the inconsistency.

## II. LEGAL STANDARD

"A motion for judgment as a matter of law . . . in an action tried by jury is a challenge to the legal sufficiency of the evidence supporting the jury's verdict." *Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014) (quoting *SMI Owen Steel Co. v. Marsh USA, Inc.*, 520 F.3d 432, 437 (5th Cir. 2008) (per curiam) (citation and internal quotation marks omitted)). Under Rule 50(b) "[a] motion for judgment as a matter of law should be granted if there is no legally sufficient evidentiary basis for a reasonable jury to find for a party." *Id.* (citation and internal quotation marks omitted). At this stage, a court's "review of a jury's verdict is 'especially deferential.'" *OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, 841 F.3d 669, 675 (5th Cir. 2016) (quoting *SMI Owen Steel Co.*, 520 F.3d at 437). The court "view[s] the entire record in the light most favorable to the non-movant, drawing all factual inferences in favor of the non-moving party, and 'leaving credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts to the jury.'" *Aetna Casualty & Surety Co. v. Pendleton Detectives of Mississippi, Inc.*, 182 F.3d 376, 378 (5th Cir. 1999) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1300 (5th Cir. 1994)). The court may grant a motion for JMOL "[o]nly when the facts and reasonable inferences are such that a reasonable juror could not reach a contrary verdict." *Baltazor v. Holmes*, 162 F.3d 368, 373 (5th Cir. 1998). "If reasonable persons could differ in their interpretation of the evidence, the motion should be denied." *Id.* On a motion to amend or alter the verdict, special deference is given to the jury's verdict. *See McClaren v. Morrison Mgm. Specialists, Inc.*, 420 F.3d 457, 461 (5th Cir. 2005); *Mississippi Chem. Corp. v. Dresser–Rand Co.*, 287 F.3d 359, 365 (5th Cir. 2002).

## III. DISCUSSION

Lozano argues she is entitled to an award of nominal damages as a matter of law for three reasons: (1) this Court is required to award nominal damages when a defendant is found to have caused a violation of a plaintiff's civil rights; (2) Baylor was found to have violated her civil rights

under Title IX; and (3) the jury found that Baylor caused her Title IX injuries. Lozano relies on *Carey v. Piphus*, 435 U.S. 247, 266–67 (1978), for the proposition that a plaintiff is entitled to an award of nominal damages for the violation of her civil rights, even when there is no injury. Quoting *Farrar v. Hobby*, 506 U.S. 103, 112 (1992), Lozano argues that "*Carey* obligates court to award nominal damages when a plaintiff establishes a violation of his right … but cannot prove actual injury." While admitting that the "universe of civil rights violations for which nominal damages is appropriate is not well defined," Lozano contends that because plaintiffs who brought Title VII claims were awarded nominal damages, she likewise can be awarded nominal damages for her Title IX claim. (JMOL Mot., Dkt. 336, at 5) (quoting *David v. Signal International, LLC.*, No. 08-1220, 2015 WL 5254625 (E.D. La. Sept. 9, 2015)). Citing an unpublished Eastern District of Louisiana decision, Lozano says "[i]t is of no moment that neither party raises the issue of nominal damages during trial or requests a jury instruction on nominal damages; rather because plaintiffs are entitled to such damages as a matter of law, courts should simply enter judgment accordingly." (*Id.* at 4) (citing *David v. Signal International, LLC.*, No. 08-1220, 2015 WL 5254625 (E.D. La. Sept. 9, 2015)).

Lozano also asserts that reading the Title IX jury instructions and Question 3 together, the "jury found that Baylor's policy caused Lozano injuries." (*Id.* at 7). The jury was instructed that Lozano was required to prove that Baylor's policy caused her to suffer sexual harassment that "was so severe, pervasive, and objectively offensive that it effectively deprived her of access to educational opportunities or benefits." (Jury Charge, Dkt. 321, at 9). Lozano concludes that injury and causation were "built into the question" and that Baylor's policy caused her injuries. (JMOL Mot., Dkt. 336, at 7). According to Lozano, the jury simply did not "quantify" Lozano's injuries in dollars and cents. (*Id.*).

The Court finds that Lozano is not entitled to nominal damages. First, Lozano concedes she did not plead nominal damages. (*See id.* at 4). At no point in her amended complaint did Lozano

5

request nominal damages or anything like nominal damages, (*see* Am. Compl., Dkt. 50), and she has not shown that she is entitled to the nominal damages she failed to request. Second, Lozano did not ask to include jury instructions on nominal damages, nor did she ask for a question on nominal damages. Third, when the verdict was returned, Lozano became aware of the alleged conflict between the answers to Questions 3 and 4 and did not object or otherwise raise the issue with the Court before the trial was adjourned. Finally, given the lack of precedential guidance provided by Lozano, the Court will not alter the jury verdict in a post-*Cummings*[2] Title IX case where nominal damages were not plead, addressed to the jury, or the subject of an objection. *See McClaren v. Morrison Mgm. Specialists, Inc.*, 420 F.3d 457, 461 (5th Cir. 2005) ("[S]pecial deference is given to the jury's verdict.").

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Lozano's Motion for Judgment as a Matter of Law and/or Motion to Amend or Alter Jury Verdict is **DENIED**.

**SIGNED** on February 16, 2024.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[2] *Cummings v. Premier Rehab Keller*, 596 U.S. 212 (2022).