IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DOLORES LOZANO, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 6:16-CV-403-RP |
| BAYLOR UNIVERSITY,<br>ART BRILES, *in his individual capacity*, and<br>IAN McCAW, *in his individual capacity*, | § § § § § § | |
| Defendants. | § § | |

**FINAL JUDGMENT**

On October 24, 2023, after a six-day jury trial, the jury in this case returned a verdict on two claims asserted by Plaintiff Dolores Lozano ("Lozano") against Defendant Baylor University ("Baylor"). See Verdict, Dkt. 330.

On Lozano's Title IX claim, the jury returned a verdict that found that Lozano had proven by a preponderance of the evidence that "Baylor maintained a policy of deliberate indifference to reports of sexual harassment that created a heightened risk that Lozano would be injured and thereby caused injuries to Lozano." Id. at 2 (Question No. 3). The jury awarded $0.00 in Title IX damages to Lozano. Id. at p. 2 (Question No. 4); see also Dkt. 341.

On Lozano's negligence claim, the jury returned a verdict that "the negligence of Baylor University proximately cause[d] one or more of the occurrences that resulted in Dolores Lozano's injuries, if any." Verdict, Dkt. 330 at 3-4. (Question No. 7). The jury awarded Lozano $270,000.00 in damages, consisting of: (1) $0.00 for physical impairment sustained in the past; (2) $0.00 for disfigurement sustained in the past; (3) $40,000.00 for physical pain and mental anguish sustained in the past; (4) $190,000.00 for physical pain and mental anguish that, in reasonable probability, Lozano will sustain in the future; and (5) $40,000.00 for health care expenses that, in reasonable probability,

1

Lozano will incur in the future. Id. at. 4–5 (Question No. 8).

In addition, after the conclusion of Lozano's case in chief and before the case was submitted to the jury, the Court granted: (i) Defendant Art Briles's and Defendant Ian McCaw's motions for judgment as a matter of law as to all of Lozano's claims against them (thereby dismissing them from the case) and (ii) Baylor's motion for judgment as a matter of law as to Lozano's gross negligence claim (thereby dismissing that claim as to Baylor). See Dkts. 314, 316, 318, 340.

Further, prior to trial, the Court: (i) granted summary judgment for Baylor on Lozano's negligence and negligent supervision and training claims related to the occurrence on March 6, 2014 (Dkt. 240) and (ii) dismissed Lozano's post-assault reporting claims under Title IX against Baylor (Dkt. 96 at 5–7).

Finding nothing left to resolve, the Court renders this final judgment pursuant to Federal Rule of Civil Procedure 58.

**IT IS ORDERED** that judgment is entered in favor of Briles and McCaw on all Lozano's claims against them and that Lozano take nothing on her claims against them.

**IT IS FURTHER ORDERED** that judgment is entered in favor of Lozano and against Baylor based on the jury's finding as to the negligence claim and that Lozano is awarded $270,000.00 in compensatory damages.

**IT IS FURTHER ORDERED** that judgment is entered in favor of Lozano and against Baylor based on the jury's finding as to the Title IX claim and that Lozano is awarded $0.00.

**IT IS FURTHER ORDERED** that any motion for attorney's fees and bill of costs, if any, shall be filed, with supporting documentation, no later than 14 days after the entry of final judgment, pursuant to Local Rules CV-7 and CV-54(a).

**IT IS FURTHER ORDERED** that post-judgment interest at the applicable rate shall begin accruing on the date of entry of judgment and will run until the judgment is paid.

**IT IS FURTHER ORDERED** that, as provided by Texas Finance Code § 304.102-104 and § 304.003(c), prejudgment interest shall accrue on the jury's award of $40,000 for past damages tied to Lozano's negligence claim. Such prejudgment interest shall be computed as simple interest using the greater of the prime rate as established by the Board of Governors of the Federal Reserve System as of the date of this judgment or five percent a year, for the period of October 11, 2016, the date this lawsuit was filed, to the date this judgment is entered.

**IT IS FURTHER ORDERED** that any relief requested by any party not expressly granted is **DENIED**.

**IT IS FINALLY ORDERED** that this action is **CLOSED**.

**SIGNED** on March 28, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE